**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006 Telephone
(973) 538-5146 Facsimile
-and-
156 West 56th St.
New York, NY 10019
Warren J. Martin Jr.
Mark J. Politan
Kelly D. Curtin

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X

In re:

      Soundview Elite, Ltd., *et al.,*

                   Debtors.[1]

------------------------------------------------------------ X

Case No. 13-13098 (REG)
(Joint Administration Pending)

**DECLARATION OF RICHARD THOMAS WILLIAM ANNETTE IN SUPPORT OF MOTION FOR AN ORDER IMPOSING SANCTIONS AGAINST CITCO GLOBAL CUSTODY (N.A.) N.V., DEBORAH HICKS MIDANEK, THE SOLON GROUP, INC., OPTIMA ABSOLUTE RETURN FUND, LTD., RICHCOURT ALLWEATHER FUND, INC., AMERICA ALTERNATIVE INVESTMENTS, LTD. FOR CONTEMPT OF  THE AUTOMATIC STAY IN CONNECTION WITH THEIR CONTINUED PROSECUTION OF FOREIGN LIQUIDATION PROCEEDINGS FOLLOWING ENTRY AND CLEAR NOTICE OF THE AUTOMATIC STAY HEREIN**

RICHARD THOMAS WILLIAM ANNETTE, being duly sworn, deposes and says:

      1.      I am Senior Counsel with the law firm of Stuarts Walker Hersant, Attorneys-at-Law ("Stuarts"). Stuarts was instructed as Cayman Islands counsel for the Debtors in opposition to the Winding Up petitions heard before the Cayman Islands Court on September 24, 2013.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Soundview Elite, Ltd. (9469), (ii) Soundview Premium, Ltd. (9535); (iii) Soundview Star, Ltd. (0416); (iv) Elite Designated (9735); (v) Star Designated (9713); and (vi) Premium Designated (9730).

2552469

2.      I submit this declaration in support of the Debtors' Motion[2] for entry of an order imposing sanctions for contempt of the automatic stay in connection with the continued prosecution on September 24, 2013 by the Contempt Parties of Winding Up proceedings following entry and clear notice of the automatic stay.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge and my review of relevant documents.

4.      The Debtors are "Exempted Companies" under the Cayman Island Companies Law.  "Exempted Companies" refers to companies that are required to conduct their business and operations mainly outside of the Cayman Islands.

5.      On August 14, 2013, "Winding Up" petitions were filed in the Grand Court of the Cayman Islands (the "Cayman Islands Court") against Elite Designated, Premium Designated, and Star Designated, (collectively, the "SPV Debtors")[3] and Soundview Elite, Ltd.  The Winding Up petitions against Elite Designated and Premium Designated were issued by Optima Absolute Return Fund, Ltd. ("Optima").   The Winding Up petition against Soundview Elite, Ltd was issued by Richcourt Allweather Fund, Inc., ("Richcourt") and the Winding Up petition against Star Designated was issued by America Alternative Investments, Ltd. ("America").   The Winding Up petitions sought the appointment of joint liquidators, Kenneth Krys and Margot MacInnis, both of P.O. Box 10663, Grand Cayman KY1-1008 (the "Proposed SPV Liquidators").   The Winding Up proceedings were each supported and verified by an affidavit

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.
[3] With respect to Elite Designated, Premium Designated or Star Designated, the Debtors do not admit that the "Winding Up" petitions disclose a debt presently payable by those entities and fully reserve their rights.

2

sworn by Deborah Hicks Midanek[4] ("Midanek") of the Solon Group, Inc. on behalf of Optima,

Richcourt and America (hereinafter referred to as the "SPV Petitioners").

6.    Likewise, on August 20, 2013, "Winding Up" petitions were filed in the Cayman

Islands Court against Soundview Elite, Ltd.,  Soundview Premium, Ltd., and Soundview Star,

Ltd., (collectively, the "Limited Debtors") by Citco Global Custody (N.A.) N.V., of De

Ruyterkade 62, P.O. Box 707, Curacao, Netherlands Antilles ("Citco"), seeking the appointment

of joint liquidators, Matthew Wright and Peter Anderson of RHSW (Cayman) Limited, P.O. Box

897, Windward 1, Regatta Office Park, Grand Cayman KY1-1103, Cayman Islands (the "Joint

Liquidators," and together with the Proposed SPV Liquidators, the "Liquidators").

7.    On September 24, 2013, my office appeared at the Cayman Islands Court in

connection with a hearing that had been previously scheduled to consider the entry of relief on

the Winding Up petitions described in paragraphs 5 and 6, above.  Mr. Anthony Akiwumi, the

Head of Litigation at Stuarts Walker Hersant appeared at that hearing on behalf of the Debtors

and advised all parties of the first-filed bankruptcy petitions of the Debtors.  I was present in

Court as well.

8.    Annexed hereto as **Exhibit A** is a copy of the Affidavit of Warren J. Martin Jr.,

with attachments, that was submitted to the Cayman Islands Court regarding the bankruptcy

filing of Soundview Elite, Ltd.  I circulated by e-mail to Counsel for all parties the **Exhibit "A"**

Affidavit as well as five virtually identical affidavits with attachments: one for each of the other

Debtors.

9.    Attached hereto as **Exhibit B** is the Third Affidavit of Georgie Linford, an

employee of Giglioli & Company, the attorneys for the SPV Petitioners, which was also

---

[4] I am advised by Porzio, Bromberg & Newman, P.C., that there is a dispute as to the status, capacity and authority
of  Solon Group, Inc, acting through Deborah Hicks Midanek, to act as a director of the SPV Petitioners.

2552469

submitted to the Cayman Islands Court that day and circulated among the parties. That affidavit contains an e-mail stated to be from a U.S. attorney to Counsel for the SPV Petitioners. The email confirms the filing of these Chapter 11 Cases and expressly advises, amongst other things, that "the US Bankruptcy Code automatically stays all actions to take [*sic*] recover on a claim or to exercise control over property of the bankruptcy estate, and similar action…".

10.    A Winding Up proceeding under the Cayman Islands Companies Law is a proceeding seeking recovery on a claim, and further seeking to exercise control (indeed, subject to the supervision of the Cayman Islands Court, total control) over property of the bankruptcy estate.    Annexed hereto as **Exhibit C** is a copy of the Cayman Islands Court's Winding Up Order together with a three page excerpt I have added from the Cayman Islands Companies Law.

11.    As a quick perusal of **Exhibit C** will reveal, without further elaboration from me, Citco obtained a Winding Up Order against the Limited Debtors. That was after Citco's Counsel was notified of advice from US attorneys presumably acting on behalf the SPV Petitioners that the U.S. Bankruptcy petitions barred "actions to take [*sic*] recover on a claim or to exercise control over property of the bankruptcy estate, and similar action… ."

12.    Notwithstanding the aforementioned affidavits and correspondence before the Cayman Islands Court, and clear proof of the first-filed Chapter 11 petitions, Citco continued prosecuting its petition to place the Limited Debtors into liquidation and appoint the Joint Liquidators, and the SPV Petitioners continued to seek that directions (*i.e.*, principally a timetable for the proceedings) be set by the Cayman Islands Court for the further prosecution of the Winding Up petitions they had filed.

13.    As a result, and as evidenced by **Exhibit C,** the Cayman Islands Court entered the requested relief, placing the Limited Debtors into liquidation and appointing the Joint

4

Liquidators proposed by Citco, Matthew Wright and Peter Anderson.  Separately, the Cayman

Islands Court deferred its determination as to the SPV Debtors and the Proposed SPV

Liquidators, pending further directions to be set by the Cayman Islands Court.

14.    Annexed hereto as **Exhibit D** are the June 3, 2013, affidavits of Mathew Wright

and Peter Anderson filed with the Cayman Court on August 20, 2013, in connection with the

filing of Citco's Winding Up Petitions.

15.    Annexed hereto as **Exhibit E** is the first page of an Affidavit of Deborah Hicks

Midanek, filed with the Cayman Islands Court, representing that she was authorized by Solon

Group, Inc. to file the Affidavit.

2552469

I hereby declare under penalty of perjury that the foregoing statements made by me, consisting of fifteen (15) numbered paragraphs, are true.

Dated: September 30, 2013                              /s/ Richard Thomas William Annette
                                                      Richard Thomas William Annette

2552469

# EXHIBIT A

Respondent:

Warren J. Martin Jr.

Exhibit "WJMJ 1"

24 September 2013

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO: 91 of 2013

IN THE MATTER OF THE COMPANIES LAW (2012 REVISION)
AND IN THE MATTER OF SOUNDVIEW ELITE LTD.

---

AFFIDAVIT OF WARREN J. MARTIN Jr.

---

I, **WARREN J. MARTIN JR.**, an attorney of Porzio Bromberg & Newman P.C., 100 Southgate Parkway P.O. Box 1997, Morristown, NJ 07962-1997, U.S.A. being duly sworn **MAKE OATH** and say as follows:

1. I am a Principal of Porzio Bromberg & Newman P.C., a US firm of attorneys which has been formally engaged and instructed by Soundview Elite Ltd. ("**the Company**") to advise it in connection with the Company's commencement of a case under Chapter 11 of the United States Bankruptcy Code. I am duly authorized by the Company to make this affidavit on its behalf.

2. I make this affirmation in connection with the winding up petition that has been presented against the Company, in support of the Company's application for an adjournment of the said petition, so that more detailed evidence may be prepared and filed before the Grand Court.

2547114

3. Nothing in this affidavit is intended to waive privilege in respect of any matter referred to and privilege is not being waived.

4. On 24 September 2013, a Chapter 11 Bankruptcy Petition was filed for the Company before the United States Bankruptcy Court for the Southern District of New York. The Chapter 11 Petition, officially stamped as docketed with the Court is now produced and shown to me marked Exhibit "WJMJ 1". The matters concerning this bankruptcy filing are within my own knowledge and are true or have been derived from information supplied to me in my capacity as Counsel for the Company in which case they are true to the best of my knowledge, information and belief. I have been concerned in the matters giving rise the Chapter 11 bankruptcy proceedings and have the requisite knowledge of matters referred to therein by virtue of my position as US Counsel for the Company and my ongoing involvement in this matter.

5. I make this affidavit in order to verify and confirm that Chapter 11 bankruptcy proceedings in respect of the Company have been commenced in the USA on 24 September 2013. Although denominated a "Petition", I note that pursuant to U.S. law, a bankruptcy petition is self-executing, constitutes an "Order for Relief" and immediately triggers an "automatic stay" of all proceedings against the Debtor. *See* 11 U.S.C. §§301(b) and 362. If this Court is minded to grant the adjournment of the petition the Company intends to prepare further detailed evidence concerning the Chapter 11 proceeding and the automatic stay and its plan for working towards a distribution to the Company's creditors and investors from its assets which are all located in the USA.

6. I further confirm that the only significant and known cash assets of the Company (which are located in Delaware) have been frozen pursuant to an Order of the Delaware Court following interpleader proceedings commenced by the Wilmington Trust who previously had custody and control of the Company's cash funds. I am informed by the board of directors of the Company and believe, that all other assets of the Company are illiquid. In all the circumstances, there is no risk that there will

2547114

be any dissipation of the Company's assets if the Court is minded to grant the adjournment sought by the Company.


Sworn this  24th  day of September 2013
at                                                              )
                                                               )
before me:                                                     )
.................................................
Notary Public

Warren J. Martin Jr.

SHEILA A. KELLY
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES SEPTEMBER 4, 2014


This Affidavit was filed by Loeb Smith & Brady whose address for service is Building B3, Trinity Square, P.O. 31493, George Town, Grand Cayman KY1-1206, Cayman Islands


2547114

**From:** nysbinfo@nysb.uscourts.gov [mailto:nysbinfo@nysb.uscourts.gov]
**Sent:** Tuesday, September 24, 2013 11:43 AM
**To:** courtmail@nysb.uscourts.gov
**Subject:** 13-13098 Voluntary Petition (Chapter 11)


***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Southern District of New York**

Notice of Bankruptcy Case Filing

The following transaction was received from Mark J. Politan entered on 9/24/2013 at 11:42 AM and filed on 9/24/2013

**Case Name:**      Soundview Elite Ltd.
**Case Number:**    13-13098
**Document Number:** 1

**Docket Text:**
Voluntary Petition (Chapter 11). Order for Relief Entered. Schedule A due 10/8/2013. Schedule B due 10/8/2013. Schedule D due 10/8/2013. Schedule E due 10/8/2013. Schedule F due 10/8/2013. Schedule G due 10/8/2013. Schedule H due 10/8/2013. Summary of schedules - Page 1 due 10/8/2013. Statement of Financial Affairs due 10/8/2013. Atty Disclosure State. due 10/8/2013. Employee Income Record Due: 10/8/2013. Incomplete Filings due by 10/8/2013, Chapter 11 Plan due by 1/22/2014, Disclosure Statement due by 1/22/2014, Initial Case Conference due by 10/24/2013, Filed by Mark J. Politan of Porzio, Bromberg & Newman, PC on behalf of Soundview Elite Ltd.. (Politan, Mark)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ECF\Soundview Elite Ltd\Petition.PDF
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=842906028 [Date=9/24/2013] [FileNumber=12976391-0]
[b63fee40c7b8be0f76713204b27379f828bfdef4d5703da09e911ac24ada637ea932
08b9808245846095877aa484204df679d3823d270ccdca601debde77c3f8]]

1

**13-13098 Notice will be electronically mailed to:**

Mark J. Politan on behalf of Debtor Soundview Elite Ltd.
mjpolitan@pbnlaw.com, mpdermatis@pbnlaw.com;mdlaskowski@pbnlaw.com

**13-13098 Notice will not be electronically mailed to:**

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10004

# EXHIBIT B

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO'S: 91, 106, 107, 108 AND 109 OF 2013 ASCJ

IN THE MATTER OF THE COMPANIES LAW (2012 REVISION)

AND IN THE MATTER OF SOUNDVIEW ELITE LTD.
AND IN THE MATTER OF PREMIUM DESIGNATED
AND IN THE MATTER OF ELITE DESIGNATED
AND IN THE MATTER OF STAR DESIGNATED
AND IN THE MATTER OF NEW WAVE FUND SPC

("the Company")



THIRD AFFIDAVIT OF GEORGIE LINFORD

I, Georgie Linford, of 4th Floor Kirk House, George Town, Grand Cayman being duly sworn make oath and say as follows: -

1.    I am employed by Giglioli & Company.  The facts to which I depose in this affidavit are based on my review of the files kept by Giglioli & Company in its ordinary course of business in connection with this matter.

2.    There is now produced and shown to be marked Exhibit "GL 3" a document to which I refer in this affidavit.

3.    Page 1 is a copy of an email received from Mrs. Sara Chenetz in response to Mr. Giglioli sending her a copy of the documents e-mailed to him by Stuarts this morning.

Sworn this 24th day of September 2013    )
at George Town, Grand Cayman              )
before me:                                )
                                          )
      Devon Gow                           )
      JUSTICE OF THE PEACE                )
      CAYMAN ISLANDS                      )
                                          )
_____                      _____
Justice of the Peace                         Georgie Linford

This affidavit was filed by Giglioli & Company whose address for service is 4F Kirk House, PO Box 2505, George Town, Grand Cayman KY1-1104, CAYMAN ISLANDS

**IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION**

**CAUSE NO'S: 91, 106, 107, 108 AND 109 OF 2013 ASCJ**

**IN THE MATTER OF THE COMPANIES LAW (2012 REVISION)**

**AND IN THE MATTER OF SOUNDVIEW ELITE LTD.
AND IN THE MATTER OF PREMIUM DESIGNATED
AND IN THE MATTER OF ELITE DESIGNATED
AND IN THE MATTER OF STAR DESIGNATED
AND IN THE MATTER OF NEW WAVE FUND SPC**

This is Exhibit "GL 3"
Referred to in the affidavit of
GEORGIE LINFORD
Sworn to before:

Devon Gow
JUSTICE OF THE PEACE
CAYMAN ISLANDS

JUSTICE OF THE PEACE

## Giglioli & Company

| | |
|---|---|
| From: | Chenetz, Sara L. (Perkins Coie) <SChenetz@perkinscoie.com> |
| Sent: | Tuesday, September 24, 2013 1:08 PM |
| To: | Giglioli & Company |
| Cc: | Deborah Hicks Midanek |
| Subject: | RE: Soundview and Designated Entities Petitions - VERY URGENT |

In the event it is meaningful, the first petition was filed at 11:46:51 Eastern Time today.

**From:** Chenetz, Sara L. (Perkins Coie)
**Sent:** Tuesday, September 24, 2013 11:01 AM
**To:** 'Giglioli & Company'
**Cc:** 'Deborah Hicks Midanek'
**Subject:** RE: Soundview and Designated Entities Petitions - VERY URGENT

Only bare-bone petitions have been filed for each entity. The address listed for the debtors is 48 Wall Street. The petitions are signed by Floyd Saunders. The petitions do not comply with applicable rules in a variety of ways and there are multiple reasons to seek to have these US bankruptcy cases dismissed, even though the US bankruptcy court may have jurisdiction under the US Bankruptcy Code, because assets of the debtors are in the US. With limited exceptions, the US Bankruptcy Code automatically stays all actions to take recover on a claim or to exercise control over property of the bankruptcy estate, and similar action. Perhaps an argument could be made that the Cayman proceeding are not within the scope of this automatic stay. To analyze that, I better need to understand the scope and nature of the pending Cayman proceedings. Also, the automatic stay does not apply to the commencement or continuation of an investigation or action by a securities self-regulatory organization to enforce its regulatory powers, or the enforcement of an order or decision, other than for monetary sanctions, obtained in an action by such an entity to enforce its regulatory power. With this, the thought comes to mind that if Solon cannot proceed, at the moment, perhaps CIMA can.

I had an doctor's appointment this morning. Sorry I couldn't respond quicker.

**From:** Giglioli & Company [mailto:office@studiogiglioli.com]
**Sent:** Tuesday, September 24, 2013 9:27 AM
**To:** Chenetz, Sara L. (Perkins Coie)
**Subject:** FW: Soundview and Designated Entities Petitions - VERY URGENT

Dear Sara

Please refer to the attached.

Kind Regards.

**Georgie Linford**
Secretary to G. Giglioli

4F Kirk House, Pauton Place
PO Box 2505
Grand Cayman KY1-1104
CAYMAN ISLANDS

.el no. (345) 949 0999
Fax no. (345) 949 4093

1

1

# EXHIBIT C

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 111 of 2013 (ASCJ)
CAUSE NO. FSD 112 of 2013 (ASCJ)
CAUSE NO. FSD 113 of 2013 (ASCJ)

IN THE MATTER OF the Companies Law (2012 Revision) as amended

IN THE MATTER OF SOUNDVIEW PREMIUM LIMITED
IN THE MATTER OF SOUNDVIEW STAR LIMITED
AND
IN THE MATTER OF SOUNDVIEW ELITE LIMITED

Before The Hon. Mr. Justice Smellie, Chief Justice
In Open Court
24th September 2013



## WINDING UP ORDER

UPON hearing counsel for Citco Global Custody (NA) NV upon its petition dated 20 August 2013 for an order that Soundview Premium Limited, Soundview Star Limited and Soundview Elite Limited (the "Companies") be wound up.

AND UPON hearing counsel for the Companies and the Cayman Islands Monetary Authority.

AND UPON reading the affidavit of Nicholas James Braham sworn on 20 August 2013 verifying the petition and the affidavits of Matthew Wright and Peter Anderson consenting to act as Joint Official Liquidators of the Companies, sworn on 20 August 2013 and 2 June 2013 respectively.

IT IS ORDERED that:-

1.  The Companies be wound up in accordance with the Companies Law (2012 Revision).

2.  Matthew Wright and Peter Anderson of RHSW (Cayman) Limited, PO Box 897, Windward 1, Regatta Office Park, Grand Cayman KY1-1103, Cayman Islands be appointed as Joint Official Liquidators of the Companies with power to act jointly and severally (the "Official Liquidators"). The Official Liquidators shall not be required to give security for their appointment.

3.  In addition to  their powers prescribed in Part II of the Third Schedule to the Companies Law, which are exercisable without sanction of this Court, the Official Liquidators may also without further sanction or intervention from this Court:

    (a) exercise the powers set out in Part I of the Third Schedule to the Companies Law; and

    (b) take any such action as may be necessary or desirable to obtain the recognition
        of their appointment in any other relevant jurisdictions and to make
        applications to the courts of such jurisdictions for that purpose,
        and for the avoidance of doubt the powers bestowed on the Official Liquidators
        may be exercised by them within and outside the Cayman Islands.

4.   The costs of the Petitioner of and incidental to the Petition be paid forthwith from
     the assets of the Companies, to be taxed on the indemnity basis if not agreed.

Dated the 24th day of September 2013
Filed the 25 day of September 2013

The Honourable Mr Justice Smellie, Chief Justice
JUDGE OF THE GRAND COURT



This Order was filed by Smeets Law (Cayman), Attorneys-at-Law for the Petitioner, whose address for
service is Suite 2206, Cassia Court, 72 Market Street, Camana Bay, PO Box 32302, Grand Cayman KT1-
1209, Cayman Islands.

*Companies Law (2012 Revision)*

(d)    a deposit which is a client account, and which is designated as such, shall be treated as a separate deposit, made by the client of the depositor, of amounts corresponding to the amount to which such client is entitled; and

(e)    the amount of each eligible deposit shall be reduced by the amount of any liability of the depositor to the bank in respect of which a right of set-off existed at the date of the presentation of the petition for the winding up of the bank, or the commencement of the voluntary winding up of the bank.

Category 3: Taxes due to the Government

2011 Revision

1.    Sums due in respect of duty and penalties payable under the Customs Law (2011 Revision).

2.    Sums due in respect of fees payable under this Law.

2011 Revisions

3.    Sums due in respect of duty and penalties payable under the Stamp Duty Law (2011 Revision).

4.    Sums due in respect of licence fees payable under the regulatory laws.

2003 Revision

5.    Sums due in respect of taxes payable under the Tourist Accommodation (Taxation) Law (2003 Revision).

## SCHEDULE 3

### Powers of Liquidators

Section 110

### Part I

### Powers exercisable with sanction

1.    Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

2.    Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

3.    Power to dispose of any property of the company to a person who is or was related to the company.

158

*Companies Law (2012 Revision)*

4.    Power to pay any class of creditors in full.

5.    Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

6.    Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

7.    Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

8.    The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

9.    The power to raise or borrow money and grant securities therefor over the property of the company.

10.    The power to engage staff (whether or not as employees of the company) to assist him in the performance of his functions.

11.    The power to engage attorneys and other professionally qualified persons to assist him in the performance of his functions.

## Part II

### Powers exercisable without sanction

1.    The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as he considers necessary.

2.    The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

3.    The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive

159

*Companies Law (2012 Revision)*

dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

4.    The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

5.    The power to promote a scheme of arrangement pursuant to section 86.

6.    The power to convene meetings of creditors and contributories.

7.    The power to do all other things incidental to the exercise of his powers.

## SCHEDULE 4

section 40B

## APPROVED STOCK EXCHANGES

The following are approved stock exchanges -

| | | |
|---|---|---|
| American Stock Exchange (AMEX) | Frankfurt Stock Exchange | New Zealand Stock Exchange |
| Athens Stock Exchange | Fukoka Stock Exchange | OMX Nordic Exchange |
| Australian Securities Exchange | The Gretai Securities Market of Taiwan | Osaka Securities Exchange |
| Barcelona Stock Exchange | Hamburg and Hannover Stock Exchange | Oslo Stock Exchange |
| Berlin Stock Exchange | Hong Kong Stock Exchange (including the Growth Enterprise Market) | Philadelphia Stock Exchange |
| Bermuda Stock Exchange | International Securities Exchange | Rio de Janeiro Stock Exchange |
| Bilbao Stock Exchange | Irish Stock Exchange | Sao Paulo Stock Exchange (Bovespa) |

160

# EXHIBIT D

Matthew Wright
Affidavit 1st
Date Sworn: 3rd June 2013

# IN THE GRAND COURT OF THE CAYMAN ISLANDS

## FINANCIAL SERVICES DIVISION

FSD NO *JJJ*    Of 2013 (*A J J*)

## IN THE MATTER OF THE COMPANIES LAW (2012 REVISION)

## AND IN THE MATTER OF SOUNDVIEW PREMIUM LIMITED



_____

## FIRST AFFIDAVIT OF MATTHEW WRIGHT

_____

MATTHEW WRIGHT of Windward 1, Regatta Office Park, Grand Cayman, PO Box 897, KY1-1103, Accountant, **MAKE OATH AND SAY** as follows:

1.      I am a Director of RHSW (Cayman) Limited in the Cayman Islands.

2.      I make this affidavit in connection with the Petition of Citco Global Custody (N.A.) N.V. (the **"Petitioner"**) for the appointment of myself and Peter D. Anderson as official liquidators of SOUNDVIEW PREMIUM LIMITED (the **"Company"**), pursuant to s.92(d) of the Companies Law (2012 Revision) (the **"Law"**).

3.      I have read the draft Petition which I understand is to be presented to the Court once a judge has been assigned and a date for the hearing endorsed on it.

4.      In compliance with O.3 r4.4(1) and of the Companies Winding Up Rules 2008 (as amended), I confirm to this Honourable Court that:

a.    I am a qualified insolvency practitioner and meet the Professional Qualification requirement prescribed by Regulation 4 of the Insolvency Practitioner's Regulations;

b.    I meet the residency requirement contained in Regulation 5 of the Insolvency Practitioners Regulations;

c.    Having made due enquiry, I believe that I meet the independence requirement contained in Regulation 6 of the Insolvency Practitioners Regulations;

d.    I am in compliance with the insurance requirement contained in Regulation 7 of the Insolvency Practitioners Regulations; and

e.    I am willing to act as official liquidator, if so appointed by the Court.

| | |
|---|---|
| **SWORN** by the within-named )<br>**MATTHEW WRIGHT** this )<br>3ʳᵈ day of June 2013 )<br>at George Town, Grand Cayman )<br> )<br>**BEFORE ME:** )<br> )<br> )<br>────────────────── )<br>NOTARY PUBLIC/ C̶O̶M̶M̶I̶S̶S̶I̶O̶N̶E̶R̶ ̶F̶O̶R̶<br>O̶A̶T̶H̶S̶ | ──────────────────<br>**MATTHEW WRIGHT** |

PAMELA E. MYRIE
NOTARY PUBLIC
IN AND FOR THE CAYMAN ISLANDS

MY COMMISSION EXPIRES ON    31/1/14

This Affidavit was filed by Smeets Law (Cayman), Attorneys-at-Law, for the Petitioner, whose address for service is Suite 2206, Cassia Court 72 Market Street, Camana Bay, PO Box 32302, Grand Cayman, KY1-1209, Cayman Islands.

Peter D. Anderson
Affidavit 1ˢᵗ
Date Sworn:    3 June 2013

# IN THE GRAND COURT OF THE CAYMAN ISLANDS

## FINANCIAL SERVICES DIVISION

FSD NO  111   Of 2013  ATT

### IN THE MATTER OF THE COMPANIES LAW (2012 REVISION)

### AND IN THE MATTER OF SOUNDVIEW PREMIUM LIMITED





_____

FIRST AFFIDAVIT OF PETER D. ANDERSON

_____

I, PETER D. ANDERSON of Windward 1, Regatta Office Park, Grand Cayman, PO Box 897, KY1-1103, Accountant, **MAKE OATH AND SAY** as follows:

1.    I am a Director of RHSW (Cayman) Limited in the Cayman Islands.

2.    I make this affidavit in connection with the Petition of Citco Global Custody (N.A.) N.V. (the **"Petitioner"**) for the appointment of myself and Peter D. Anderson as official liquidators of SOUNDVIEW PREMIUM LIMITED (the **"Company"**), pursuant to s.92(d) of the Companies Law (2012 Revision) (the **"Law"**).

3.    I have read the draft Petition which I understand is to be presented to the Court once a judge has been assigned and a date for the hearing endorsed on it.

4.    In compliance with O.3 r4.4(1) and of the Companies Winding Up Rules 2008 (as amended), I confirm to this Honourable Court that:

a. I am a qualified insolvency practitioner and meet the Professional Qualification requirement prescribed by Regulation 4 of the Insolvency Practitioner's Regulations;

b. I meet the residency requirement contained in Regulation 5 of the Insolvency Practitioners Regulations;

c. Having made due enquiry, I believe that I meet the independence requirement contained in Regulation 6 of the Insolvency Practitioners Regulations;

d. I am in compliance with the insurance requirement contained in Regulation 7 of the Insolvency Practitioners Regulations; and

e. I am willing to act as official liquidator, if so appointed by the Court.

SWORN    by    the    within-named    )
PETER    D.    ANDERSON    this    )
3 rd day of June 2013    )
at Mirano, Italy    )
    )    _____
    )    PETER D. ANDERSON
BEFORE ME:    )
    )
    )
    )
_____
Lorenzo Giacomuzzi Moore

This Affidavit was filed by Smeets Law (Cayman), Attorneys-at-Law, for the Petitioner, whose address for service is Suite 2206, Cassia Court 72 Market Street, Camana Bay, PO Box 32302, Grand Cayman, KY1-1209, Cayman Islands.

# EXHIBIT E

Applicant
Deborah Hicks Midanek
First
Exhibit "DHM 1"
2 4 July 2013

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO: 91 of 2013

**IN THE MATTER OF THE COMPANIES LAW (2012 REVISION)**

**AND IN THE MATTER OF SOUNDVIEW ELITE LTD.**

("the Company")




**AFFIDAVIT OF DEBORAH HICKS MIDANEK**

I, Deborah Hicks Midanek, of 81 South Church Street, Grenada, MS 38901 being duly sworn make oath and say as follows: -

1.    I am the Chief Executive Officer of Solon Group Inc. ("Solon"). I am authorized by Solon to make this affidavit on its behalf.

2.    Solon is the sole director of certain of the funds known as the *Richcourt Funds*. The Richcourt Funds are:-

    2.1.    Richcourt Allweather Fund Inc.,

    2.2.    America Alternative Investments Inc.;

    2.3.    Optima Absolute Return Fund Ltd.;

    2.4.    Richcourt Euro Strategies Inc.;

    2.5.    Richcourt Composite Inc.;

And from March 26 to June 19, 2013 also served, together with Alphonse Fletcher, Jr., as director of the following funds: -

    2.6.    Soundview Star Ltd.;

    2.7.    Soundview Elite Ltd.;

    2.8.    Soundview Premium Ltd.;

    2.9.    Soundview Composite Ltd.;

    2.10.    Star Designated;

    2.11.    Elite Designated;

    2.12.    Premium Designated;