MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
John A. Pintarelli

*Counsel for Peter Anderson and Matthew Wright,*
*As Joint Official Liquidators of Soundview Elite Limited,*
*Soundview Premium Limited and Soundview Star Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 13-13098 (REG) |
| | ) |
| Soundview Elite, Ltd., | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| In re: | ) Case No. 13-13099 (REG) |
| | ) |
| Soundview Premium, Ltd., | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| In re: | ) Case No. 13-13101 (REG) |
| | ) |
| Soundview Star, Ltd., | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| In re: | ) Case No. 13-13102 (REG) |
| | ) |
| Elite Designated, | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| In re: | ) Case No. 13-13103 (REG) |
| | ) |
| Premium Designated, | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| In re: | ) Case No. 13-13104 (REG) |
| | ) |
| Star Designated, | ) Chapter 11 |
| Debtor. | ) |

*Handwritten endorsed order:*

Endorsed Order:
① Court will hear argument on this objection on October 16, at 9:45 am.
② It appears that these cases were filed listing Case No. 12-12796 as a related case, but the Debtors failed to provide notice of this and other motions in this case to the related case's Chapter 11 Trustee. Debtors are to forthwith serve the Ch 11 Trustee's counsel will all papers in this case. The Chapter 11 Trustee is invited, but not required, to comment on this and other motions.

S/REG
USBJ
10/1/2013

## JOINT OFFICIAL LIQUIDATORS' OBJECTION TO
## MOTION FOR JOINT ADMINISTRATION

Peter Anderson and Matthew Wright (the "**JOLs**"), as Joint Official Liquidators of

Soundview Elite Limited ("**Elite Limited**"), Soundview Premium Limited ("**Premium**

**Limited**") and Soundview Star Limited ("**Star Limited**," and together with Elite Limited and

Premium Limited, the "**Limited Debtors**"), by and through their undersigned counsel, hereby

submit this objection (the "**Objection**") to the *Application For Entry of an Order Pursuant to*

*Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* (the "**Motion**")

filed by the above-captioned debtors (the "**Debtors**") on September 25, 2013 [Docket No. 7].[1]

In support of the Objection, the JOLs submit the Declaration of Janet Francis, Cayman counsel

for the JOLs, dated September 30, 2013 (the "**Francis Decl.**"), attached hereto as <u>Exhibit 1</u>, and

respectfully represent:

### PRELIMINARY STATEMENT

1.      Although similar motions are typically granted for the purpose of

administrative convenience, these are not *typical* chapter 11 cases. As set forth below, the

Debtors' former officers and directors never had the authority to file these chapter 11 cases and

act on behalf of the Limited Debtors in these chapter 11 cases or to direct the Limited Debtors to

take any corporate or other action.  Therefore, this Motion should not be granted.

2.      The Debtors are Cayman Island exempted companies, regulated by the

Cayman Islands Monetary Authority ("**CIMA**").  As set forth below, the Debtors' former

officers and directors, Alphonse Fletcher, Jr. ("**Mr. Fletcher**"), George Ladner and Floyd

Saunders (collectively, the "**Officers**"), lacked the capacity to authorize the filing of these

---

[1]    The Debtors seek to jointly administer the Limited Debtors' chapter 11 cases with those of three affiliated
debtors: Elite Designated (Case No. 13-13102), Premium Designated (Case No. 13-13103) and Star Designated
(Case No. 13-13104) (collectively, the "**SPV Debtors**").

chapter 11 cases on the same day the Cayman court was holding a hearing on the winding up applications filed by the Limited Debtors' largest creditors.

3. The Limited Debtors may not be placed into a winding up or chapter 11 without a shareholder resolution. Declaration of Alphonse Fletcher, Jr., pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "**Fletcher Declaration**") [Docket No. 2], Exhibit A at p. 34. The Debtors' Private Placement Memorandum ("**PPM**") states that "the [Debtors] may be liquidated or wound up at any time at the discretion of the holders of a majority of the Voting Shares at a general meeting of the shareholders." The directors lack any authority to make such a filing without a shareholder resolution. Id. The chapter 11 filing, while accompanied by a director resolution, lacks any evidence of a shareholder resolution authorizing the filing. Certificate of Resolutions [Docket No. 3]. Upon information, a shareholder vote was never held and Citco Global Custody (N.A.) N.V. ("**Citco**"), a 15% holder of the management shares, never voted to authorize the filing of these cases. See Id., Exhibit H at ¶ 8; Exhibit I at ¶ 10. Accordingly, upon information, the directors lacked the authority to file these chapter 11 cases.

4. Mr. Fletcher controls the Debtors' legacy investment manager, Soundview Capital Management Ltd., a company incorporated in the Commonwealth of the Bahamas and Fletcher Asset Management ("**FAM**"). Fletcher Declaration at Exhibit C. FAM and its affiliates acquired the non-participating management shares of the Limited Debtors and certain other entities from Citco. Id. at ¶ 11. As a result, although Mr. Fletcher controls the management and a majority of the voting shares of the Debtors, he had no economic interest in the Debtors other than the fees generated from the investors. Id. at Schedule 3 (management fees still accruing at SPV Debtors that were purportedly set up to hold the Limited Debtors' illiquid investments).

3

5.      According to the winding up petitions filed by Citco,[2] the Debtors have

failed to (i) issue any final statement of net asset value ("NAV") since September 2010; (ii) issue

any statements of estimated NAV since February 2011 and (iii) file audited accounts for the

Limited Debtors since 2008.  See Fletcher Declaration, Exhibit H at ¶¶ 25.1, 25.4 and 31; Exhibit

I at ¶¶ 27.1, 27.4 and 33.

6.      Furthermore, the Limited Debtors also appeared to have been without any

fund administrator from December 2011 and without a fund custodian from January 2012 until

approximately January 2013 and November 2012, respectively.  See Id., Exhibit G at ¶¶ 56-57;

Exhibit H at ¶¶ 28-29; Exhibit I at ¶¶ 30-31.

7.      The Debtors do not dispute that the Petitioners are creditors of the Debtors

for the unpaid balance of their redemption requests.  Id. at ¶ 12, Schedule 1.   The Debtors have

not paid redemptions for over two and one-half years (2 ½) years despite holding approximately

forty percent (40%) of the Debtors' assets in cash.  Id. at ¶¶ 13-15, Schedule 3.  The Petitioners

account for more than ninety percent (90%) of the Debtors' unaffiliated creditor claims identified

on the Debtors' schedule of 20 largest unsecured claims.  Id. at Schedule 1.

8.      The Petitioners and the Debtors own filings are replete with potential

claims for fraud and mismanagement against the Debtors' management.  For example, a former

director of the Debtors' requested $5,000,000 to be transferred from the Debtors' accounts at

Wilmington Trust to his own entity, Leveraged Hawk, Inc.  This unauthorized activity caused

Wilmington Trust to file an interpleader action to determine the rightful owner of the funds.  Id.

at ¶¶ 17-23 and Exhibit J.

---

[2]    Citco and the certain of the Debtors' other creditors (collectively, the "**Petitioners**") filed petitions for the
Debtors' winding up in the Cayman Islands.  Id. at ¶¶ 14 -15, Exhibits D, E, F, G, H and I.

4

9.     The Petitioners goals are clear: liquidation of the Debtors' assets in the

most cost-efficient manner by an independent third-party and investigation into the Debtors'

business affairs to determine if the stakeholders have claims against the Officers, the investment

manager or any of its affiliates.   The creditors spoke by filing the winding-up petitions.  Upon

information the Officers, on the other hand, commenced the chapter 11 cases without convening

a shareholder meeting to authorize the filings in what might well be seen as a self-serving

attempt to maintain control over the Debtors and disrupt the investigation into the Debtors'

investment activities on the Officers' watch.  See Certificate of Resolutions.  The Debtors'

primary assets are cash held in custodial accounts that belong to the creditors and claims against

the investment manager and directors.  The majority of these Limited Debtors' assets are

comprised of cash (40%) and investments in affiliates.  Fletcher Declaration  at ¶¶ 26, Schedule

3.  There is no prospect of reorganization so it may be surmised that the only purpose of these

chapter 11 cases is to keep creditor money out of their hands and insulate directors who have

been accused of mismanagement and fraud and, upon information and belief, is currently under

investigation for fraud by the Securities and Exchange Commission.  See Fletcher International,

Case no. 12-12796.  The Court should not countenance the Debtors' claims to maximize value

for all stakeholders, when the record is devoid of any evidence that they have the stakeholders'

best interests in mind.

10.     The Debtors were represented by Cayman counsel at the hearing and

failed to present any evidence in opposition to the winding up petition.  The Cayman court --

realizing that the Officers' were merely attempting to frustrate the Cayman proceedings by filing

the chapter 11 cases (contrary to controlling Cayman law) -- ordered the winding up of the

5

Limited Debtors and appointed the JOLs to take control of their corporate affairs

notwithstanding the Officers' nefarious chapter 11 filings.[3]

         11.    The JOLs object to the relief sought in the Motion because (i) under the

Limited Debtors' governing documents, the Officers lacked the authority to file these chapter 11

cases without a shareholder resolution and (ii) any continuation of these chapter 11 cases by the

Officers is a violation of Cayman law because any purported authority they may have had to act

on behalf of the Limited Debtors was extinguished upon issuance of the winding-up order and

the JOLs appointment.  See Francis Decl. Ex. B.

## BACKGROUND

### A.    The Cayman Winding Up Petitions

         12.    On August 14, 2013, petitions were filed in the Grand Court of the

Cayman Islands (the "**Grand Court**") against the SPV Debtors and Elite Limited by Optima

Absolute Return Fund, Ltd., Richcourt Allweather Fund, Inc., and America Alternative

Investments, Ltd. seeking the appointment of Kenneth Krys and Margot MacInnis as liquidators.

See Fletcher Declaration at ¶ 14-16, Exhibits D, E, F and G.

         13.    On or about August 20, 2013, Citco, the Limited Debtors' largest creditor,

filed a petition (the "**Winding-Up Petition**") in the Grand Court of the Cayman Islands (the

"**Grand Court**") for an order that Premium Limited and Star Limited be wound up and seeking

the appointment of the JOLs as liquidators.   Fletcher Declaration, Exhibits H and I.

---

[3]    The Debtors filed these cases as related to the case styled *In re Fletcher International, Ltd.* (Case No. 12-12796).  As the Court is aware, issues of misconduct and mismanagement of the Debtors' affiliates have been raised in the *Fletcher International* case and the JOLs call the Court's attention to the adversary hearing in that case. *Fletcher International*, Adv. No. 12-01740 on July 27, 2012 (see Transcript, Adv. Pro. Dkt. No. 48 at pages 162 - 171 where the Court raised the issue that the Debtors' required a change in control to successfully reorganize and that a significant amount of investigation was required – an investigation that could not be accomplished without an independent fiduciary, which the JOLs are).

14.    The Grand Court scheduled a hearing on the Winding-Up Petition for September 24, 2013. The Limited Debtors had notice of the hearing on the Winding-Up Petition on or about August 22, 2013. On September 24, 2013, the Grand Court held a hearing with participation from respective counsel for Citco, the Limited Debtors, and CIMA.

15.    At the hearing, the Limited Debtors were represented by counsel at the hearing and informed the Grand Court that the Limited Debtors had commenced the filing of chapter 11 cases in the United States to avail themselves of the automatic stay. The Limited Debtors presented no evidence to the Grand Court in opposition to the Winding-Up Petition.

16.    CIMA, the Debtors' regulator, appeared before the Grand Court in support of the Winding-Up Petition.

17.    We have been advised that the Grand Court found the Limited Debtors' only reason for filing the chapter 11 cases was a final attempt to frustrate the proceedings in the Cayman Islands. Thereafter, the Grand Court entered an order (the "**Winding-Up Order**") that the Limited Debtors be wound up pursuant to Cayman Companies Law (2012 Revision) and appointed the JOLs. See Francis Decl., Ex. A. The JOLs, in such capacity, are court appointed fiduciaries under Cayman law.

**B.    The Chapter 11 Cases**

18.    Also on September 24, 2013, each of the Limited Debtors purported to file voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code.

19.    On September 25, 2013, the Debtors filed the Motion seeking joint administration of the chapter 11 cases of the Limited Debtors and the SPV Debtors -- without authorization by the JOLs and in violation of controlling Cayman law.

**OBJECTION**

7

20.     The JOLs object to the Motion on the basis, among other things, that upon
entry of the Winding-Up Order by the Grand Court, the JOLs are the only persons authorized, as
a matter of controlling Cayman law, to manage the corporate affairs of, and to act for and on
behalf of, the Limited Debtors.[4] See Francis Decl., Ex. B.

21.     Parts I and II of the Third Schedule of the Cayman Companies Law (2012
Revision) lists the powers of liquidators with and without sanction of the Grand Court. See Id.
In the instant case, the Winding-Up Order granted the JOLs all of these powers without further
sanction of the Grand Court. Thus, the JOLs have the sole and exclusive power and duty to carry
on the business of the Limited Debtors so far as may be necessary for their beneficial winding
up. Id.  That duty and right of the JOLs to manage the Limited Debtors cannot be evaded by the
Officers' filing of pleadings not authorized by the JOLs in these chapter 11 cases, including, but
not limited to, the instant Motion or any other, or other corporate actions purportedly taken in the
Limited Debtors' names.  Absent deference to the JOLs pursuant to applicable controlling
Cayman law, there could be inconsistent rulings between the competing jurisdictions. The JOLs
urge this Court to defer any rulings for these unauthorized Limited Debtors until the JOLs have a
fair and reasonable opportunity to establish their superior rights under applicable law.  The less
that is done for the unauthorized Limited Debtors the less money, time and resources will be
required to undo it.

22.     On or about the 25th and 26th of September 2013, the Officers, through
Cayman counsel, were served with the Winding-Up Order via electronic mail and by personal

---

[4]     Neither the filing of this Objection nor any subsequent appearance, pleading, claim, or suit is intended or shall
be deemed to waive any right of the JOLs (i) to the protection of section 306 of the Bankruptcy Code; (ii) to have
final orders in non-core matters entered only after *de novo* review by a district judge; (iii) to trial by jury in any
proceeding so triable herein or in any case, controversy or proceeding related hereto; (iv) to have the reference
withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal; or (v)
to rights, claims, actions, defenses, setoffs or recoupments to which the JOLs may be entitled under agreements, in
law, or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved
hereby.

service. In addition, the JOLs have notified the Officers and their proposed counsel of their appointment by the Grand Court and have instructed the Officers and counsel to take no further action with respect to the Limited Debtors. See Francis Decl., Ex. C.

23.    Accordingly, any actions taken on behalf of the Limited Debtors by the Officers without the JOLs' explicit agreement is *ultra vires* as a matter of Cayman law, among other consequences. Judicial comity, as well as due process, demands that the JOLs have a fair and reasonable opportunity to make a comprehensive record consistent with this Objection and to take other actions consistent with controlling Cayman law.

## CONCLUSION

24.    As a matter of controlling Cayman law, the JOLs are the only persons authorized to act for or on behalf of the Limited Debtors. Therefore, because the Officers' actions are unauthorized, the JOLs seek entry of an order denying the Motion. In the alternative, this Court should defer any rulings with respect to the Limited Debtors until there is a full and fair hearing on the merits of the disputed authority issues raised in this Objection and other pleadings, if any.

*(Remainder of page intentionally left blank)*

9

WHEREFORE, for the foregoing reasons, the JOLs request that the Court enter an order

denying the Motion and granting such other relief as the Court deems proper.

Dated: October 1, 2013                    /s/ Gary S. Lee
      New York, New York              Gary S. Lee
                                 John A. Pintarelli
                                 MORRISON & FOERSTER LLP
                                 1290 Avenue of the Americas
                                 New York, New York 10104
                                 Telephone: (212) 468-8000
                                 Facsimile: (212) 468-7900

                                 *Counsel for Peter Anderson and Matthew Wright,*
                                 *As Joint Official Liquidators of Soundview Elite*
                                 *Limited, Soundview Premium Limited and*
                                 *Soundview Star Limited*

## Exhibit 1

### Francis Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 13-13098 (REG) |
| | ) | |
| Soundview Elite, Ltd., | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 13-13099 (REG) |
| | ) | |
| Soundview Premium, Ltd., | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 13-13101 (REG) |
| | ) | |
| Soundview Star, Ltd., | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 13-13102 (REG) |
| | ) | |
| Elite Designated, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 13-13103 (REG) |
| | ) | |
| Premium Designated, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 13-13104 (REG) |
| | ) | |
| Star Designated, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**DECLARATION OF JANET FRANCIS,**
**CAYMAN COUNSEL FOR THE JOINT OFFICIAL LIQUIDATORS,**
**IN SUPPORT OF JOINT OFFICIAL LIQUIDATORS' OBJECTION TO**
**MOTION FOR JOINT ADMINISTRATION**

I, Janet Francis, declare as follows:

1.      I am a Partner and head of the Corporate and Commercial Practice Group

of Smeets Law (Cayman).  I have been admitted to practice in the Cayman Islands since 2001.  I

am authorized to submit this declaration in support of the *Joint Official Liquidators' Objection to Motion for Joint Administration* (the "**Objection**").[5]

2.    In my capacity as Cayman counsel, I regularly advise parties on matters of Cayman law, specifically the Cayman Companies Law (2012 Revision).  I have been retained as Cayman counsel to Peter Anderson and Matthew Wright in their capacity as Joint Official Liquidators (the "**JOLs**") of Soundview Elite Limited, Soundview Premium Limited and Soundview Star Limited.

3.    Attached hereto as <u>Exhibit A</u> is a true and correct copy of the order entered by the Grand Court that the Limited Debtors be wound up pursuant to the Cayman Companies Law (2012 Revision) and appointing the JOLs.

4.    Attached hereto as <u>Exhibit B</u> is a true and correct abstract of Parts I and II of the Third Schedule to the Cayman Companies Law (2012 Revision) detailing the JOLs' powers and duties.

5.    Attached hereto as <u>Exhibit C</u> are true and correct copies of letters sent to the Officers and proposed counsel for the Debtors notifying them of the JOLs' appointment and directing them to take no further action for or on behalf of the Limited Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 1, 2013
      Grand Cayman

                                        /s/ Janet Francis
                                        Janet Francis
                                        Partner, Smeets Law (Cayman)

---

[5] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Objection.

**Exhibit A**

**(Winding-Up Order)**

ny-1111145

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 111 of 2013 (ASCJ)
CAUSE NO. FSD 112 of 2013 (ASCJ)
CAUSE NO. FSD 113 of 2013 (ASCJ)

IN THE MATTER OF the Companies Law (2012 Revision) as amended

IN THE MATTER OF SOUNDVIEW PREMIUM LIMITED
IN THE MATTER OF SOUNDVIEW STAR LIMITED
AND
IN THE MATTER OF SOUNDVIEW ELITE LIMITED

Before The Hon. Mr. Justice Smellie, Chief Justice
In Open Court
24th September 2013



## WINDING UP ORDER

UPON hearing counsel for Citco Global Custody (NA) NV upon its petition dated 20 August 2013 for an order that Soundview Premium Limited, Soundview Star Limited and Soundview Elite Limited (the "Companies") be wound up.

AND UPON hearing counsel for the Companies and the Cayman Islands Monetary Authority.

AND UPON reading the affidavit of Nicholas James Braham sworn on 20 August 2013 verifying the petition and the affidavits of Matthew Wright and Peter Anderson consenting to act as Joint Official Liquidators of the Companies, sworn on 20 August 2013 and 2 June 2013 respectively.

IT IS ORDERED that:-

1. The Companies be wound up in accordance with the Companies Law (2012 Revision).

2. Matthew Wright and Peter Anderson of RHSW (Cayman) Limited, PO Box 897, Windward 1, Regatta Office Park, Grand Cayman KY1-1103, Cayman Islands be appointed as Joint Official Liquidators of the Companies with power to act jointly and severally (the "Official Liquidators"). The Official Liquidators shall not be required to give security for their appointment.

3. In addition to their powers prescribed in Part II of the Third Schedule to the Companies Law, which are exercisable without sanction of this Court, the Official Liquidators may also without further sanction or intervention from this Court:

   (a) exercise the powers set out in Part I of the Third Schedule to the Companies Law; and

    (b) take any such action as may be necessary or desirable to obtain the recognition of their appointment in any other relevant jurisdictions and to make applications to the courts of such jurisdictions for that purpose,
and for the avoidance of doubt the powers bestowed on the Official Liquidators may be exercised by them within and outside the Cayman Islands.

4.   The costs of the Petitioner of and incidental to the Petition be paid forthwith from the assets of the Companies, to be taxed on the indemnity basis if not agreed.

Dated the 24th day of September 2013
Filed the 25 day of September 2013

The Honourable Mr Justice Smellie, Chief Justice
JUDGE OF THE GRAND COURT



This Order was filed by Smeets Law (Cayman), Attorneys-at-Law for the Petitioner, whose address for service is Suite 2206, Cassia Court, 72 Market Street, Camana Bay, PO Box 32302, Grand Cayman KT1-1209, Cayman Islands.

2 of 2

**Exhibit B**

**(Extract of Cayman Companies Law (2012 Revision)
Parts I and II of Schedule 3)**

*Companies Law (2012 Revision)*

    (d)   a deposit which is a client account, and which is designated as such, shall be treated as a separate deposit, made by the client of the depositor, of amounts corresponding to the amount to which such client is entitled; and

    (e)   the amount of each eligible deposit shall be reduced by the amount of any liability of the depositor to the bank in respect of which a right of set-off existed at the date of the presentation of the petition for the winding up of the bank, or the commencement of the voluntary winding up of the bank.

Category 3: Taxes due to the Government

2011 Revision

1.    Sums due in respect of duty and penalties payable under the Customs Law (2011 Revision).

2.    Sums due in respect of fees payable under this Law.

2011 Revisions

3.    Sums due in respect of duty and penalties payable under the Stamp Duty Law (2011 Revision).

4.    Sums due in respect of licence fees payable under the regulatory laws.

2003 Revision

5.    Sums due in respect of taxes payable under the Tourist Accommodation (Taxation) Law (2003 Revision).

## SCHEDULE 3

### Powers of Liquidators

Section 110

### Part I

### Powers exercisable with sanction

1.    Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

2.    Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

3.    Power to dispose of any property of the company to a person who is or was related to the company.

158

*Companies Law (2012 Revision)*

4.   Power to pay any class of creditors in full.

5.   Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

6.   Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

7.   Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

8.   The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

9.   The power to raise or borrow money and grant securities therefor over the property of the company.

10.   The power to engage staff (whether or not as employees of the company) to assist him in the performance of his functions.

11.   The power to engage attorneys and other professionally qualified persons to assist him in the performance of his functions.

### Part II

#### Powers exercisable without sanction

1.   The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as he considers necessary.

2.   The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

3.   The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive

159

*Companies Law (2012 Revision)*

dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

4.    The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

5.    The power to promote a scheme of arrangement pursuant to section 86.

6.    The power to convene meetings of creditors and contributories.

7.    The power to do all other things incidental to the exercise of his powers.


**SCHEDULE 4**

section 40B

**APPROVED STOCK EXCHANGES**

The following are approved stock exchanges -

| | | |
|---|---|---|
| American Stock Exchange (AMEX) | Frankfurt Stock Exchange | New Zealand Stock Exchange |
| Athens Stock Exchange | Fukoka Stock Exchange | OMX Nordic Exchange |
| Australian Securities Exchange | The Gretai Securities Market of Taiwan | Osaka Securities Exchange |
| Barcelona Stock Exchange | Hamburg and Hannover Stock Exchange | Oslo Stock Exchange |
| Berlin Stock Exchange | Hong Kong Stock Exchange (including the Growth Enterprise Market) | Philadelphia Stock Exchange |
| Bermuda Stock Exchange | International Securities Exchange | Rio de Janeiro Stock Exchange |
| Bilbao Stock Exchange | Irish Stock Exchange | Sao Paulo Stock Exchange (Bovespa) |

160

## Exhibit C

**(Direction Letters to Officers/Counsel)**

RAWLINSON & HUNTER

**By email and overnight delivery**

Alphonse Fletcher
188 Minna, Apt. 34C
San Francisco, CA 94105-4054

with copy to:

Mark J. Politan
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
Morristown, NJ 07962-1997
Email: mjpolitan@pbnlaw.com

30 September, 2013

Dear Mr. Fletcher:

**Soundview Premium Limited - In Official Liquidation**
**Soundview Star Limited – In Official Liquidation**
**Soundview Elite Limited – In Official Liquidation**
**(Collectively the 'Companies')**

Please be advised that the Companies were placed into Official Liquidation on 24 September, 2013 by Order of the Grand Court of the Cayman Islands (the **"Grand Court"**) and that Matthew Wright and Peter Anderson of RHSW (Cayman) Limited of Windward 1, Regatta Office Park, Grand Cayman, Cayman Islands KY1-1103 were appointed Joint Official Liquidators (the **"JOLs"**) of the Companies.

Pursuant to the JOLs' appointment, all powers previously held by you as a director of the Companies, including, but not limited to, (i) engaging or directing counsel on behalf of the Companies, (ii) authorizing the filings of pleadings or any other documents in the chapter 11 cases, (iii) seeking any form of relief from the U.S. Bankruptcy Court on behalf of the Companies and (iv) causing the Companies to incur any obligations, has ceased. Please note that your statutory obligations and responsibilities towards the Companies remain.

Should you wish to make any claims against the Companies, please inform the JOLs immediately at the below email address and the necessary documentation shall be provided to you.

Under section 103(1) of the Cayman Islands Companies Law (2012 Revision), the JOLs kindly ask that, in your capacity as director, you transfer or deliver up any assets, books and/or records in your possession which may belong to the Companies. Please also note that you are obliged to produce and provide to the JOLs a statement of affairs. In that regard please find the following documents enclosed:

- Notice;
- Statement of affairs template;
- Guidance notes for completion of the statement of affairs.

RHSW (CAYMAN) LIMITED

Windward 1
Regatta Office Park
P.O. Box 897
Grand Cayman, KY1-1103
CAYMAN ISLANDS

Tel: + 1 (345) 949 7576
Fax: + 1 (345) 949 8295

**Smith & Williamson**

RHSW (Cayman) Limited is a joint venture between Rawlinson & Hunter Cayman Islands and Smith & Williamson in the United Kingdom

RHSW@rawlinson-hunter.com.ky
www.rawlinson-hunter.com

RAWLINSON & HUNTER

Should you have any queries regarding the above, please do not hesitate to contact me, or my colleague Chris Kennedy at chris.kennedy@rawlinson-hunter.com.ky.

Yours sincerely,

pp   Matthew Wright
     Joint Official Liquidator

Encl.

-   Grand Court of the Cayman Islands Winding Up Order dated 24 September, 2013
-   Notice
-   Statement of affairs template
-   Guidance notes for completion of the statement of affairs

**Smith & Williamson**                                        R H S W (CAYMAN) LIMITED

RAWLINSON & HUNTER

**By email and overnight delivery**

George Ladner
19509 River Falls Dr.
Davidson, NC 28036-7857

with copy to:

Mark J. Politan
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
Morristown, NJ 07962-1997
Email: mjpolitan@pbnlaw.com

30 September, 2013

Dear Mr. Ladner:

**Soundview Premium Limited - In Official Liquidation**
**Soundview Star Limited – In Official Liquidation**
**Soundview Elite Limited – In Official Liquidation**
**(Collectively the 'Companies')**

Please be advised that the Companies were placed into Official Liquidation on 24 September, 2013 by Order of the Grand Court of the Cayman Islands (the **"Grand Court"**) and that Matthew Wright and Peter Anderson of RHSW (Cayman) Limited of Windward 1, Regatta Office Park, Grand Cayman, Cayman Islands KY1-1103 were appointed Joint Official Liquidators (the **"JOLs"**) of the Companies.

Pursuant to the JOLs' appointment, all powers previously held by you as a director of the Companies, including, but not limited to, (i) engaging or directing counsel on behalf of the Companies, (ii) authorizing the filings of pleadings or any other documents in the chapter 11 cases, (iii) seeking any form of relief from the U.S. Bankruptcy Court on behalf of the Companies and (iv) causing the Companies to incur any obligations, has ceased. Please note that your statutory obligations and responsibilities towards the Companies remain.

Should you wish to make any claims against the Companies, please inform the JOLs immediately at the below email address and the necessary documentation shall be provided to you.

Under section 103(1) of the Cayman Islands Companies Law (2012 Revision), the JOLs kindly ask that, in your capacity as director, you transfer or deliver up any assets, books and/or records in your possession which may belong to the Companies. Please also note that you are obliged to produce and provide to the JOLs a statement of affairs. In that regard please find the following documents enclosed:

- Notice;
- Statement of affairs template;
- Guidance notes for completion of the statement of affairs.

RHSW (CAYMAN) LIMITED

Windward 1
Regatta Office Park
P.O. Box 897
Grand Cayman, KY1-1103
CAYMAN ISLANDS

Tel: + 1 (345) 949 7576
Fax: + 1 (345) 949 8295

RHSW@rawlinson-hunter.com.ky
www.rawlinson-hunter.com

**Smith & Williamson**

RHSW (Cayman) Limited is a joint venture between Rawlinson & Hunter Cayman Islands and Smith & Williamson in the United Kingdom

RAWLINSON & HUNTER

Should you have any queries regarding the above, please do not hesitate to contact me, or my colleague Chris Kennedy at chris.kennedy@rawlinson-hunter.com.ky.

Yours sincerely,

pp  Matthew Wright
Joint Official Liquidator

Encl.

- Grand Court of the Cayman Islands Winding Up Order dated 24 September, 2013
- Notice
- Statement of affairs template
- Guidance notes for completion of the statement of affairs

**Smith & Williamson**                    R H S W (CAYMAN) LIMITED

RAWLINSON & HUNTER

**By email and overnight delivery**

Floyd Saunders
401 W. 25th Street, Apt. 18C
New York, NY 10001-6577

with copy to:

Mark J. Politan
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
Morristown, NJ 07962-1997
Email: mjpolitan@pbnlaw.com

30 September, 2013

Dear Mr. Saunders:

**Soundview Premium Limited - In Official Liquidation**
**Soundview Star Limited – In Official Liquidation**
**Soundview Elite Limited – In Official Liquidation**
**(Collectively the 'Companies')**

Please be advised that the Companies were placed into Official Liquidation on 24 September, 2013 by Order of the Grand Court of the Cayman Islands (the **"Grand Court"**) and that Matthew Wright and Peter Anderson of RHSW (Cayman) Limited of Windward 1, Regatta Office Park, Grand Cayman, Cayman Islands KY1-1103 were appointed Joint Official Liquidators (the **"JOLs"**) of the Companies.

Pursuant to the JOLs' appointment, all powers previously held by you as corporate secretary of the Companies, including, but not limited to, (i) engaging or directing counsel on behalf of the Companies, (ii) authorizing the filings of pleadings or any other documents in the chapter 11 cases, (iii) seeking any form of relief from the U.S. Bankruptcy Court on behalf of the Companies and (iv) causing the Companies to incur any obligations, has ceased.

Should you wish to make any claims against the Companies, please inform the JOLs immediately at the below email address and the necessary documentation shall be provided to you.

Under section 103(1) of the Cayman Islands Companies Law (2012 Revision), the JOLs kindly ask that, in your capacity as corporate secretary director, you transfer or deliver up any assets, books and/or records in your possession which may belong to the Companies.

Should you have any queries regarding the above, please do not hesitate to contact me, or my colleague Chris Kennedy at chris.kennedy@rawlinson-hunter.com.ky.

R H S W (CAYMAN) LIMITED

Windward 1
Regatta Office Park
P.O. Box 897
Grand Cayman, KY1-1103
CAYMAN ISLANDS

Tel: + 1 (345) 949 7576
Fax: + 1 (345) 949 8295

**Smith & Williamson**

RHSW (Cayman) Limited is a joint venture between Rawlinson & Hunter Cayman Islands and Smith & Williamson in the United Kingdom

RHSW@rawlinson-hunter.com.ky
www.rawlinson-hunter.com

RAWLINSON & HUNTER

Should you have any queries regarding the above, please do not hesitate to contact me, or my colleague Chris Kennedy at chris.kennedy@rawlinson-hunter.com.ky.

Yours sincerely,

pp   Matthew Wright
Joint Official Liquidator

Encl.

- Grand Court of the Cayman Islands Winding Up Order dated 24 September, 2013

**Smith & Williamson**                                    R̶H̶W (CAYMAN) LIMITED

RAWLINSON & HUNTER

**By email only**

Mark J. Politan
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
Morristown, NJ 07962-1997
Email: mjpolitan@pbnlaw.com

30 September, 2013

Dear Mr. Politan,

**Soundview Premium Limited - In Official Liquidation**
**Soundview Star Limited – In Official Liquidation**
**Soundview Elite Limited – In Official Liquidation**
**(Collectively the 'Companies')**

Please be advised that the Companies were placed into Official Liquidation on 24 September, 2013 by Order of the Grand Court of the Cayman Islands (the **"Grand Court"**) and that Matthew Wright and Peter Anderson of RHSW (Cayman) Limited of Windward 1, Regatta Office Park, Grand Cayman, Cayman Islands KY1-1103 were appointed Joint Official Liquidators (the **"JOLs"**) of the Companies.

Pursuant to the JOLs' appointment, all powers previously held by the Companies' directors and officers, including, but not limited to, (i) engaging or directing counsel on behalf of the Companies, (ii) authorizing the filings of pleadings or any other documents in the chapter 11 cases, (iii) seeking any form of relief from the U.S. Bankruptcy Court on behalf of the Companies and (iv) causing the Companies to incur any obligations, have ceased. Therefore they have no authority to instruct you or your firm, on behalf of the Companies.

Should you wish to make any claims against the Companies, please inform the JOLs immediately at the below email address and the necessary documentation shall be provided to you.

Under section 103(1) of the Cayman Islands Companies Law (2012 Revision), the JOLs kindly ask that you transfer or deliver up any assets, books and/or records in your possession which may belong to the Companies.

Should you have any queries regarding the above, please do not hesitate to contact me, or my colleague Chris Kennedy at chris.kennedy@rawlinson-hunter.com.ky.

Yours sincerely,

pp    Matthew Wright
Joint Official Liquidator

Encl.

- Grand Court of the Cayman Islands Winding Up Order dated 24 September, 2013

RHSW (CAYMAN) LIMITED

Windward 1
Regatta Office Park
P.O. Box 897
Grand Cayman, KY1-1103
CAYMAN ISLANDS

Tel: + 1 (345) 949 7576
Fax: + 1 (345) 949 8295

RHSW@rawlinson-hunter.com.ky
www.rawlinson-hunter.com

**Smith & Williamson**

RHSW (Cayman) Limited is a joint venture between Rawlinson & Hunter Cayman Islands and Smith & Williamson in the United Kingdom