Hearing Date:  December 17, 2013 at 9:45 a.m. (EST)
Objection Deadline: December 12, 2013

**OSTAD PLLC**
Karen Ostad
185 Great Neck Rd, Suite 330
Great Neck, NY 11021
(917) 443-1558
kostad@ostadllc.com

*Counsel to Richcourt Allweather Fund Inc., Optima Absolute Return Fund Ltd.,*
*America Alternative Investments Inc., Solon Group, Inc. and Deborah Hicks Midanek*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Soundview Elite, Ltd., et al.,

                         Debtors.

Case No. 13-13098 (REG)
(Jointly Administered)
Chapter 11

**MOTION IN LIMINE OF AMERICA ALTERNATIVE INVESTMENTS INC.,
OPTIMA ABSOLUTE RETURN FUND LTD., RICHCOURT ALLWEATHER
FUND INC., DEBORAH HICKS MIDANEK, AND THE SOLON GROUP, INC.**

## I.    INTRODUCTION

1.    America Alternative Investments Inc., Optima Absolute Return Fund Ltd.,

and Richcourt Allweather Fund Inc., (the "**BVI Petitioners**"), Solon Group, Inc.

("**Solon**") and Deborah Hicks Midanek ("**Ms. Midanek**" and together with the BVI

Petitioners and Solon, the "**Movants**"), by and through their undersigned counsel, hereby

move to disallow certain proposed exhibits filed by the above-captioned Debtors and to

strike such exhibits from the record of these cases.

2.    This Motion In Limine is filed pursuant to the *So Ordered Stipulation*

*Regarding Prehearing Briefing and Discovery Schedule* signed by this Court on

November 27, 2013 [Docket No. 92], and relates to the BVI Petitioners' *Motion For*

*Order Dismissing Or Abstaining From Proceeding In These Cases Or Granting Relief From The Automatic Stay* [Docket No. 108] (the "**Dismissal Motion**"), and the Movants' *Objection to Motion For An Order Imposing Sanctions* [Docket No. 107] (the "**Sanctions Motion**").  Capitalized terms not defined herein shall have the meanings set forth in the Dismissal Motion and the *Affidavit of Deborah Hicks Midanek in Opposition to the Debtors' Motion for an Order Imposing Sanctions and in Support of Dismissal of Chapter 11 Cases and Related Relief* [Docket No. 109] (the "**Midanek Affidavit**").

## II. FIRST MOTION TO PRECLUDE FROM EVIDENCE

3.      Movants object to the admissibility of an attorney-client privileged communication attached (i) as Exhibit BB to the *Direct Testimony Affidavit of Alphonse Fletcher, Jr. on Motions to Dismiss, Convert or Appoint a Trustee* [Docket 105 and corrected at Docket No. 118] and (ii) as Exhibit 7 to the *Supplemental Direct Testimony Affidavit of Alphonse Fletcher, Jr. on Motions to Dismiss, Convert or Appoint a Trustee* [Docket No. 119].  Movants request that such communication be stricken from the record of these cases.

4.      Movants have twice informed the Debtors that they consider such communication to be privileged, once in the context of Ms. Midanek's deposition on November 6, 2013 and again in the *Supplemental Affidavit of Deborah Hicks Midanek in Opposition to the Debtors' Motion for an Order Imposing Sanctions and In Support of Dismissal of Chapter 11 Cases and Related Relief* [Docket No. 111] at ¶ 7.

5.      The subject communication is an email dated April 2, 2013 that was sent by Ms. Midanek, Solon's President, in Solon's capacity as a director of the Debtors and other Cayman Richcourt Funds (officially commencing as of March 26, 2013) and soon-

2

to-be director of the BVI Richcourt Funds (officially commencing as of April 3, 2013).[1]

The recipients of the communication are the Richcourt Funds' then-counsel in the U.S.,

Weil Gotshal, and in the Caymans, Ritch & Conolly, and Solon's counsel in the BVI,

Ogier.  The communication involves matters involving the Richcourt Funds' business and

governance issues.  Even if the Debtors choose to waive their attorney-client privilege

with respect to such communication, Movants do not waive such privilege on behalf of

themselves or the Richcourt Funds that are not Debtors.

### III. SECOND MOTION TO PRECLUDE FROM EVIDENCE

6.      Movants object to the admissibility of an attorney-client privileged

communication attached as Exhibit B to the *Declaration of Richard Thomas William*

*Annette*, filed in connection with the Sanctions Motion [Docket No. 12-1].

7.      Such exhibit is an email dated September 24, 2013 from Sara Chenetz,

Esq. of Perkins Coie LLP, a U.S. law firm that represents Solon and Ms. Midanek in

matters related to the Richcourt Funds.  The email was sent during the September 24,

2013 hearing with respect to the BVI Petitioners' Winding Up Petitions and contains

legal advice related to the Winding Up Petitions. The email was sent to Ms. Midanek's

Solon email address and copies the BVI Petitioners' Cayman counsel, George Giglioli.

Ms. Midanek did not, on behalf of Solon, the BVI Petitioners or otherwise, waive the

attorney-client privilege with respect to such communication, and it should be disallowed

from evidence and stricken from the record of these cases. *See* Midanek Affidavit at ¶11.

**WHEREFORE,**  Movants request that the Court preclude from evidence

---

[1] Although Mr. Fletcher had approached Ms. Midanek to be an independent director of the Richcourt Funds in February of 2013, various issues delayed the official appointment of Solon. *See* Midanek Affidavit at ¶¶25, 28, 29, 40.

and strike from the record of these cases the above-referenced attorney-client privileged

communications and grant Movants such other relief as is deemed appropriate, including

the costs of bringing this Motion.

Dated: December 11, 2013

Respectfully submitted,

**OSTAD, PLLC**

By:  s/ Karen Ostad_____
     Karen Ostad, Esq.
     *Counsel to Richcourt Allweather Fund Inc., Optima*
     *Absolute Return Fund Ltd., America Alternative Investments*
     *Inc., Solon Group, Inc. and Deborah Hicks Midanek*