UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

      Soundview Elite, Ltd., *et al.*

                            Debtors.[1]

-------------------------------------------------------------X

Case No. 13-13098 (REG)
(Joint Administration Pending)

**STIPULATION AND CONSENT ORDER BY AND BETWEEN THE DEBTORS AND
WILMINGTON TRUST, NATIONAL ASSOCIATION AUTHORIZING THE RELEASE
OF FUNDS AND FOR RELATED RELIEF**

      **WHEREAS**, on September 24, 2013, the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

      **WHEREAS**, on September 27, 2013, the Debtors filed the *Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals and Authorizing and Directing Wilmington Trust's Disbursement of Funds in Accordance with Same* [Docket No. 9] (the "Compensation Motion"), seeking *inter alia*, the entry of an order establishing procedures for the monthly allowance and payment of compensation and reimbursement of expenses for professionals whose services are authorized by this Court and authorizing and directing Wilmington Trust, National Association ("Wilmington Trust") to disburse funds in accordance with the same;

      **WHEREAS,** Wilmington Trust, National Association ("Wilmington Trust") filed its *Response to Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals and Authorizing and Directing Wilmington Trust's Disbursement of Funds in Accordance with Same*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Soundview Elite, Ltd. (9469), (ii) Soundview Premium, Ltd. (9535); (iii) Soundview Star, Ltd. (0416); (iv) Elite Designated (9735); (v) Star Designated (9713); and (vi) Premium Designated (9730).

(the "Response") [Docket No. 28];

    **WHEREAS**, prior to the Petition Date and more fully described in the Response, during November 2012 to January 2013, authorized representatives for and on behalf of each of the Debtors entered into substantially similar custody agreements with Wilmington Trust regarding certain funds to be held in custody accounts for the Debtors (identified in paragraph 3 below);

    **WHEREAS**, during May 2013 and June 2013, Wilmington Trust received conflicting instructions regarding the disbursement of funds held in such custody accounts from the Debtors and Gerti Muho, an individual who had identified himself to Wilmington Trust as an authorized representative of the Debtors;

    **WHEREAS**, in light of these conflicting instructions, Wilmington Trust filed an interpleader action in the Superior Court for the State of Delaware (the "Superior Court"), styled Wilmington Trust, National Assoc. v. Soundview Elite, Ltd, et. al., C.A. No. N13C-06-156 JTV [CCLD] (the "Superior Court Action");

    **WHEREAS**, at a hearing held on August 28, 2013, Superior Court President Judge James T. Vaughn granted Wilmington Trust's motion to interplead the funds;

    **WHEREAS**, the parties to the Superior Court Action disagreed about the form of the implementing order to be entered by the Superior Court and sent their respective proposed orders to the Superior Court.

    **WHEREAS,** upon request from President Judge Vaughn, the parties filed letters in response to the Superior Court having informed the parties that the Court is not capable of holding the funds in separate accounts and will need to maintain the funds in a single account;

    **WHEREAS,** the Debtors filed their voluntary bankruptcy petitions before the Superior Court entered an implementing order;

2

RLF1 9469175v.1
RLF1 9509072v.1

**WHEREAS,** to date, no order has been entered by the Superior Court concerning the funds held in custody accounts for the Debtors (identified in paragraph 3 below), which remain in the custody of Wilmington Trust;

**WHEREAS**, Wilmington Trust desires to be relieved of its duties and obligations under such custody agreements and no longer wishes to act as a custodian over any of the funds held in the custody accounts;;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Debtors and Wilmington Trust (together, the "Parties"), as follows:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this stipulation and order (this "Stipulation").

2.      All persons who have any claimed interest to the funds held in the custody accounts for the Debtors' estates identified in paragraph 3 below, including without limitation all parties to the Superior Court Action, shall receive notice of this Stipulation and shall have the opportunity to file any objections to the relief sought herein prior to the entry of any Order by the Court;

3.      Within five (5) business days of the entry of this Order, (i.e., the "Transfer Date") Wilmington Trust shall turn over the funds held in the following custody accounts, net of attorneys' fees and costs identified below, to an 11 U.S.C. Section 345 authorized financial institution (the "Authorized Institution") selected by the Debtors and approved by the Office of the United States Trustee. Upon said turn over, Authorized Institution will replace Wilmington Trust as custodian of each Debtor's funds in the following custody accounts in the following respective amounts:

| Name | Account # | $ Amount |
| --- | --- | --- |

3

| Name | Account # | $ Amount |
|------|-----------|----------|
| (a)      Soundview Elite | 103183 | $ 5,324,617.96 |
| (b)      Soundview Premium | 103186 | $ 637,066.46 |
| (c)      Soundview Star | 103184 | $ 3,280,557.56 |
| (d)      Premium Designated | 103191 | $ 2,366,468.72 |
| (e)      Star Designated | 103185 | $ 4,188,834.33 |
| (f)      Elite Designated | 103194 | $ 3,369,768.75 |

      4.      Prior to the Transfer Date, Wilmington Trust shall be authorized to deduct on a *pro rata* basis attributable to each of the Debtors' funds, attorneys' fees and costs associated with the maintenance of the separate custody accounts, in the aggregate total of $44,998.48, plus any reasonable additional fees and costs incurred by Wilmington Trust in connection with the entry of this Stipulation.

      5.      Prior to the Transfer Date, Wilmington Trust is hereby authorized and directed to convert any and all foreign funds residing in the foregoing accounts into U.S. Dollars, and shall have no liability in connection therewith except for fraud, willful misconduct or gross negligence. It shall be exculpated from the funds of these estates to the extent any party seeks to hold Wilmington Trust liable for its conversion of foreign funds to U.S. dollars, except, as aforesaid, in the case of any fraud, willful misconduct, or gross negligence.

      6.      Wilmington Trust is relieved and discharged from any liability with respect to any claims now or hereafter made related in any way to  its deposit of the funds held in the custody accounts identified in paragraph 3 above with Authorized Institution.

4

7.      Except for any amounts that Wilmington Trust is authorized to deduct from the accounts pursuant to paragraph 4 of this Stipulation, no funds may be removed from the Accounts except upon further order of the Court except for (i) any regular bank fees of Authorized Institution, or (ii) for payment of United States Trustee fees pursuant to 28 U.S.C. Section 1930(a)(6);

8.      Prior to the Transfer Date, and except as aforesaid, Wilmington Trust shall take no action to disburse any funds without final Order from the Court;

9.      Each Monday, until further Order of the Court, Authorized Institution shall provide a report to all parties-in-interest including the United States Trustee on the balances contained in each Debtor's account with Authorized Institution (the "Accounts");

10.     Wilmington Trust expressly takes no position with regard to subsequent disbursements made from the Debtors' funds pursuant to the approval of monthly or interim fee statements or any other Court orders.

11.     Nothing herein shall be deemed to waive or impair in any way, directly or indirectly, any rights, defenses or interests of any kind of the joint official liquidators or any other person as to any governance or other issue in dispute in the chapter 11 cases.

12.     All provisions of this Stipulation are subject to approval of the Court.

13.     The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation, including, but not limited to, the implementation and interpretation of the terms and conditions herein.

14.     This Stipulation shall become binding and enforceable upon being ordered by the Court.  Nothing contained in any proposed plan or subsequent order shall conflict with the

5

terms of this Stipulation.  In the event that the terms of any proposed plan or subsequent order are deemed to conflict with this Stipulation, this Stipulation shall govern.

15.     This Stipulation may be executed in multiple counterparts by facsimile, each of which shall be deemed original, with facsimile and email signature pages deemed to be originals.

16.     This Stipulation shall be binding upon and inure to the benefit of the Parties' respective assigns and successors

17.     This Stipulation represents the entire agreement between the Parties.  This Stipulation may not be altered, modified or changed unless in writing, signed by the Parties, and approved by the Court.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused the Stipulation to be duly executed as set forth below.

6

AGREED TO BY:

| RICHARDS, LAYTON & FINGER, P.A. | PORZIO, BROMBERG & NEWMAN, P.C. |
|---|---|
| /s/ Chad M. Shandler<br>Chad M. Shandler, Esq.<br>Michael J. Merchant, Esq.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile:  (302) 651-7701<br><br>*Counsel to Wilmington Trust, National Association* | /s/ Mark J. Politan<br>Warren J. Martin, Jr., Esq.<br>Mark J. Politan, Esq.<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Telephone: (973) 538-4006<br>Facsimile: (973) 538-5146<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |

Dated: New York, New York
        ***December 19, 2013***

***s/ Robert E. Gerber***
HONORABLE ROBERT F. GERBER
UNITED STATES BANKRUPTCY JUDGE

7