UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Premium Designated                                   Case No. 13098 (REG) (Jointly Administered)
Debtor                                                     Reporting Period: 04/01/2014 - 04/30/2014

Federal Tax I.D. # 98-1069730

**CORPORATE MONTHLY OPERATING REPORT**

**File with the Court and submit a copy to the United States Trustee within 20 days after the end of the month and submit a copy of the report to any official committee appointed in the case.**
*(Reports for Rochester and Buffalo Divisions of Western District of New York are due 15 days after the end of the month, as are the reports for Southern District of New York.)*

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | X | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1 (CON'T) | X | |
|     Copies of bank statements | | | X |
|     Cash disbursements journals | | | X |
| Statement of Operations | MOR-2 | X | X |
| Balance Sheet | MOR-3 | X | X |
| Status of Post-petition Taxes | MOR-4 | | X |
|     Copies of IRS Form 6123 or payment receipt | | | |
|     Copies of tax returns filed during reporting period | | | |
| Summary of Unpaid Post-petition Debts | MOR-4 | | X |
|     Listing of Aged Accounts Payable | | | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | | X |
| Taxes Reconciliation and Aging | MOR-5 | | X |
| Payments to Insiders and Professional | MOR-6 | X | X |
| Post Petition Status of Secured Notes, Leases Payable | MOR-6 | | X |
| Debtor Questionnaire | MOR-7 | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

Signature: / s / Corinne Ball                              Date        6/20/2014

Corinne Ball, as Chapter 11 Trustee for Debtor Premium Designated

**Notes to April 2014 Monthly Operating Report**

On September 24, 2013 (the "**Petition Date**"), Soundview Elite Ltd., Soundview Premium, Ltd., Soundview Star Ltd., Elite Designated, Premium Designated (the "**Debtor**") and Star Designated (collectively, the "**Soundview Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

On January 23, 2014, this Court entered a bench decision (Docket No. 156) (the "**Bench Order**") which, among other things, authorized and directed the United States Trustee (the "**U.S. Trustee**") to appoint a chapter 11 trustee. By a notice dated January 31, 2014 (Docket No. 160), the U.S. Trustee appointed Corinne Ball to serve as the trustee in these cases. On February 3, 2014, the Court approved (Docket No. 164) the U.S. Trustee's appointment of Corinne Ball as trustee (the "**Chapter 11 Trustee**").

<u>**Disclaimer**</u>:

**At the time of filing of this Monthly Operating Report, the Chapter 11 Trustee is not in possession of certain of the Debtor's books and records. The Chapter 11 Trustee is in the process of reviewing materials received from various third parties. However, as of today, the Chapter 11 Trustee (a) has been forced to rely upon the incomplete information known to her in order to complete this Monthly Operating Report and (b) cannot independently verify certain financial data.**

**The financial statements, schedules and explanations in this Monthly Operating Report are subject to ongoing investigation and review by the Chapter 11 Trustee, the results of which may necessitate adjustments that may have a material impact on the financial statements and schedules taken as a whole. Each item is subject to reclassification, re-characterization and/or adjustment, and the Chapter 11 Trustee reserves all rights with respect to the amount, classification, characterization and explanation of each item reported herein. Nothing set forth in this Monthly Operating Report shall be deemed a waiver of the Chapter 11 Trustee's right to challenge the amount, characterization and/or classification of any asset, liability or equity interest.**

**MOR-1:**

*Bank Statements*

The Debtor has received its bank statements from Wilmington Trust, N.A. ("**Wilmington Trust**") and Citco Banking Corporation N.V ("**Citco**"). This Monthly Operating Report is also based on the statements of the bank accounts opened by the Chapter 11 Trustee in her capacity as Chapter 11 Trustee for the Debtor (the "**Citibank Accounts**") at Citibank, N.A. ("**Citibank**").

**MOR-2:**

*Unrealized Gain (Loss) on Foreign Currency Translation*

The item captioned as "*Unrealized Gain (Loss) on Foreign Currency Translation"* on the Debtor's statement of operations reflects the unrealized gain or loss from foreign currency translation during the reporting period due to the impact of movements in Euro on the value of the US Dollar.

*Allocation Between Soundview Debtors*

Given both the different (a) stakeholder bases (i.e. investors and creditors) and (b) asset sizes of the Soundview Debtors, it was deemed appropriate that administrative expenses which cannot be attributed to a particular Soundview Debtor or Soundview Debtors be allocated based on identifiable available assets on the Petition Date, namely cash and investments in both third party funds and inter-debtor receivables. Taking these factors in account, and applying certain discounts to non-cash assets, the basis for allocation is as follows:

| | |
|---|---|
| Soundview Elite Ltd. | 34% |
| Soundview Premium, Ltd. | 13% |
| Soundview Star Ltd. | 15% |
| Elite Designated | 15% |
| Premium Designated | 11% |
| Star Designated | 12% |
| Total | 100% |

While there may be some subjectivity to the allocation percentages set forth above, based on certain estimated non-cash assets and the discounts applied thereto, the Chapter 11 Trustee and her advisors believe that this allocation is fair and should not change materially. However, if it is determined at the conclusion of these chapter 11 cases that the allocation percentages were materially different, based on the value of certain non-cash assets and the discounts applied thereto, and if it be deemed appropriate and cost effective, an adjustment of the reallocation percentages can be implemented at that time.

*Earned Interest Income*

The item captioned as "*Earned Interest Income*" on the Debtor's statement of operations reflects interest accrued from the Wilmington Trust and Citibank bank accounts.

**MOR-3:**

**Explanation of Certain Accounts**

*Cash*

As of April 30, 2014, the item captioned as "*Cash*" consists of the cash on the Citibank Accounts and the Debtor's pre-petition accounts at Citco to the extent reflected on prior account statements. The Debtor has since received its funds from Citco.

On June 17, 2013, the Debtor's account at Wilmington Trust was the subject of an Interpleader action brought by Wilmington Trust, and captioned Wilmington Trust, National Association v. Soundview Elite Ltd., et al., Superior Court of Delaware, New Castle County, C.A. No. N13C-06-156-JTV-CCLD (the "**Interpleader Action**"). The Debtor's account at Wilmington Trust was frozen at that time. Pursuant to the *Stipulation and Agreed Order By and Between the Chapter 11 Trustee and Wilmington Trust, National Association Authorizing the Release of Funds and for Related Relief* (Docket No. 188), Wilmington Trust transferred all of the funds in the Debtor's account that were subject to the Interpleader Action to the Debtor's checking account at Citibank, except for $92,963.24 deducted by Wilmington Trust on a pro rata basis from the accounts attributable to each of the Soundview Debtors to pay for attorneys' fees, custodian fees and costs associated with the maintenance of the accounts through January 31, 2014**.**

*Unaffiliated Investments*

The Debtor maintains an investment portfolio that consists of investments in unaffiliated investment funds. "*Unaffiliated Investments*" are reflected as of the date of the most recent statements received. Nine investments are being held at July 31, 2013 value as stated in a schedule believed to be provided by the Debtor's former management. Three investments are being reported as of the August 31, 2013 investment statements located. These valuations are subject to investigation and review by the Chapter 11 Trustee and her advisors.

*Pre-Petition Management Fees*

The item captioned as *"Pre-Petition Management Fees"* on the Debtor's statement of financial position represents the Debtor's former management's estimate of pre-petition investment management fees of the Debtor's investment managers.

*Pre-Petition Accrued Expenses*

The item captioned as *"Pre-Petition Accrued Expenses"* on the Debtor's statement of financial position represents the Debtor's former management's estimate of pre-petition accrued professional fees due to third parties and invoices received for pre-petition services rendered to the Debtor.

**MOR-4:**

*Status of Post-Petition Taxes*: Upon information and belief (based on the Debtor's status as a Cayman entity and its prior practice), the Debtor is not generally subject to federal, state or local taxes in the United States. While the Debtor is subject to withholding taxes for dividends paid to it, those taxes are reported and no payment receipts or returns are required to be filed. Upon information and belief, no taxes are to be paid and no tax filings are to be made. The Chapter 11 Trustee is investigating the Debtor's tax obligations and reserves all rights with respect to them.

**MOR-5**:

The Debtor has no identified accounts receivable and upon information and belief (based on the Debtor's status as a Cayman entity and its prior practice), the Debtor has no taxes owed. The Chapter 11 Trustee is investigating the Debtor's tax obligations and reserves all rights with respect to them.

**MOR-6:**

Based on the books and records in her possession, the Chapter 11 Trustee believes that no payments to insiders were made during this reporting period.

| In re | Premium Designated | | Case No. | 13098 (REG) (Jointly Administered) |
|---|---|---|---|---|
| | **Debtor** | | **Reporting Period:** | 04/01/2014 - 04/30/2014 |

### SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

Amounts reported should be from the debtor's books and not the bank statement. The beginning cash should be the ending cash from the prior month or, if this is the first report, the amount should be the balance on the date the petition was filed. The amounts reported in the "CURRENT MONTH -ACTUAL" column must equal the sum of the four bank account columns. Attach copies of the bank statements and the cash disbursements journal. The total disbursements listed in the disbursements journal must equal the total disbursements reported on this page. A bank reconciliation must be attached for each account. [See MOR-1 (CON'T)]

| | BANK ACCOUNTS | | | | | | |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NUMBER (LAST 4)** | Wilmington Trust[2] (1000) | Citco Banking Corporation N.V.[1] (6200) | Citco Banking Corporation N.V.[1] (6201) | Citibank, N.A.[3] (7727) | Citibank, N.A.[3] (1220) | Citibank, N.A.[3] (7475) | CURRENT MONTH ACTUAL (TOTAL OF ALL ACCOUNTS) |
| **CASH BEGINNING OF MONTH** | 10.92 | 823,630.33 | 147.29 | 4,079.84 | 497,410.71 | 1,994,227.78 | 3,319,506.87 |
| **RECEIPTS** | | | | | | | |
| CASH SALES | | | | | | | - |
| ACCOUNTS RECEIVABLE - PREPETITION | | | | | | | - |
| ACCOUNTS RECEIVABLE - POSTPETITION | | | | | | | - |
| LOANS AND ADVANCES | | | | | | | - |
| SALE OF ASSETS | | | | | | | - |
| OTHER *(ATTACH LIST)* | | | 0.86 | 0.17 | 2,905.76 | 327.84 | 3,234.63 |
| TRANSFERS *(FROM DEBTOR ACCTS)* | | | | | | | - |
| **TOTAL RECEIPTS** | - | - | 0.86 | 0.17 | 2,905.76 | 327.84 | 3,234.63 |
| **DISBURSEMENTS** | | | | | | | |
| NET PAYROLL | | | | | | | - |
| PAYROLL TAXES | | | | | | | - |
| SALES, USE, & OTHER TAXES | | | | | | | - |
| INVENTORY PURCHASES | | | | | | | - |
| SECURED/ RENTAL/ LEASES | | | | | | | - |
| INSURANCE | | | | | | | - |
| ADMINISTRATIVE | | | | | | | - |
| SELLING | | | | | | | - |
| OTHER *(ATTACH LIST)* | | (75.00) | (75.38) | | | | (150.38) |
| OWNER DRAW * | | | | | | | - |
| TRANSFERS *(TO DEBTOR ACCTS)* | | | | | | | - |
| PROFESSIONAL FEES | | | | | | | - |
| U.S. TRUSTEE QUARTERLY FEES | | | | | | | - |
| COURT COSTS | | | | | | | - |
| **TOTAL DISBURSEMENTS** | - | (75.00) | (75.38) | - | - | - | (150.38) |
| | | | | | | | |
| **NET CASH FLOW** (RECEIPTS LESS DISBURSEMENTS) | - | (75.00) | (74.52) | 0.17 | 2,905.76 | 327.84 | 3,084.25 |
| | | | | | | | |
| **CASH – END OF MONTH** | 10.92 | 823,555.33 | 72.77 | 4,080.01 | 500,316.47 | 1,994,555.62 | 3,322,591.12 |

* COMPENSATION TO SOLE PROPRIETORS FOR SERVICES RENDERED TO BANKRUPTCY ESTATE

| | |
|---|---|
| **TOTAL DISBURSEMENTS** | (150.38) |
|     LESS: TRANSFERS TO OTHER DEBTOR ACCOUNTS | - |
|     PLUS: ESTATE DISBURSEMENTS MADE BY OUTSIDE SOURCES (i.e. from escrow accounts) | - |
| **TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES** | (150.38) |

[1] Citco activity recorded is based on the Citco Transaction History Enquiry received on May 30, 2014 for the period ended May 15, 2014. Therefore, the opening balance at the beginning of April 2014 has been revised to reflect the current amount of cash on hand, as balances shown in previous reporting periods reflected the balance as of September 25, 2013. On May 28, 2014, Citco transferred the cash in this account to the Chapter 11 Trustee. This will be reported in the Monthly Operating Report for May 2014.

[2] Wilmington Trust account balance above is as of April 30, 2014.

[3] Citibank account balance is as of April 30, 2014. The Citibank Accounts were opened in February and March 2014 by Corinne Ball, in her capacity as Chapter 11 Trustee of Premium Designated. Euro-denominated funds have been converted to US Dollars as of April 30, 2014 for the purposes of this report.

| In re | Premium Designated | | Case No. | 13098 (REG) (Jointly Administered) |
|---|---|---|---|---|
| | **Debtor** | | **Reporting Period** | 04/01/2014 - 04/30/2014 |

MOR-1 Con. Schedule of Cash Receipts and Disbursements[1]

### Wilmington Trust
Account Ending In XXXX91

| Date | Description | | Activity |
|---|---|---|---|
| 4/1/2014 | Opening Balance | | 10.92 |
| | | | - |
| 4/30/2014 | Balance | | 10.92 |

### Citco Banking Corporation N.V.
Account Ending In XXXXXXXXX00

| Date | Description | | Activity |
|---|---|---|---|
| 4/1/2014 | Opening Balance | | 823,630.33 |
| 4/1/2014 | Service charges paid | | (75.00) |
| 4/30/2014 | Balance | | 823,555.33 |

### Citco Banking Corporation N.V.
Account Ending In XXXXXXXXX01 (EUR)

| Date | Description | | Activity |
|---|---|---|---|
| 4/1/2014 | Opening Balance | | 147.29 |
| 4/1/2014 | Service charges paid | | (75.38) |
| 4/30/2014 | Foreign Currency Translation | | 0.86 [2] |
| 4/30/2014 | Balance | | 72.77 |

### Citibank, N.A.
Account Ending In XXXXXXXXX27

| Date | Description | | Activity |
|---|---|---|---|
| 4/1/2014 | Opening Balance | | 4,079.84 |
| 4/30/2014 | Interest Earned | | 0.17 |
| 4/30/2014 | Balance | | 4,080.01 |

### Citibank, N.A.
Account Ending In XXXXXXXXX20 (EUR)

| Date | Description | | Activity |
|---|---|---|---|
| 4/1/2014 | Opening Balance | | 497,410.71 |
| 4/30/2014 | Interest Earned | | 18.58 |
| 4/30/2014 | Foreign Currency Translation | | 2,887.18 [2] |
| 4/30/2014 | Balance | | 500,316.47 |

### Citibank, N.A.
Account Ending In XXXXXXXXX75

| Date | Description | | Activity |
|---|---|---|---|
| 4/1/2014 | Opening Balance | | 1,994,227.78 |
| 4/30/2014 | Interest Earned | | 327.84 |
| 4/30/2014 | Balance | | 1,994,555.62 |

[1] Amounts based on last statements received and reviewed as noted on MOR-1.

[2] Please refer to the foreign exchange translation schedule.

**Foreign Exchange Translation**

**EUR (Citibank)[1]**

|  | 3/31/2014 | 4/30/2014 |
|---|---:|---:|
| Currency owned | 360,887.33 | 360,900.73 |
| FX Rates | 1.3783 | 1.3863 |
| USD Amount | 497,410.71 | 500,316.47 |
|  | FX Translation Gain | 2,887.18 |

**EUR (Citco)[2]**

|  | 3/31/2014 | 4/30/2014 |
|---|---:|---:|
| Currency owned | 106.86 | 52.49 |
| FX Rates | 1.3783 | 1.3864 |
| USD Amount | 147.29 | 72.77 |
|  | FX Translation Gain | 0.86 |
|  | **TOTAL FX Translation Gain** | **2,888.04** |

[1] 03/31/2014 and 04/30/2014 FX Rates are taken from Citibank Bank Account Statements
[2] 03/31/2014 and 04/30/2014 FX Rates are taken from Citco Account Statements

| In re | Premium Designated | Case No. | 13098 (REG) (Jointly Administered) |
|---|---|---|---|
| | **Debtor** | **Reporting Period** | 04/01/2014 - 04/30/2014 |

## PREMIUM DESIGNATED

STATEMENT OF OPERATIONS
*(Unaudited)*

| | For the period April 01, 2014 - April 30, 2014[4] | Cumulative Post-Petition Period[4] | |
|---|---:|---:|---|
| **Income (Loss) from Investing Activities:** | | | |
| Net Realized/Unrealized Trading Gains (Loss) | $ - | $ - | [1] |
| Unrealized Gain (Loss) on Foreign Currency Translation | 2,888.04 | 15,904.98 | [2] |
| Income (Loss) from Affiliates | - | - | |
| Dividend Income, net | - | - | |
| Reserves | - | - | |
| Other Income | - | - | |
| Earned Interest Income | 346.59 | 566.62 | [3] |
| Total Income (Loss) from Investing Activities | $ 3,234.63 | $ 16,471.60 | |
| | | | |
| **Operating Expenses:** | | | |
| Net Interest Expense | - | - | |
| Administrative Expense | - | - | |
| Legal Expense | - | - | |
| Consulting Expense | - | - | |
| Other Expense | 150.38 | 3,150.38 | |
| Total Operating Expenses | 150.38 | 3,150.38 | |
| | | | |
| **Reorganization Items:** | | | |
| Professional and Chapter 11 Trustee Fees and Expenses | - | 12,493.87 | |
| U.S. Trustee Fees | - | 975.00 | |
| Total Reorganization Items | - | 13,468.87 | |
| **Net Income (Loss)** | $ 3,084.25 | $ (147.65) | |

This Statement should be read in conjunction with the accompanying Notes herein.

[1] The net realized/unrealized trading gains (loss) are an estimate based on information received. It should be noted that no underlying investment statements have been received by the Chapter 11 Trustee for the period post August 31, 2013.

[2] Unrealized Gain/(loss) on Foreign Currency Translation based on the Citco and Citibank bank accounts.

[3] Interest Income earned from the Wilmington Trust bank accounts and Citibank Accounts.

[4] Amounts on the Statement of Operations only include transactions that have occurred to date and are documented by cash receipts rather than those that have been accrued to date but not paid, including those that might be, or are, objected to by the Chapter 11 Trustee. These accrued but unpaid fees and expenses are only shown on the Statement of Financial Position for both the current reporting period and the cumulative post-petition period.

| In re | Premium Designated | Case No. | 13098 (REG) (Jointly Administered) |
|---|---|---|---|
| | **Debtor** | **Reporting Period** | 04/01/2014 - 04/30/2014 |

## PREMIUM DESIGNATED

Statement of Financial Position
*(Unaudited)*

| | **April 30, 2014** | **March 31, 2014** | **September 24, 2013** |
|---|---:|---:|---:|
| **Assets:** | | | |
| Cash | $ 3,322,591.12 [1] | $ 3,189,042.97 | $ 3,081,007.20 |
| Richcourt Related Investments | | | - |
| Unaffiliated Investments | 2,508,480.53 [2] | 2,508,480.53 | 2,508,480.53 |
| **Total Assets** | **5,831,071.65** | **5,697,523.50** | **5,589,487.73** |
| | | | |
| **Liabilities:** | | | |
| Post-Petition Accrued Expenses | 283,137.56 [3] | 561,796.37 | - |
| Post-Petition Due to Affiliates | | | - |
| Reserves | 260,736.16 [4] | 183,091.37 | - |
| | 543,873.72 | 744,887.74 | - |
| | | | |
| Liabilities Subject to Compromise: | | | |
| Redemptions Payable | - | - | - |
| Pre-Petition Management Fees | 127,938.09 | 127,938.09 | 127,938.09 |
| Pre-Petition Accrued Expenses | 53,619.88 | 41,900.00 | 34,000.00 |
| Total Liabilities Subject to Compromise | 181,557.97 | 169,838.09 | 161,938.09 |
| | | | |
| **Total Liabilities** | **725,431.69** | **914,725.83** | **161,938.09** |
| | | | |
| **Capital** | **5,105,639.96** | **4,782,797.67** | **5,427,549.64** |

This Statement should be read in conjunction with the accompanying Notes.

As a result of the Debtor's bankruptcy filing, the Debtor's prepetition indebtedness is subject to compromise. The obligations presently classified as "Liabilities Subject to Compromise" on the Debtor's statement of financial position reflect the Debtor's former management's estimate of known or potential liabilities as of the Petition Date and invoices received for pre-petition services.

[1] Citco balances as of April 30, 2014 are derived from the Citco Transaction History Enquiry received on May 30, 2014 for the period ended May 15, 2014.

[2] See note regarding Unaffiliated Investments on page 4 of this Monthly Operating Report.

[3] Postpetition Accrued Expenses includes, among other things, (a) professional and Chapter 11 Trustee fees and expenses allocated to the Debtor as set forth in the accompanying Notes and (b) administrative claims filed against the Debtor. The Chapter 11 Trustee reserves all rights with respect to the responsibility of the Soundview Debtors' estates for these fees and expenses and claims, including the right to object to these on any grounds. The Chapter 11 Trustee has objected to (a) the First Interim Fee Application of Porzio, Bromberg & Newman, P.C. and (b) the First Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses of CohnReznick. She might object to other professional fees and expenses in the future. Administrative claims in the amount of $32,277.98 have been filed against the Debtor. The Chapter 11 Trustee has objected to the allowance and payment of certain of these claims as administrative expenses of the Soundview Debtors and reserves all her rights with respect to all such claims. See also footnote 1 on the Schedule of Payments to Professionals.

[4] Reserves are for the estimated fees and expenses of Jones Day, counsel to the Chapter 11 Trustee, and Kinetic Partners, financial consultant to the Chapter 11 Trustee, through April 30, 2014 as allocated to the Debtor as set forth in the accompanying Notes.

In re **Premium Designated**                                                                 Case No. **13098 (REG) (Jointly Administered)**
**Debtor**                                                                                    Reporting Period: **04/01/2014 - 04/30/2014**

## PAYMENTS TO INSIDERS AND PROFESSIONALS

Of the total disbursements shown on the Cash Receipts and Disbursements Report (MOR-1) list the amount paid to insiders (as defined in Section 101(31) (A)-(F) of the U.S. Bankruptcy Code) and to professionals. For payments to insiders, identify the type of compensation paid (e.g. Salary, Bonus, Commissions, Insurance, Housing Allowance, Travel, Car Allowance, Etc.). Attach additional sheets if necessary.

| INSIDERS | | | | |
|---|---|---|---|---|
| NAME | TYPE OF PAYMENT | AMOUNT PAID | TOTAL PAID TO DATE | TOTAL INCURRED & UNPAID* |
| Floyd E. Saunders | | | | 1,678.44 |
| George E. Ladner | | | | 1,678.44 |
| Stewart A. Turner | | | | 8,413.66 |
| RF Services, LLC | | | | 3,975.00 |
| Soundview Capital Management | | | | 14,854.00 |
| Alphonse Fletcher | | | | 1,678.44 |
| | | | | |
| TOTAL PAYMENTS TO INSIDERS | | | | 32,277.98 |

* The Chapter 11 Trustee has objected to the allowance and payment of these amounts as administrative expenses of the Soundview Debtors and reserves all her rights with respect hereto.

| PROFESSIONALS[1] | | | | | |
|---|---|---|---|---|---|
| NAME | DATE OF COURT ORDER AUTHORIZING PAYMENT | AMOUNT APPROVED | AMOUNT PAID | TOTAL PAID TO DATE | TOTAL UNPAID* |
| Porzio, Bromberg & Newman, P.C. | | | | | 180,823.34 |
| CohnReznick LLP | | | | | 25,777.04 |
| Richards, Layton & Finger P.A. (counsel to Wilmington Trust P.A.) | 2/20/14 (Docket No. 188)[2] | 12,493.87 | 12,493.87 | 12,493.87 | - |
| Patterson Belknap Webb & Tyler LLP | | | | | 20,486.60 |
| TOTAL PAYMENTS TO PROFESSIONALS | | 12,493.87 | 12,493.87 | 12,493.87 | 227,086.99 |

* The amounts are allocated between the Soundview Debtors based on the allocation percentages set forth in the accompanying Notes. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Soundview Debtors' estates for these fees and (b) the amounts and priority thereof. Furthermore, the Chapter 11 Trustee is in the process of confirming that all amounts listed are for services rendered through April 2014.

[1] Monthly Operating Reports of the Debtor filed in previous reporting periods included professional fees asserted by Loeb, Smith & Brady, Smeets Law, Morrison & Foerster LLP, and Matthew Wright and Peter Anderson as Cayman Islands Joint Official Liquidators. The Chapter 11 Trustee has determined that such amounts are not properly allocable to the Debtor, as the Debtor is not subject to Cayman Islands winding up proceedings. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Soundview Debtors' estates for these fees and (b) the amounts and priority thereof.

[2] By Agreed Order dated February 20, 2014 (Docket No. 188), Wilmington Trust was authorized to deduct $92,963.24 on a pro rata basis from accounts attributable to each of the Soundview Debtors to pay for attorneys' fees, custodian fees and certain costs.

### POST-PETITION STATUS OF SECURED NOTES, LEASES PAYABLE AND ADEQUATE PROTECTION PAYMENTS

| NAME OF CREDITOR | SCHEDULED MONTHLY PAYMENT DUE | AMOUNT PAID DURING MONTH | TOTAL UNPAID POST-PETITION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL PAYMENTS | | | |

**In re** Premium Designated  **Case No.** 13098 (REG) (Jointly Administered)
**Debtor**  **Reporting Period:** 04/01/2014 - 04/30/2014

# DEBTOR QUESTIONNAIRE[1]

| | Must be completed each month. If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No |
|---|---|---|---|
| 1 | Have any assets been sold or transferred outside the normal course of business this reporting period? | | x |
| 2 | Have any funds been disbursed from any account other than a debtor account this reporting period? | | x |
| 3 | Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | x |
| 4 | Are workers compensation, general liability or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | x |
| 5 | Is the Debtor delinquent in paying any insurance premium payment? | | x |
| 6 | Have any payments been made on pre-petition liabilities this reporting period? | | x |
| 7 | Are any post petition receivables (accounts, notes or loans) due from related parties? | | x |
| 8 | Are any post petition payroll taxes past due? | | x |
| 9 | Are any post petition State or Federal income taxes past due? | | x |
| 10 | Are any post petition real estate taxes past due? | | x |
| 11 | Are any other post petition taxes past due? | | x |
| 12 | Have any pre-petition taxes been paid during this reporting period? | | x |
| 13 | Are any amounts owed to post petition creditors delinquent? | | x |
| 14 | Are any wage payments past due? | | x |
| 15 | Have any post petition loans been received by the Debtor from any party? | | x |
| 16 | Is the Debtor delinquent in paying any U.S. Trustee fees? | | x |
| 17 | Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | x |
| 18 | Have the owners or shareholders received any compensation outside of the normal course of business? | | x |

[1] The answers to this questionnaire are based on the current results of the Chapter 11 Trustee's investigation and may be revised when more information becomes available.