Alphonse Fletcher, Jr.
48 Wall Street, Fourth Floor
New York, NY 10005
(212) 284-4800

UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF NEW YORK

| In re: | |
|---|---|
| SOUNDVIEW ELITE LTD., et al | Chapter 11 |
| Debtors. | Case No. 13-13098 (REG) |
| | (Jointly Administered) |

### ALPHONSE FLETCHER, JR.'S JOINDER IN PART
### IN THE CHAPTER 11 TRUSTEE'S OBJECTION TO THE MOTION TO DISMISS AND
### IN THE MUHO MOTION TO REMOVE THE CHAPTER 11 TRUSTEE

Alphonse Fletcher, Jr., a party-in-interest in this case, proceeding *pro se*[1] hereby joins in part in the motion by Gerti Muho to remove the chapter 11 trustee (Docket 291) and joins in part in the objection (Docket 299) by Corinne Ball ("Trustee"), chapter 11 trustee in the cases *In re Soundview Elite, Ltd. et al*, to Gerti Muho's motion to dismiss these chapter 11 cases. The Trustee described many of the compelling reasons why Mr. Muho's motion to dismiss these proceedings and award control of the debtors should not be granted. Despite already accruing expenses that exceed $3 million, more than 10% of the estate, the Trustee avoided addressing other reasons why Mr. Muho's motion to dismiss should fail, reasons that justify Mr. Muho's motion to replace the chapter 11 trustee. Though obscured by editing and excerpting, additional details of the adverse role played by parties associated with Dakota Inc. and Angelo, Gordon & Co. arise upon a review of Mr. Muho's activities which have so harmed these estates.

---

[1] I respectfully request that the Court accept these statements in spite of any procedural missteps including timing, structure, language, or other formalities. I humbly request that any parties aware of such shortcomings immediately inform me of such in the interests of protecting the integrity of the system.

The Fletcher March 21, 2014 Motion to Compel Compliance with Bankruptcy Code and Rules (Docket 481, "March 21 Motion") put the Court, the US Trustee program, and all parties on notice of undisclosed connections by parties associated with Dakota Inc. and $25 billion bankruptcy arbitrage hedge fund Angelo, Gordon & Co. whose founder is Dakota shareholder-treasurer John Angelo ("Dakota Parties"). Mr. Muho's activities and filings reveal coordination with, involvement of, and interference by at least five of the parties identified in the March 21 Motion, JPMorgan Chase, Weil, Gotshal Manges LLP, Morrison & Forester LLP, Pasig, Ltd., and Kasowitz Benson Torres & Friedman LLP. The March 21 Motion also summarized some of the disclosed and undisclosed connections of concern held by the Trustee and her advisors.

Soundview Trustee Corinne Ball and her law firm, Jones Day, attested to having no interests adverse to the estates. Yet it disclosed its current work for Soundview estate adversaries, including Citco (which filed Cayman Island wind up petitions against Soundview funds), JPMorgan Chase, Credit Suisse, HSBC, and others. Ms. Ball did not disclose other relevant work.

> Corinne Ball and Jones Day retention applications as Soundview fiduciaries did not include certain connections included in prior retention applications. Some of those connections are to parties that are targets for significant claims in these cases including Ernst & Young, Zolfo Cooper, D.E. Shaw, and Angelo Gordon, and News Corporation.[2]

The Trustee's financial advisor, Geoffrey Varga of Kinetic Partners, attested to having no interests adverse to the estates. Yet Kinetic disclosed current work for Soundview estates adversaries including Citco affiliates, Credit Suisse, and HSBC. It also disclosed previous work with five adversaries of the estates: Firefighters' Retirement System, Municipal Employees' Retirement System of LA, New Orleans Fire Fighters

---

[2] Applications to Employ Jones Day in *In re Tribune Company* 08-13141 (KJC), *In re AMR Corporation* 11-15463 (SHL), *In re Lehman Holdings Inc ,et al.* 08-13.555 (JMP)

Pension &, Relief Fund, Walkers Legal Services (which failed to disclose its conflicts with many of these same parties), Wilmington Trust National Association (which froze the Soundview funds' accounts). Mr. Varga did not disclose other relevant work.

> Geoffrey Varga of Kinetic Partners, Soundview Financial Advisor, did not disclose his work with Quinn Emanuel since 2010 on a multi-billion dollar Cayman windup and related chapter 15 proceeding[3] with Quinn Emanuel whom the Dakota retained in 2010 to plan its campaign against my funds, months prior to my 2011 lawsuit against the Dakota. Mr. Varga did not disclose that Young Conaway tried to appoint him as an "independent fiduciary" for Fletcher International, Ltd. Nor did disclose that the Louisiana Officials and Young Conaway replaced the manager of another fund group with Kinetic described in "Kinetic goes 'zombie' hunting" in a July 23, 2012 Pension and Investments article.[4] Mr. Varga did not disclose his efforts with Young Conaway in the Fletcher International, Ltd. case or Young Conaway's August 20, 2012 "independent fiduciary" proposal to this Court in which it suggested "a gentleman named Geoff Varga, who's from a company called KineticPartners"[5] as one of the candidates.

Ms. Ball writes on page 11 of her objection:

> The notion that a party who has a judgment against him for stealing money from the Debtors should be able to remove a Court appointed chapter 11 trustee so he can get control over the Debtors and conduct an investigation into his own actions is contrary to all notions of justice and equity.

As contrary to al notions of justice and equity is the notion that fiduciaries swearing to be disinterested and free of any adverse interest would in fact "serve as agent or attorney for any

---

[3] Kinetic Partners' website: www.kinetic- artners.com

[4] "Pension and Investments,""Kinetic goes 'zombie' hunting — The consulting firm just entered the business of dismantling illiquid funds," July 23, 2012, Christine Williamson
Specifically, Kinetic just entered the business of dismantling illiquid "zombie" private equity and hedge funds, said Geoff Varga, partner and global head of the New York-based firm's corporate recovery and restructuring practice... "We are a liquidator with a different wrapper and our ability to take over management of the fund gives us another layer of control over the fund's assets, allowing us to give fund investors more input into how they want the wind-down process to go," Mr. Varga said... The firm is in the process of registering with the Securities and Exchange Commission as a money manager, but already received its first assignment as replacement money manager for the Commonwealth and Sand Spring Capital hedge fund families. The nine funds were managed by Commonwealth Advisors Inc., Baton Rouge, La. Commonwealth filed for Chapter 11 bankruptcy protection on behalf of the funds in late 2011

[5] *In re Fletcher International, Ltd* August 20, 20.12

individual or entity holding such an adverse interest.[6]" A trustee, attorney, or financial advisor representing a debtor-in-possession while also representing a party-in-interest, even in unrelated matters, must be disqualified. "[W]hen such client has an interest adverse to the estate, then such attorney is no longer considered disinterested."[7]

If the professional sought to be employed does not satisfy this standard, the Code prohibits the court from authorizing his or her employment. "Section 327 does not allow these limitations to be excused by waiver."[8] The Trustee should be replaces and Mr. Muho should not be granted control of the Debtors.


Dated: San Francisco, CA
July 29, 2014

*[signature]*

Alphonse Fletcher, Jr.
Party-in-Interest *pro se*
48 Wall Street, 4th Floor
New York, NY 10005
(212)284-4800

Attachment:
Mr. Muho's Florida Complaint

---

[6] *In re Tinley Plaza Assoc.*, 142 B.R. at 277; *In re Roberts*, 46 B.R. at 827

[7] *In re Environdyne Industries, Inc.* 150 B.R. 1008 (Bankr. N.D. Ill. 1993)

[8] *In re Amdura*, 121 B.R. 862, 866 (Bankr.D.Colo.1990).