Gerti Muho
1100 Biscayne Blvd. 5303
Miami, FL 33132
Tel: 2123003826
Email: gm@gmcapital.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————x

In the matter of:                        x         Case No. 13-13098-reg

    SOUNDVIEW ELITE, LTD., et al.   x

                      Debtors,     x

————————————————————x

**PARTY GERTI MUHO'S WRITTEN RESPONSE TO TRUSTEE'S OBJECTION TO PARTY GERTI MUHO'S MOTION TO REMOVE TRUSTEE, TO DISMISS THIS ACTION, AND OTHER AND FURTHER RELIEF**

It appears as though the court appointed Trustee, Corine Ball is now acting as the mouthpiece for Alphonse "Buddy" Fletcher, Citco Group Ltd., Deborah H. Midanek and the rest of the "community". She parrots their positions in her motion to allow those that defraud the court to get away with millions while she, their selected trustee, is paid handsomely to sit on her hands and spout fancy phrases like stare decisis and laches. But that is just not how justice and equity work.

If the Trustee wants stare decisis, then she should stare, and maybe even triple stare, at the Delaware merger certificate filed June 3, 2013 and effective june 9, 2013, merging the "debtors" into Leveraged Hawk, Inc. The merger certificate is not now being challenged, and has

never been challenged, anywhere. That merger is effective and binding on all parties. It is the law. It is the law that binds the parties. It is the law that even Peter Harvey, the community's crooked attorney general, could not and did not dare to challenge. It's the law I dared them all to challenge. Yet neither Mr. Harvey, nor the Trustee, nor anyone stood up to answer my challenge in the Delaware Chancery interpleader complaint I filed and fully served them all with.

On laches, and on remaining arguments the Trustee parrots in her motion, it has been 13 months since the merger certificate has been effective and unchallenged. Yet it's best that the Trustee cease saying such things and cease acting for the benefit of parties who are adverse to these entities investors; those adverse parties who are here in Bankruptcy Court only to steal as much as possible and retreat. Or to attempt their retreat, as the record evidences.

The Trustee can spout ivory tower phrases while I risk my life for the investors. Yet I, personally, owe the investors over a hundred million dollars; personally, as their sole SEC registered investment adviser, and as their sole legal representative. I clearly owe the investors the funds of their assets. Assets my clear liability as their only SEC registered adviser evidences I rightfully control.

The SEC Registered Investment Adviser holds a federal lien on the assets. Buddy, Midanek, Floyd Saunders, George Lardener, and even the Trustee whose authority derives from theirs, are in clear violation of US Securities law? They are all attempting to take assets away from a lawful fiduciary of the Investors who personally owes the assets to the investors, and intending in large part parcel the Investor's assets out to parties that are adverse to the Investors true interest. The law is clear; I am the sole rightful representative of the investors. Their sole true fiduciary. And the law is the law. It doesn't matter who I am, how late they claim I am, how

much money is at stake, or how it makes people feel. What matters is that I am rightfully in control of the assets under the law.

Laches? Case Law of the Case? Fraud on the courts. First, I was never made a party to this case. The filings make that evident. Until I made myself a party in this case by the instant motion at issue here. I didn't have notice. I was more than slightly preoccupied with getting my electricity and water to run because all my accounts and assets were blocked or frozen since September, 2013. I had to fight Peter Harvey's ex-parte theft or freeze of my and my Investor's money, based on Floyd Saunder's affidavit that was itself based on information he swore he learned secondhand from the community and Harvey's law firm associate that swore the need for an "emergent" action existed based on being in on a court telephone conference in Delaware and that I was trying to hire attorneys to help me prevent theft of the investor's funds. Such papers are insufficient as a matter of law under the Rules of Civil Procedure to support the ex-parte TRO that robbed me of my ability to defend myself, to appear in multiple courts across the country simultaneously, and to seek recovery for the investors.

How exactly did Jones Day expect me to come to this court when the crooks that lied to this court were trying to get me arrested in New York on false charges? So how am I late getting here? The fraudulent parties before the court tried to harm me, threatened to kill me, and tried to arrest me.

On the subject of thieves, Jones Day is now itself a thief by virtue of wasting time and opportunities for me to recover for the investors. Investigate me? I am an open book. Everyone in the world that knows everything that I have done. I have spent a year of my life in the most horrid conditions screaming at the top of my lungs everything that I have done for my investors,

the People of these United States, and the integrity of the legal system. I am an open book that nobody seems interested to read. In the case of the Trustee, an open book that some have a vested financial interest in not reading.

If the Trustee wants to investigate me, I have told everyone what i did wrong. I transferred four million dollars from Soundview Elite, Ltd., to Fletcher International Inc., on behalf of Buddy in March, one hundred thousand dollars to Weil Gotshall & Manges in April, and wired thirty thousand dollars to Jones Day LLP on behalf of Buddy in mid-april, 2013. This also should take care of the argument put forward by a certain ill-informed or ill-intentioned Trustee that I had no authority after April 3, 2013. And then, when I realized that I had made these transfers for Buddy's personal interest I decided to turn against Buddy and the "community" and against my best interest for the purpose of preserving my integrity.

As for the national disgrace that is Harvey's lawsuit against me in the Southern District of New York, included herein as Exhibit A is the civil cover sheet of the action that was mysteriously never filed and the PACER's docket summary, which all cite Magistrate Judge Kevin Nathaniel Fox's name on them as the Assigned Judge. District Judge Analisa Torres name is mysteriously contradictory to other court documents of the same date, making her rulings are void ab initio.

The question on the merits of my control of the entities has never been adjudicated in any court. There is no stare decisis or res judicata where one is not made a party, as in Delaware, where I was not made a party. And there is no stare decisis or res judicata that can arise from a judgement that is void ab initio.

Furthermore, I am the best party to pursue, not investigate, but pursue actions against the parties that have defrauded and stolen from the investors. While the parties that have defrauded this court have wasted precious time, and a significant sum of money "investigating" how Buddy's operation functioned, I have already reviewed hundreds of thousands of documents, the product being the antitrust action against, among others, JP Morgan Chase, Citco, and others. That action still needs to be pursued, as the only thing preventing a recovery on the merits in that circumstance is that Buddy decided to defraud this court and freeze all of my assets by suing me in a number of different jurisdictions while I had to simultaneously defend myself pro-se due to a total lack of funding and also pursue the investor's claims against the parties that have stolen millions from them.

It's time for this charade to end. And Gerti Muho's motion to remove the trustee should be granted. Party in Interest Gerti Muho, acting pro-se, respectfully submits this written response to the court, and again requests that this court put him back in control of the assets that he now controls by right and law.

Gerti Muho, pro se.

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |
| | ☐ a. all parties represented | | | | | |
| | ☐ b. At least one party is pro se. | | | | | |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT | ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☒ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | ☒ 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☒ 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Soundview Elite, Ltd. and Vanquish Fund, Ltd.
dms Corporate Services Ltd.,
dms House, 20 Genesis Close
Grand Cayman KY1-1108

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Gerti Muho
20 Exchange Place, 4504
New York, New York 10005

Leveraged Hawk, Inc.
1679 South DuPont Highway, Suite 100,
Dover, Delaware 19901

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ MANHATTAN
(DO NOT check either box if this is a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 4/27/13    SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
☒ YES (DATE ADMITTED Mo. June  Yr. 1984 )
Attorney Bar Code # PH7368

Magistrate Judge is to be designated by the Clerk of the Court MAG. JUDGE K. FOX

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

SDNY CM/ECF Version 5.1.1 13-13098-reg    Doc 305    Filed 08/04/14    Entered 08/04/14 16:00:22    Main Document    8/4/14, 11:37 AM
Pg 7 of 15

CLOSED,ECF,PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:13-cv-06895-AT

| | |
|---|---|
| Soundview Elite Ltd. et al v. Muho et al | Date Filed: 09/27/2013 |
| Assigned to: Judge Analisa Torres | Date Terminated: 04/04/2014 |
| Cause: 28:1332 Diversity-Personal Injury | Jury Demand: Plaintiff |
| | Nature of Suit: 370 Fraud or Truth-In-Lending |
| | Jurisdiction: Diversity |

**Plaintiff**
**Soundview Elite Ltd.**                represented by    **Ethan Michael Krasnoo**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212)-336-2208
Fax: (212)-336-2367
Email: ekrasnoo@pbwt.com
*ATTORNEY TO BE NOTICED*

**Michael James Dailey**
Jones Day (NYC)
222 East 41st Street
New York, NY 10017
(212)-326-3901
Fax: (212)-755-7306
Email: mjdailey@jonesday.com
*ATTORNEY TO BE NOTICED*

**Nicolas Commandeur**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2483
Fax: (212) 336-2222
Email: ncommandeur@pbwt.com
*ATTORNEY TO BE NOTICED*

**Peter C. Harvey**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

(212)-336-2810
Fax: (212)-336-2222
Email: pcharvey@pbwt.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vanquish Fund Ltd.**       represented by    **Ethan Michael Krasnoo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicolas Commandeur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter C. Harvey**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Gerti Muho**       represented by    **Gerti Muho**
1100 Biscagne Blvd. 5303
Miami, FL 33132
212.480.0001
Email: gm@gmcapital.net
PRO SE

**Ethan Michael Krasnoo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicolas Commandeur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter C. Harvey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leveraged Hawk, Inc.**       represented by    **Ethan Michael Krasnoo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicolas Commandeur**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter C. Harvey**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2013 | 1 | COMPLAINT against Leveraged Hawk, Inc., Gerti Muho. (Filing Fee $ 350.00, Receipt Number 1077764)Document filed by Soundview Elite Ltd., Vanquish Fund Ltd..(laq) (jd). (Entered: 09/30/2013) |
| 09/27/2013 | | SUMMONS ISSUED as to Leveraged Hawk, Inc., Gerti Muho. (laq) (Entered: 09/30/2013) |
| 09/27/2013 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (laq) (Entered: 09/30/2013) |
| 09/27/2013 | | Case Designated ECF. (laq) (Entered: 09/30/2013) |
| 10/02/2013 | 2 | SUMMONS RETURNED EXECUTED. Leveraged Hawk, Inc. served on 10/1/2013, answer due 10/22/2013; Gerti Muho served on 10/2/2013, answer due 10/23/2013. Document filed by Soundview Elite Ltd.; Vanquish Fund Ltd.. (Harvey, Peter) (Entered: 10/02/2013) |
| 10/15/2013 | 3 | NOTICE OF APPEARANCE by Ethan Michael Krasnoo on behalf of Soundview Elite Ltd., Vanquish Fund Ltd.. (Krasnoo, Ethan) (Entered: 10/15/2013) |
| 10/16/2013 | 4 | ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER FOR A PRELIMINARY INJUNCTION, ORDER OF ATTACHMENT, AND ORDER PERMITTING EXPEDITED DISCOVERY: ORDERED, that the Defendants Gerti Muho and Leveraged Hawk, Inc. appear before this Court in Courtroom 15D of the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on October 22, 2013, at 3:00 p.m., or as soon thereafter as counsel can be heard, to show cause why this Court should not, pursuant to Rule 65 of the Federal Rules of Civil Procedure, issue a preliminary injunction, pending the final hearing and determination of this action, enjoining and restraining Defendants, their agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, including Citibank, from withdrawing, selling, assigning, pledging, moving, transferring, or otherwise disposing of the Assets, wherever located, including documents authenticating the Assets and documents revealing the location of the Assets, in any medium such information may be kept, filed or stored, except upon direction of the Sheriff or pursuant to an order of this Court; and it is further ORDERED, that pending the hearing and determination of the motion for preliminary injunction, Defendants, any of their agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, including Citibank (together, the "Asset Restrained Parties") are temporarily enjoined and restrained from withdrawing, selling, assigning, pledging, moving, transferring, or otherwise disposing of the Assets, wherever located, or from permitting |

| | | |
|---|---|---|
| | | the Assets to become subject to a security interest or lien, except as otherwise provided in this Order; and it is further ORDERED, that Defendants should show cause why this Court should not, pursuant to Federal Rule of Civil Procedure ("FRCP") 64 and New York Civil Practice Law and Rules ("CPLR") Section 6201 et seq., direct the Sherriff of New York County to levy, pursuant to CPLR 6214, upon any funds, property, investments, and assets owned by Defendants, or any person or entity that has control, interest, signature authority, relationship, or influence upon any such funds, including but not limited to any funds, property, securities, or assets held at Citibank, including in Account No. 20563125, up and until the amount of $2,067,337.24, of which shall be delivered to the Sherriff, and it is further ORDERED, that within 3 business days of the entry of this Order, Plaintiffs post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of 10,000 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order, and that such undertaking, in the form of check or cash, shall be held in an interest-bearing account; and it is further ORDERED, that service of this Order, together with copies of the papers in support thereof, shall be made, by October 21, 2013, on the Defendants (but in any event, not in advance of the execution of any Order entered by this Court attaching and/or freezing the Assets); and it is further ORDERED, that the Defendants are hereby put on notice that failure to attend the Show Cause Hearing scheduled herein shall result in the immediate issuance and confirmation of the preliminary injunction and that the failure of the Defendants to respond to the Order to show cause by the allotted time shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Defendants shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Defendants in violation of its terms may be considered and prosecuted as contempt of this Court; and it is further ORDERED, that Defendants should show cause why Plaintiffs may not serve limited expedited non-party discovery on banks and financial institutions, including but not limited to Citibank, located in New York where defendants may hold assets or have transacted business, as detailed in the accompanying memorandum of law. (Show Cause Hearing set for 10/22/2013 at 03:00 PM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge Analisa Torres.) (Signed by Judge Analisa Torres on 10/16/2013) (rsh) (Entered: 10/16/2013) |
| 10/16/2013 | 5 | NOTICE OF APPEARANCE by Nicolas Commandeur on behalf of Soundview Elite Ltd., Vanquish Fund Ltd.. (Commandeur, Nicolas) (Entered: 10/16/2013) |
| 10/16/2013 | 6 | MEMORANDUM OF LAW in Support re: 4 Order to Show Cause,,,,,,,,,,,,,,,,,,. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Commandeur, Nicolas) (Entered: 10/16/2013) |
| 10/16/2013 | 7 | DECLARATION of Peter C. Harvey in Support re: 4 Order to Show Cause,,,,,,,,,,,,,,,,,,. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Attachments: # 1 Exhibit A)(Harvey, Peter) (Entered: 10/16/2013) |
| 10/16/2013 | 8 | AFFIDAVIT of Jane Metcalf in Support re: 4 Order to Show Cause,,,,,,,,,,,,,,,,,,. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Harvey, Peter) (Entered: 10/16/2013) |

| 10/16/2013 | 9 | AFFIDAVIT of Floyd Saunders in Support re: 4 Order to Show Cause,,,,,,,,,,,,,,,,,,. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Harvey, Peter) (Entered: 10/16/2013) |
|---|---|---|
| 10/16/2013 | 10 | DECLARATION of Ethan Krasnoo in Support re: 4 Order to Show Cause,,,,,,,,,,,,,,,,,,. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Attachments: # 1 Exhibit A)(Krasnoo, Ethan) (Entered: 10/16/2013) |
| 10/18/2013 | 11 | TRO BOND # CGB9112686 in the amount of $ 10,000.00 posted by Soundview Elite Ltd. and Vanquish Fund Ltd.. (jno) (Entered: 10/18/2013) |
| 10/21/2013 | 12 | AFFIDAVIT OF SERVICE of ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER FOR A PRELIMINARY INJUNCTION, ORDER OF ATTACHMENT, AND ORDER PERMITTING EXPEDITED DISCOVERY served on Defendants. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Harvey, Peter) (Entered: 10/21/2013) |
| 10/22/2013 |  | Minute Order Proceedings held before Judge Analisa Torres: Show Cause Hearing held on 10/22/2013. (mo) (Entered: 10/22/2013) |
| 10/23/2013 | 13 | LETTER addressed to Judge Analisa Torres from Nicholas Commandeur dated October 23, 2013 re: [Proposed] Order of Attachment. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Attachments: # 1 [Proposed] Order of Attachment, # 2 Certificate of Service)(Commandeur, Nicolas) (Entered: 10/23/2013) |
| 10/25/2013 | 14 | ORDER OF ATTACHMENT: ORDERED that an order of attachment be and the same hereby is GRANTED, and it is further ORDERED, that the amount to be secured by this order of attachment shall be two million sixty-seven thousand three-hundred thirty-seven dollars and twenty-four cents ($2,067,337.24), with interest, costs, and sheriffs fees and expenses. ORDERED that the Sheriff of New York City is directed to levy, pursuant to CPLR 6214 at any time before final judgment, upon any funds, property, investments and assets of Gerti Muho or Leveraged Hawk, Inc. situated in the State of New York, including any bank accounts where either Defendant or both Defendants have an ownership interest, including any accounts at Citibank, N.A., for the purpose of securing and satisfying the aforesaid sum of two million sixty-seven thousand three-hundred thirty-seven dollars and twenty-four cents ($2,067,337.24), and that the Sheriff shall proceed hereon within the time prescribed by law. (Signed by Judge Analisa Torres on 10/25/2013) (rsh) (Entered: 10/25/2013) |
| 10/25/2013 | 15 | TRANSCRIPT of Proceedings re: HEARING held on 10/22/2013 before Judge Analisa Torres. Court Reporter/Transcriber: William Richards, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/18/2013. Redacted Transcript Deadline set for 12/2/2013. Release of Transcript Restriction set for 1/26/2014.(Rodriguez, Somari) (Entered: 10/25/2013) |
| 10/25/2013 | 16 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an |

| | | |
|---|---|---|
| | | official transcript of a HEARING proceeding held on 10/22/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 10/25/2013) |
| 11/12/2013 | 17 | LETTER MOTION for Extension of Time *to take Deposition of Defendant Gerti Muho* addressed to Judge Analisa Torres from Nicolas Commandeur dated November 12, 2013. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd..(Commandeur, Nicolas) (Entered: 11/12/2013) |
| 11/13/2013 | 18 | ORDER granting 17 Letter Motion for Extension of Time: Plaintiffs' request that the deposition be adjourned until November 26, 2013, is GRANTED. The deposition shall take place on November 26, 2013 or another mutually agreeable date. (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (Torres, Analisa) (Entered: 11/13/2013) |
| 01/10/2014 | 19 | CLERK'S CERTIFICATE OF DEFAULT AS TO: Gerti Muho and Leveraged Hawk, Inc. (dt) (Entered: 01/10/2014) |
| 01/27/2014 | 20 | ORDER TO SHOW CAUSE: that Defendants Gerti Muho and Leveraged Hawk, Inc. shall show cause as to why this Court should not, pursuant to Rule 55 of the Federal Rules of Civil Procedure, enter a default judgment in the amount of $2,067,377.24 plus interests and costs, as well as punitive damages. Show Cause Hearing set for 3/6/2014 at 04:30 PM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge Analisa Torres. Personal service of this Order, together with copies of the papers in support thereof, shall be made, within five business days of the undersigned date, on Defendants. (Signed by Judge Analisa Torres on 1/27/2014) (tn) (Entered: 01/27/2014) |
| 02/28/2014 | 21 | DEFENDANTS' AFFIDAVIT NO. 1: KEY EVENTS LEADING TO LEVERAGED HAWK, INC. SURVIVING THE RICHCOURT MANAGEMENT COMPANIES. TIMELINE CHART INCLUDED. Document filed by Gerti Muho. (sc) (Entered: 02/28/2014) |
| 02/28/2014 | 22 | DEFENDANTS' AFFIDAVIT NO. 02: THE FOUNDING OF GM CAPITAL MANAGEMENT, INC. Document filed by Gerti Muho. (sc) (Entered: 02/28/2014) |
| 02/28/2014 | 23 | DEFENDANTS' AFFIDAVIT NO. 3: GM THREATENED AWAY FROM NEW YORK AND SUED EX PARTE UNDER FALSE OATHS. Document filed by Gerti Muho. (sc) (Entered: 02/28/2014) |
| 02/28/2014 | 24 | EMERGENCY MOTION TO DISSOLVE TRO ISSUED EX-PARTE ON 10/22/13. Document filed by Gerti Muho.(sc) (Entered: 02/28/2014) |
| 02/28/2014 | 25 | MOTION for Permission for Gerti Muho to participate in electronic case filing in this case. Document filed by Gerti Muho.(sac) (Entered: 02/28/2014) |
| 02/28/2014 | 26 | ORDER denying 24 Motion: Defendant's "emergency motion to dissolve TRO issued ex-parte on October 22, 2013" is DENIED. "[F]ederal courts have inherent power to strike frivolous motions." Mathis v. Martin, No. 13 Civ. 02597, 2013 WL 5609134, at |

| | | |
|---|---|---|
| | | *3 (D. Md. Oct. 11, 2013) (citations omitted). (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (Torres, Analisa) (Entered: 02/28/2014) |
| 02/28/2014 | 27 | ORDER. Defendant's "emergency motion to dissolve TRO issued ex-parte on October 22, 2013" is DENIED. "[F]ederal courts have inherent power to strike frivolous motions." Mathis v. Martin, No. 13 Civ. 02597, 2013 WL 5609134, at *3 (D. Md. Oct. 11, 2013) (citations omitted). The Clerk of Court is directed to mail a copy of this order to Pro Se Defendant. (Signed by Judge Analisa Torres on 2/28/2014) (rjm) (Entered: 03/03/2014) |
| 02/28/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 27 Order to the Docket Assistant Clerk for case processing. (rjm) (Entered: 03/03/2014) |
| 03/03/2014 | 28 | ORDER granting 25 MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING. So ordered. (Signed by Judge Analisa Torres on 2/28/2014) (rjm) (Entered: 03/03/2014) |
| 03/03/2014 | | Mailed a copy of 27 Order, to Gerti Muho 1100 Biscagne Blvd. 5303 Miami, FL 33132. (ca) (Entered: 03/03/2014) |
| 03/04/2014 | 29 | CONSENT LETTER MOTION for Extension of Time /*Adjourn Oral Argument from March 6, 2014 at 4:00PM until March 20, 2014* addressed to Judge Analisa Torres from Peter C. Harvey dated 03/04/2014. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd..(Harvey, Peter) (Entered: 03/04/2014) |
| 03/04/2014 | 30 | ORDER. Plaintiffs' request to adjourn the hearing scheduled for March 6, 2014, is GRANTED. The hearing is rescheduled to March 20, 2014, at 4:30 p.m. The Clerk of Court is directed to mail a copy of this order to Pro Se Defendant. (Show Cause Hearing set for 3/20/2014 at 04:30 PM before Judge Analisa Torres.) (Signed by Judge Analisa Torres on 3/4/2014) (rjm) (Entered: 03/04/2014) |
| 03/04/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 30 Order, Set Hearings to the Docket Assistant Clerk for case processing. (rjm) (Entered: 03/04/2014) |
| 03/05/2014 | | Mailed a copy of 30 Order, Set Hearings, to Gerti Muho 1100 Biscagne Blvd. 5303 Miami, FL 33132 (nt) (Entered: 03/05/2014) |
| 03/07/2014 | 31 | ORDER. The hearing scheduled for March 20, 2014 is rescheduled to April 2, 2014, at 4:30 p.m. The Clerk of Court is directed to mail a copy of this order to Pro Se Defendant. (Show Cause Hearing set for 4/2/2014 at 04:30 PM before Judge Analisa Torres.) (Signed by Judge Analisa Torres on 3/7/2014) (rjm) (Entered: 03/07/2014) |
| 03/07/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 31 Order, Set Hearings to the Docket Assistant Clerk for case processing. (rjm) (Entered: 03/07/2014) |
| 03/07/2014 | | Mailed a copy of 31 Order, Set Hearings, to Gerti Muho 1100 Biscagne Blvd. 5303 Miami, FL 33132 (nt) (Entered: 03/07/2014) |
| 03/08/2014 | 32 | FIRST MOTION to Dismiss for Lack of Jurisdiction. Document filed by Leveraged Hawk, Inc., Gerti Muho, Soundview Elite Ltd., Vanquish Fund Ltd..(Muho, Gerti) (Entered: 03/08/2014) |

| | | |
|---|---|---|
| 03/25/2014 | 33 | MEMORANDUM OF LAW in Opposition re: 32 FIRST MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Harvey, Peter) (Entered: 03/25/2014) |
| 03/25/2014 | 34 | DECLARATION of Peter C. Harvey in Opposition re: 32 FIRST MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Harvey, Peter) (Entered: 03/25/2014) |
| 03/27/2014 | 35 | LETTER addressed to Judge Analisa Torres from Peter C. Harvey dated March 27, 2014 re: Hearing on Pending Applications. Document filed by Soundview Elite Ltd., Vanquish Fund Ltd..(Harvey, Peter) (Entered: 03/27/2014) |
| 03/27/2014 | 36 | REPLY to Response to Motion re: 32 FIRST MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Gerti Muho. (Muho, Gerti) (Entered: 03/27/2014) |
| 04/04/2014 | | Minute Order Proceedings held before Judge Analisa Torres: Show Cause Hearing held on 4/4/2014. (Court Reporter Thomas Murray.) (mo) (Entered: 04/04/2014) |
| 04/04/2014 | 37 | DEFAULT JUDGMENT: It is ORDERED, ADJUDGED AND DECREED that: Plaintiffs have judgment against Defendants Gerti Muho and Leveraged Hawk, Inc., jointly and severally, in the liquidated amount $2,067,377.24, with interest at 9%, from August 8, 2013 up to and including April 4, 2014, amounting to $121,832.81 plus costs of this action in the amount of $4,975.84, as well as punitive damages in the amount of $0, amounting in all to $2,194,185.89. (Signed by Judge Analisa Torres on 4/4/2014) (lmb) (Entered: 04/04/2014) |
| 04/04/2014 | | Terminate Transcript Deadlines (lmb) (Entered: 04/04/2014) |
| 04/04/2014 | 38 | ORDER: For the reasons stated on the record at the April 4, 2014 hearing, Defendant's motion to dismiss is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 32. The Clerk of Court is directed to mail a copy of this order to Pro Se Defendant. (Signed by Judge Analisa Torres on 4/4/2014) (lmb) (Entered: 04/04/2014) |
| 04/04/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 38 Order, to the Docket Assistant Clerk for case processing. (lmb) (Entered: 04/04/2014) |
| 04/07/2014 | | Mailed a copy of 38 Order, to Gerti Muho 1100 Biscagne Blvd. 5303 Miami, FL 33132 (nt) (Entered: 04/07/2014) |
| 07/01/2014 | 39 | NOTICE OF APPEARANCE by Michael James Dailey on behalf of Soundview Elite Ltd.. (Dailey, Michael) (Entered: 07/01/2014) |
| 07/01/2014 | | Writ of Execution Issued as to Soundview Elite Ltd. and Vanquish Fund Ltd. on 07/01/2014 in the amount of $2,194,185.89 in favor of Soundview Elite Ltd. and Vanquish Fund Ltd. and against Leveraged Hawk, Inc.(Signed by Clerk of Court Ruby Krajick on 07/01/2014) (km) (Entered: 07/01/2014) |
| 07/01/2014 | | Writ of Execution Issued as to Soundview Elite Ltd. and Vanquish Fund Ltd. on 07/01/2014 in the amount of $2,194,185.89 in favor of Soundview Elite Ltd. and Vanquish Fund Ltd. and against Gerti Muho.(Signed by Clerk of Court Ruby Krajick on |

| | 07/01/2014) (km) (Entered: 07/01/2014) |
|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/04/2014 11:37:35 | | | |
| PACER Login: | rk3719 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:13-cv-06895-AT |
| Billable Pages: | 7 | Cost: | 0.70 |