UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

In re:                                                    Chapter 11

    Soundview Elite, Ltd., *et al.*,                         Case No. 13-13098 (REG)

                      Debtors.                         (Jointly Administered)

--------------------------------------------------------------X

### STIPULATION AND CONSENT ORDER BY AND BETWEEN
### THE CHAPTER 11 TRUSTEE AND PORZIO, BROMBERG & NEWMAN, P.C.

This Stipulation and Consent Order is made by and between Corinne Ball, not individually but solely in her capacity as chapter 11 trustee (the "**Trustee**") of the above-captioned debtors (the "**Debtors**"), and Porzio, Bromberg & Newman, P.C. ("**Porzio**" and together with the Trustee, the "**Parties**"), with respect to the following:

**WHEREAS**, on September 24, 2013, the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, on November 15, 2013, the Court entered the *Corrected Order Signed on 11/14/2013 Authorizing the Retention and Employment of Porzio, Bromberg & Newman, P.C. as Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 78]; and

**WHEREAS**, Porzio represented the Debtors in their Chapter 11 Cases through January 23, 2014 when the Court entered the *Bench Decision on Motions to Dismiss, for Relief from Stay, for Appointment of Trustee, and on Sanctions for Contempt* [Docket No. 156]; and

**WHEREAS**, on February 4, 2014, Porzio filed the *First Interim Application of Porzio, Bromberg & Newman, P.C., as Counsel for the Debtors and Debtors-in-Possession, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of*

*Actual and Necessary Expenses Incurred from September 24, 2013 Through January 24, 2014* [Docket No. 167] (the "**First Interim Application**"), covering the period during which the Debtors were Debtors-in-possession; and

**WHEREAS**, the First Interim Application was initially scheduled to be heard on March 5, 2014, with objections to be filed by February 26, 2014; and

**WHEREAS**, by agreement of the parties and pursuant to the *Notice of Adjournment of Hearing and Objection Deadline* [Docket No. 198] filed with the Court on February 24, 2014, the hearing date on the First Interim Application was adjourned to March 19, 2014; and

**WHEREAS**, on March 12, 2014, Pasig Ltd. filed the *Objection of Pasig Ltd. to (I) First Interim Fee Application of Porzio, Bromberg & Newman, P.C., as Counsel for the Debtors-in-Possession and (II) First and Final Application for Allowance of Compensation and Reimbursement of Expenses by CohnReznick LLP as Financial Advisors to the Debtors* [Docket No. 218], and on March 14, 2014, the Trustee filed the *Objection of Chapter 11 Trustee to (I) First Interim Fee Application of Porzio, Bromberg & Newman, P.C., as Counsel for the Debtors and Debtors-in-Possession and (II) First Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses by CohnReznick LLP as Financial Advisors to the Debtors* [Docket No. 223] (together, the "**Objections**"); and

**WHEREAS**, on March 17, 2014, Porzio filed the *Debtors' Response to the Objections of the Chapter 11 Trustee (and Pasig Ltd.) to the Debtors' First Interim Fee Application and the First Interim and Final Fee Application of CohnReznick* [Docket No. 228]; and

**WHEREAS**, at the initial hearing on March 19, 2014, the Court provided certain guidance to the parties and granted a continuance with respect to holding a full hearing on the First Interim Application; and

**WHEREAS**, since that time, Porzio and the Trustee have worked to come to a consensual resolution regarding the First Interim Application and the Objections, and desire to settle and resolve same; and

**WHEREAS**, both Pasig Ltd. and the United States Trustee have been provided with a copy of this "So Ordered" stipulation as proposed, and neither one objects to the agreement outlined herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this stipulation and order (the "**Stipulation**").

2. The fees sought by Porzio in the First Interim Application will be allowed in an amount totaling $1,360,000.000, which is $218,020.00 less than what was originally sought in the First Interim Application.

3. The expenses sought by Porzio in the First Interim Application totaling $65,828.58 will be allowed in full.

4. Pursuant to section 330 of the Bankruptcy Code, the total fees and expenses sought by Porzio in the First Interim Application will therefore be allowed in an amount totaling $1,425,828.58 (the "**Allowed Amount**").

5. The Trustee will hold back 13%, *i.e.*, $185,357.72 (the "**Holdback Amount**"), of the Allowed Amount described in paragraph four above, which Holdback Amount will not be released absent further order of this Court to be entered after confirmation of the Debtors' chapter 11 plan.[1]

---

[1] The Trustee shall not pay administrative expenses of professionals on behalf of Debtor Soundview Premium, Ltd. until the Debtors' chapter 11 plan has been confirmed.

6. The Trustee will pay Porzio $1,240,470.86 (the "**Awarded Amount**") within five business days of the date of entry of this Stipulation as follows:

    (a) 34% of the Awarded Amount, or $484,781.72, will be paid from the accounts opened by the Trustee in her capacity as Trustee of Debtor Soundview Elite Ltd.;

    (b) 15% of the Awarded Amount, or $213,874.29, will be paid from the accounts opened by the Trustee in her capacity as Trustee of Debtor Soundview Star Ltd.;

    (c) 15% of the Awarded Amount, or $213,874.29, will be paid from the accounts opened by the Trustee in her capacity as Trustee of Debtor Elite Designated;

    (d) 11% % of the Awarded Amount, or $156,841.14, will be paid from the accounts opened by the Trustee in her capacity as Trustee of Debtor Premium Designated; and

    (e) 12% of the Awarded Amount, or $171,099.43 will be paid from the accounts opened by the Trustee in her capacity as Trustee of Debtor Star Designated.

7. The Trustee does not recommend any further holdback with respect to Porzio's First Interim Application other than the Holdback Amount as described herein, but in the event that the Court wishes to consider a greater holdback, the Trustee has no objection to Porzio being heard on that issue.

8. Upon entry of this Stipulation, this Stipulation shall be binding on the Parties and their predecessors, successors and assigns.

9. This Stipulation may be executed in one or more counterparts, each of which is an original, but all of which shall together constitute one Stipulation. Moreover, facsimile signatures and signatures in portable document format are deemed originals for purposes of this Stipulation.

10. Nothing contained in this Stipulation shall be considered an admission of any type by any of the Parties.

*[signature pages to follow]*

**NO OBJECTION:**

Dated: 9/11/14

**KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP**
*Counsel for Pasig Ltd.*


By:    /s/ Andrew K. Glenn
Andrew K. Glenn (AGlenn@kasowitz.com)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800


**WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
Region 2**


By:    /s/ Richard C. Morrissey
Richard C. Morrissey
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
(212) 510-0500


**AGREED TO:**

| Dated: 9/11/14 | Dated: 9/11/14 |
|---|---|
| **JONES DAY**<br>*Attorneys for the Chapter 11*<br>*Trustee for Soundview Elite Ltd., et al.*<br><br>        By:     /s/ Veerle Roovers<br>          Veerle Roovers<br>          Amy Edgy Ferber<br>          222 East 41st Street | **PORZIO, BROMBERG & NEWMAN, P.C.**<br><br>By:     /s/ Warren J. Martin Jr.<br>          Warren J. Martin Jr.<br>          (admitted *pro hac vice*)<br>          100 Southgate Parkway<br>          P.O. Box 1997<br>          Morristown, New Jersey 07962 |

| New York, New York 10017<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306 | (973) 538-4006 Telephone<br>(973) 538-5146 Facsimile<br>-and-<br>156 West 56th St.<br>New York, NY 10019 |
|---|---|

**IT IS SO ORDERED:**

Dated: New York, New York
       September 12, 2014

                                        *s/ Robert E. Gerber*
                                        Honorable Robert E. Gerber
                                        United States Bankruptcy Judge