**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      :       Chapter 11
                                                            :       Case No. 13-13098 (REG)
SOUNDVIEW ELITE LTD., *et al.*,                             :
                                                            :       (Jointly Administered)
                                    Debtors.                :
                                                            :
------------------------------------------------------------x

### STATEMENT OF FINANCIAL AFFAIRS

### FOR SOUNDVIEW ELITE LTD.
#### Case no. 13-13098 (REG)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

.............................................................. x
                                                               :
In re:                                                         :    Chapter 11
                                                               :    Case No. 13-13098 (REG)
    SOUNDVIEW ELITE LTD., *et al.*,                            :
                                                               :    (Jointly Administered)
                                            Debtors.           :
.............................................................. x

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND**
**DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On February 3, 2014, this Court approved (Docket No. 164) the U.S. Trustee's appointment of Corinne Ball as trustee (the "**Chapter 11 Trustee**") for the above-captioned debtors (the "**Debtors**").  The Chapter 11 Trustee has collected books and records of the Debtors, none of which were available at the time of her appointment, and has conducted an investigation.

With the assistance of her counsel and advisors, the Chapter 11 Trustee has prepared the Debtors' schedules of assets and liabilities (the "**Schedules**") and statements of financial affairs (the "**Statements**") pursuant to sections 521 and 1106(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

The Schedules and Statements are unaudited.  While the Chapter 11 Trustee has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was known and available to her at the time of preparation, inadvertent errors or omissions may exist and/or the subsequent information or discovery may result in material changes to these Schedules and Statements.  Furthermore, the financial and other information underlying the Schedules and Statements and the prepetition transactions in which the Debtors were engaged are subject to ongoing review, investigation and analysis by the Chapter 11 Trustee, the results of which may necessitate adjustments that may have a material impact on the Schedules and Statements taken as a whole.  There can be no assurance that these Schedules and Statements are wholly accurate and complete.  Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Chapter 11 Trustee and the Debtors' estates, including the Chapter 11 Trustee's right to amend these Schedules and Statements and any right relating to reclassification or recharacterization of claims or equity interests, equitable subordination, defenses and/or causes of action arising under the Bankruptcy Code and other applicable law.

These Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part

of, the Schedules and Statements of each of the Debtors, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**General Notes**

1.      Amendments.  The Chapter 11 Trustee reserves her right to amend and/or supplement the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

2.      Dates.  Unless otherwise indicated, the information provided is as of close of business on September 24, 2013. i.e. the date on which the Debtors commenced their chapter 11 cases (the "**Petition Date**").  The claims listed in the Schedules arose or were incurred on various dates prior to the Petition Date.  The Schedules do not list a specific date of occurrence for each and every claim.

3.      Excluded Assets and Liabilities.  Certain immaterial assets and liabilities may have been excluded from the Schedules and Statements.

4.      Insiders.  For purposes of completing the Schedules and Statements, the Chapter 11 Trustee has identified an "Insider" as, among others, (a) an officer or director of a Debtor, (b) a person in control of a Debtor, (c) a partnership in which a Debtor is a general partner, (d) a general partner of a Debtor, (e) a relative of a general partner, director, officer, or person in control of a Debtor, (f) an affiliate, or insider of an affiliate as if such affiliate were a Debtor, or (g) managing agent of a Debtor.  Individuals or entities listed as "Insiders" have been included for informational purposes only.  The Chapter 11 Trustee does not take any position with respect to (i) such person or entity's influence over the control of the Debtors or a Debtor, (ii) the management responsibilities or functions of such individual or entity, (iii) the decision-making or corporate authority of such individual or entity or (iv) whether such individual or entity is legally an "Insider" under applicable bankruptcy or non-bankruptcy law.

5.      Summary of Significant Accounting and Reporting Policies.  The following is a summary of certain significant accounting and reporting policies of the Debtors that have been employed in the preparation of the Schedules and Statements.

(a)      Basis of Presentation.  The Schedules and Statements reflect information pertaining to the financial position and results of operations of the Debtors only.

(b)      Use of Estimates.  The preparation of the Schedules and Statements required the Chapter 11 Trustee to make estimates that affect the reported amounts of assets and liabilities and the disclosures of contingent assets and liabilities.

    (c)    <u>Investment Valuation</u>.  The Debtors each maintain an investment portfolio that consists of various affiliated and unaffiliated private investment funds.  These investments are estimated at a value based on a schedule dated July 31, 2013 provided by the Debtors' former management.  That value remains subject to investigation and review by the Chapter 11 Trustee, and might be materially different at this time.

    (d)    <u>Causes of Action</u>.  The Chapter 11 Trustee believes that the Debtors may possess certain claims and causes of action against various parties.  Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of the Bankruptcy Code and other applicable non-bankruptcy laws. The Chapter 11 Trustee has not set forth all causes of action against third parties as assets of the Debtors in the Schedules and Statements.  The Chapter 11 Trustee reserves all rights with respect to any claims, causes of action or avoidance actions that the Debtors may have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions or causes of action or in any way prejudice or impair the assertion of such claims.

6.    <u>Classifications</u>.  Listing (a) a claim on (i) Schedule D as "secured, (ii) Schedule E as "priority" or (iii) Schedule F as "unsecured non-priority" or (b) listing a contract or lease on Schedule G as "executory" or "unexpired," respectively, does not constitute an admission by the Chapter 11 Trustee of the legal rights of the claimant or a waiver of the Chapter 11 Trustee's right to re-characterize or reclassify such claim, contract or lease.  The Chapter 11 Trustee reserves the right to amend the Schedules and Statements to re-characterize or reclassify any claim, contract or lease.

7.    <u>Disputed, Contingent and/or Unliquidated Claims</u>.  Schedules D, E and F permit the Chapter 11 Trustee to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Chapter 11 Trustee that such amount is not "disputed," "contingent" or "unliquidated" or that such claim is not subject to objection.  The Chapter 11 Trustee reserves the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Listing a claim does not constitute an admission of liability by the Chapter 11 Trustee.

**<u>Schedules</u>**

8.    <u>Schedule A - Real Property</u>. The Debtors do not own any real property.

9.    <u>Schedule B - Personal Property</u>.  Personal property owned by the Debtors is listed in Schedule B.  Except as otherwise noted, personal property is scheduled at the value that the Debtors carried on their books as of the Petition Date.

    (a)    <u>Schedule B-2 - Checking, Savings or Other Financial Accounts</u>.  The cash amounts presented in Schedule B-2 reflect the balances held at the Debtors'

respective custody accounts on the Petition Date.  The Chapter 11 Trustee has not been able to obtain information concerning certain Debtors' account balances at HSBC Private Bank (Monaco) S.A ("**HSBC Monaco**") after September 2013.

(b)    Schedule B-13 - Stock and Interests in Incorporated and Unincorporated Businesses.  Schedule B-13 reflects the Debtors' inventory of investments in private investment funds.  Except as otherwise set forth herein, the scheduled amount of these investments represents the estimated value of each investment as of the Petition Date based on a schedule dated July 31, 2013 provided by the Debtors' former management.

Debtor Soundview Elite Ltd. ("**Soundview Elite**") owns 100% of the participating shares in nondebtor Soundview Composite Ltd. ("**Composite**").  The Chapter 11 Trustee has sought through an adversary proceeding the turnover of at least $3.875 million from Composite together with an accounting and other information.  Upon information and belief, Composite's known cash assets at this time amount to approximately $3.7 million.  This amount does not reflect any value of Composite's non-cash assets, including the value of any claims Composite may have against other parties.

(c)    Schedule B-21 - Other Contingent and Unliquidated Claims of Every Nature, including Tax Refunds, Counterclaims of the Debtors, and Rights to Setoff Claims.

On the Petition Date, the Debtors were plaintiffs in *Richcourt Allweather Fund Inc., et al. v. Midanek* (Case No. 13-04810, D.N.J.),  an action for breach of contract, breach of duty of good faith and fair dealing, and conversion.

On the Petition Date, Debtor Soundview Elite Ltd. was a plaintiff in *Soundview Elite Ltd., et al. v. Muho, et al.* (Case No. 13-06895, S.D.N.Y.), an action for conversion and unjust enrichment.

10.    Schedule D - Creditors Holding Secured Claims.  At this time, the Chapter 11 Trustee is not aware of any creditor that has asserted a secured claim against assets of any of the Debtors.

11.    Schedule E - Creditors Holding Unsecured Priority Claims.  Based on the Debtors' books and records, the Debtors had no employees prior to the Petition Date.  At this time, the Chapter 11 Trustee is not aware of any creditor that has asserted an unsecured priority claim against a Debtor.

12.    Schedule F - Creditors Holding Unsecured non-Priority Claims.  Schedule F lists the unsecured non-priority claims as represented in the Debtors' books and records.

To the extent claims listed in Schedule F represent amounts payable to service providers, it is unclear in many instances whether the related services were actually performed on behalf of one or more of the Debtors or, alternatively, were for the benefit of nondebtor affiliates of the Debtors or other unaffiliated entities.  As such, the Chapter 11 Trustee has scheduled these

claims as disputed.  The Chapter 11 Trustee is continuing to investigate the nature of the services and to whom they were provided.

Certain other claims listed on Schedule F relate to intercompany obligations that may be subject to reclassification, recharacterization or other modification. Accordingly, the Chapter 11 Trustee has scheduled these claims as "disputed."

13.    Schedule G - Unexpired Leases and Executory Contracts.

The Chapter 11 Trustee reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim.  The Chapter 11 Trustee further reserves all of her rights to dispute the validity, status or enforceability of any contract or lease set forth on Schedule G that may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, including supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may also not be set forth on Schedule G.  Certain executory agreements may not have been memorialized in writing and/or could be subject to dispute.  In the ordinary course of business, the Debtors may also have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis.  Such contracts may not be included on Schedule G.  However, the Chapter 11 Trustee reserves the right to assert that such agreements constitute executory contracts.

**Statements**

14.    Statement Question 1 - Income from Employment or Operation of Business.  For the two years immediately preceding the Petition Date, no financial statements are available for the Debtors.  The most recent audited financial statements for Debtors Soundview Elite Soundview Premium, Ltd. and Soundview Star Ltd. (together, the "**Limited Debtors**") were issued by KPMG Cayman for the fiscal year ended December 31, 2008.  The most recent audited financial statements for the Debtors Elite Designated, Premium Designated and Star Designated (together, the "**Designated Debtors**") were issued by KPMG Accountants N.V. for the fiscal year ended December 31, 2009.

15.    Statement Question 3 - Payments to Creditors.

(a)    Statement Question 3(b).  The Chapter 11 Trustee's response to this question pertains only to payments to creditors not identified as Insiders during the 90 days immediately preceding the Petition Date and is based on the review of the cash activity in the Debtors' prepetition operating accounts with HSBC Monaco, Citco Banking Corporation N.V. ("**Citco**"), M&T Bank ("**M&T**") and Wilmington Trust, N.A. ("**Wilmington Trust**").  The non-Insider parties listed include,

without limitation, the Debtors' professional service providers, consultants and other third party vendors.

(b)    Statement Question 3(c).  The Chapter 11 Trustee's response to this question reflects all payments to parties identified as Insiders that occurred within one year of the Petition Date, but excluding any payments in respect of redemptions, distributions, subscriptions, investments and/or transfers in-kind.  Those excluded items are set forth in the Chapter 11 Trustee's response to Statement Question 10(a).

16.    Statement Question 9 - Payments to Professionals for Bankruptcy Advice.  The following retainers were paid in connection with professional advice to the Debtors related to potential chapter 11 proceedings:

| Payee | Date | Payor | Amount Paid |
|---|---|---|---|
| Kirkland & Ellis LLP ("**Kirkland**") 601 Lexington Avenue New York NY 10022 | 1/24/2013 | Debtor Soundview Elite Ltd. | $1,000,000  Note:  Kirkland returned $500,000 in June 2013. |
| Porzio, Bromberg & Newman, P.C. 100 Southgate Parkway Morristown NJ 07962 | 9/24/20132 | Fletcher Asset Management on behalf of the Debtors | $25,000 |
| Weil, Gotshal & Manges LLP 767 Fifth Avenue New York NY 10153 | 3/28/2013 | Debtor Soundview Elite Ltd. | $275,000 |

17.    Statement Question 10(a) - Other Transfers.  In response to this question, the Chapter 11 Trustee has reported payments to (a) affiliates of the Debtors and (b) an entity controlled by a former director of the Debtors.  All parties listed in response to this questionnaire treated as Insiders as stated in General Note 4 above.  The Chapter 11 Trustee's response to this question should be read in conjunction with her response to Statement Question 3(c).

From September 25, 2011 through the Petition Date, approximately $6.07 million in cash was transferred from Debtor Soundview Elite as follows:

(a)    Transfer to Fletcher International, Inc. ("**FII**").

On June 29, 2012, Fletcher International, Ltd. ("**FILB**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  On September 28, 2012, this Court approved (FILB Docket No. 115) the appointment of Richard J. Davis as chapter 11 trustee in the FILB case (the "**FILB Trustee**").  The FILB Trustee identified, among other transactions that occurred on April 22, 2012 (the "**April 22 Transactions**"), a $2.2 million transfer from FILB's bank accounts to FII's bank accounts.  See [FILB] Trustee Report and Disclosure Statement, In re Fletcher Int'l, Ltd.,

- 6 -

Case No. 12-12796 (REG) (Bankr. S.D.N.Y. Jan. 24, 2014) (FILB Docket No. 393) (the "**FILB Trustee Report**"), at 108-09.

The FILB Trustee insisted that the April 22 Transactions (including the transfer of the $2.2 million transfer from FILB to FII) be unwound, and entered into negotiations with Mr. Fletcher, Fletcher Asset Management, FII and others in connection therewith. Id., at 122-23. Ultimately, an agreement was reached between the FILB Trustee and FII pursuant to which "FII shall pay to FILB by wire transfer in immediately available funds $2,200,000 …" See [FILB] Trustee's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019(a) Approving the Term Sheet Agreement between the Trustee and Fletcher International, Inc., In re Fletcher Int'l Ltd., Case No. 12-12796 (REG) (Bankr. S.D.N.Y. Feb. 11. 2013) (FILB Docket No. 188) (the "**Settlement Motion**"), Exhibit B. The Settlement Motion was approved on February 20, 2013 (FILB Docket No. 190).

As the FILB Trustee had already determined, FII was used by Mr. Fletcher and Fletcher Asset Management " since at least as early as January 1, 2009, through June 29, 2012 . . . essentially . . . as a piggy bank". See FILB Trustee Report, at 136. On March 8, 2013, however, FII had a zero balance in its account, as shown by the books and records in the Trustee's possession.

On March 8, 2013, FII received $4.0 million from Soundview Elite, of which Mr. Fletcher was a director. On that same day, FII transferred $2.2 million of the $4.0 million received from Soundview Elite to FILB. The remainder of the $4.0 million was disbursed from FII's account to various service providers.

(b)    Transfer to Leveraged Hawk.

In August 2013, Gerti Muho, a former director of the Debtors, improperly and without authority from Debtor Soundview Elite appropriated $2.07 million of Soundview Elite's cash, by transferring these funds to Leveraged Hawk Inc ("**Leveraged Hawk**"), which was an entity affiliated with Muho. Soundview Elite, among others, filed an action for conversion and unjust enrichment against Muho and Leveraged Hawk before the District Court for the Southern District of New York (the "**District Court**"). On April 4, 2014, the District Court ordered that the plaintiffs, including Soundview Elite, "have judgment against . . . Muho and Leveraged Hawk . . . in the liquidated amount [of] $2,194,185.89." The Chapter 11 Trustee so far has recovered $440,173.03 on behalf of Soundview Elite.

In addition to the transfers set forth above, on March 29, 2010 Debtor Soundview Elite invested $2,742,000 (the "**Subscription**") in Fletcher Income Arbitrage Fund Ltd. ("**Arbitrage**") The cash used for this Subscription was impressed with an equitable proprietary constructive trust in favor of Soundview Elite upon investment in Arbitrage. Soundview Elite therefore has a proprietary claim to it and has a continuing beneficial interest in its traceable proceeds, which are now located in the hands of FILB. Specifically, the cash used for the Subscription can be traced into the purchase price of FILB's and FII's April 1, 2010 transaction with United Community Banks, Inc. ("**UCBI**") and, subsequently, into the proceeds of FILB's settlement with UCBI. See Order Approving the Settlement

Agreement Between Fletcher International, Ltd. and United Community Banks, Inc. (FILB Docket No. 465).

18.　　Statement Question 11 - Closed Financial Accounts.  Debtors Soundview Premium, Ltd., Soundview Star Ltd., Premium Designated and Star Designated maintained bank accounts at M&T which were closed prior to the Petition Date.  Debtors Soundview Elite and Elite Designated currently maintain accounts at M&T.

19.　　Statement Question 12 - Safe Deposit Boxes.  Certain of the Debtors' assets are securities that are maintained in custodial accounts.  The Chapter 11 Trustee has identified the following two custodial accounts:  (a) custodial account with HSBC Monaco ("**HSBC Custody Account**"); and (b) a custodial account with Citco Global Custody (NA) N.V. ("**Citco Custody Account**").  The assets on both custodial accounts that are listed in response to this question are as reflected on the statements applicable on the Petition Date.  The Chapter 11 Trustee reserves all rights with respect to the ownership of these assets.

The response to this question is also incorporated into Schedule B.  Any omission of the Debtors' property included in the response to this question 12 from Schedule B  is inadvertent and shall not be deemed a waiver of any interest of the Debtors in such property.

20.　　Statement Question 13 - Setoffs.  The Chapter 11 Trustee is not aware of any setoff made by a creditor against a debt or deposit of the Debtors within 90 days preceding the Petition Date.

21.　　Statement Question 15 – Prior Address of Debtor.  Until July 16, 2013, the Debtors maintained their respective registered offices at:

DMS Corporate Services Ltd.
PO Box 1344, DMS House
20 Genesis Close, George Town
Grand Cayman KY1-1108, Cayman Islands

22.　　Statement Question 18(a) - Business in Which a Debtor is a Partner or Owns More Than 5%.

As of the Petition Date, Debtor Soundview Elite owned (a) 100% of the participating shares of Composite  (which it has owned since February 2008), (b) 61.12% of the participating shares of New Wave SPC (which it has owned since March 2009) and (c ) 100% of the management shares of Elite Designated (which it has owned since March 2009).

As of the Petition Date, Debtor Soundview Premium, Ltd. owned (a) 45.36% of the participating shares of Soundview Elite (which it has owned since February 2008) and (b) 100% of the management shares of Premium Designated (which it has owned since March 2009).

As of the Petition Date, Debtor Soundview Star Ltd. owned (a) 11.46% of the participating shares of Soundview Elite (which it has owned since February 2008) and (b) 100% of the management shares of Star Designated (which it has owned since March 2009).

As of the Petition Date, Debtor Elite Designated owned 7.21% of the participating shares of Debtor Premium Designated (which it has owned since June 2009).

23.    Statement Question 19 - Books, Records and Financial Statements.

(a)    Statement Question 19(a) - Listing of Bookkeepers and Accountants Who Have Supervised the Keeping of Books of Account and Records of the Debtors. In the two years immediately preceding the Petition Date, the Debtors used the services of RF Services LLC ("**RF Services**") to supervise the keeping of books of account and records of the Debtor. Upon the Chapter 11 Trustee's information and belief, RF Services has employees that serve or have served as officers, directors and/or consultants of the Debtors and their nondebtor affiliates. RF Services maintains its principal address at:

48 Wall Street, 4th Floor
New York NY 10005

Pinnacle Fund Administration, LLC ("**Pinnacle**") was appointed as administrator of the Debtors as of January 1, 2013. Pinnacle did not provide services to the Debtors after the Petition Date. Pinnacle maintains its principal address at:

15728 Brixham Hill Avenue, Suite 206
Charlotte, NC 28277

(b)    Statement Question 19(b) - Listing of All Firms or Individuals who Have Audited the Books of Account and Records, or Prepared a Financial Statement of the Debtors.

Prior to the Petition Date, the auditor for the Limited Debtors was KPMG Cayman. The most recent audited financial statements of the Limited Debtors were issued by KPMG for the year ended December 31, 2008.

Prior to the Petition Date, the auditor for the Designated Debtors was KPMG Accountants N.V. The most recent audited financial statements of the Designated Debtors were issued by KPMG Accountants N.V. for the year ended December 31, 2009.

Upon information and belief, while Pinnacle prepared a financial statement of the Debtors, it has not provided finalized financial statements for the Debtors since its appointment.

(c)    Statement Question 19(c) - Listing of All Firms or Individuals Who Were in Possession of Books of Account and Records of the Debtors as of the Petition Date. The Chapter 11 Trustee has recovered books and records of the Debtors from the following parties:

- Citco Banking Corporation N.V.
- Citco Fund Services (Cayman Islands) Ltd.

- CohnReznick LLP
- Dakota Inc., The
- FILB Trustee
- HSBC Bank USA, N.A.
- HSBC Bank (Cayman) Limited
- Kirkland
- Ladner, George
- Leveraged and Arbitrage JOLs
- M&T Bank
- MacGregor, Stuart
- Morrison & Foerster LLP
- Muho, Gerti
- Patterson Belknap Webb & Tyler LLP
- Pinnacle
- Porzio Bromberg & Newman, P.C.
- Solon Group Inc. (Deborah Hicks Midanek)
- Turner, Stewart
- Weil, Gotshal & Manges LLP
- Wilmington Trust, N.A.

The Chapter 11 Trustee also recovered books and records of the Debtors at 48 Wall Street, New York, NY.

Finally, the Chapter 11 Trustee has issued subpoenas to multiple other parties pursuant to the Order Authorizing Rule 2004 Discovery by the Trustee (Docket No. 200). She also has sought to obtain copies of information and documents relating to the Soundview Debtors via informal requests for voluntary production of information and documents either acting alone or in conjunction with the joint official liquidators of the Limited Debtors in the Cayman Islands. Multiple parties have not responded and/or not produced documents in response thereto.

24.    Statement Question 20 - Inventories. As of the Petition Date, the Debtors' investment inventory consisted primarily of various interests in private investment vehicles. The securities and underlying investment agreements have historically been held in custody by third party custodians. The Debtors received statements from these institutions on a monthly basis and had access to online reporting to track their investments and any trading activity that might impact the Debtors' inventory.

25.    Statement Question 23 - Withdrawals from a partnership or distributions from a corporation. To avoid duplication, the Debtors' responses to Statement Questions 3(c) and 10(a) are incorporated herein by reference.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re: _Soundview  Elite Ltd._____,    Case No. _13-13098 (REG)_____
                Debtor                                       (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

---

    **1.    Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

See Global Notes

B7 (Official Form 7) (04/13)                                                                                                2

**2.  Income other than from employment or operation of business**

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

---

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225[*].  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| See Global Notes and Attachment 3b | | | |

---

[*]*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)                                                                                   3

None
☐

    c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF | AMOUNT | AMOUNT |
| AND RELATIONSHIP TO DEBTOR | PAYMENT | PAID | STILL OWING |

See Global Notes and Attachment 3c

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

    a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT | NATURE OF | COURT OR AGENCY | STATUS OR |
| AND CASE NUMBER | PROCEEDING | AND LOCATION | DISPOSITION |

See Attachment 4a

None
☑

    b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF | DESCRIPTION |
| OF PERSON FOR WHOSE | SEIZURE | AND VALUE |
| BENEFIT PROPERTY WAS SEIZED | | OF PROPERTY |

---

**5.  Repossessions, foreclosures and returns**

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF REPOSSESSION, | DESCRIPTION |
| OF CREDITOR OR SELLER | FORECLOSURE SALE, | AND VALUE |
| | TRANSFER OR RETURN | OF PROPERTY |

B7 (Official Form 7) (04/13)                                                                                                              4

**6.  Assignments and receiverships**

None


a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None


b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF  GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**

None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY  INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

See Global Notes,
Response to Question 10a

B7 (Official Form 7) (04/13)                                                                                      5

**9.    Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See Global Notes

---

**10.   Other transfers**

None ☐

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

See Global Notes and Attachment 10a

None ☑

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.   Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

See Global Notes

B7 (Official Form 7) (04/13)                                                                                                      6

**12. Safe deposit boxes**

None ☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

See Global Notes and Attachment 12

---

**13. Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

See Global Notes

---

**14. Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

See Global Notes

---

B7 (Official Form 7) (04/13)                                                                                                 7

**16. Spouses and Former Spouses**

None 

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None 

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None 

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐

a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B7 (Official Form 7) (04/13)                                                                                8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

See Global Notes

 <u>None</u>      b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

<u>None</u>      a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

See Global Notes

 <u>None</u>      b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

See Global Notes

B7 (Official Form 7) (04/13)                                                                                              9

None ☐    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the
          books of account and records of the debtor.  If any of the books of account and records are not available, explain.

          NAME                                          ADDRESS

   See Global Notes


None ☑    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
          financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

          NAME AND ADDRESS                              DATE ISSUED

---

**20.  Inventories**

None ☑    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the
          taking of each inventory, and the dollar amount and basis of each inventory.

          DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT
                                                                  OF  INVENTORY
                                                                  (Specify cost, market or other basis)

   See Global Notes


None ☑    b.  List the name and address of the person having possession of the records of each of the inventories reported
          in a., above.

          DATE OF INVENTORY                             NAME AND ADDRESSES
                                                        OF CUSTODIAN
                                                        OF INVENTORY RECORDS

   See Global Notes

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
          partnership.

          NAME AND ADDRESS          NATURE OF INTEREST     PERCENTAGE OF INTEREST


None ☐    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
          directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
          corporation.
                                                        NATURE AND PERCENTAGE
          NAME AND ADDRESS                  TITLE       OF STOCK OWNERSHIP

   See Attachment 21b

---

**22 . Former partners, officers, directors and shareholders**

None ☐    a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS               DATE OF WITHDRAWAL

None ☐    b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS           TITLE              DATE OF TERMINATION

See Attachment 22b

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS           DATE AND PURPOSE       AMOUNT OF MONEY
OF RECIPIENT,                OF WITHDRAWAL            OR DESCRIPTION
RELATIONSHIP TO DEBTOR                               AND VALUE OF PROPERTY

See Global Notes

**24.  Tax Consolidation Group.**

None ☑    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION       TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25.  Pension Funds.**

None ☑    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER-IDENTIFICATION NUMBER (EIN)

\*   \*   \*   \*   \*   \*

*[If completed by an individual or individual and spouse]*

B7 (Official Form 7) (04/13)                                                                                    11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature of Debtor _____

Date _____     Signature of Joint Debtor  (if any) _____

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  09/23/2014                    Signature  /s/   Corinne Ball

                                    Print Name and Title  Corinne Ball, Chapter 11 Trustee

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

7  continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____

Address

_____     _____
Signature of Bankruptcy Petition Preparer                           Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 3b

| Name of Creditor | Address | Date of Payment | Amount Paid |
|---|---|---|---|
| Walkers | 190 Elgin Ave<br>George Town, Grand Cayman KY1-9001<br>Cayman Islands | 7/11/2013 | $63,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | | | **$63,000.00** |

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 3c

| Name of Creditor | Address | Relationship to Debtor | Date of Payment | Amount Paid |
|---|---|---|---|---|
| DMS Corporate Services Ltd. | PO Box 1344, DMS House<br>20 Genesis Close, George Town<br>Grand Cayman KY1-1108, Cayman Islands | Former Secretary | 2/8/2013 | $19,412.33 |
| Fletcher, Alphonse Jr. | Available upon request | Former Director | 1/15/2013 | $31,667.00 |
|  |  |  | 4/8/2013 | $60,000.00 |
|  |  |  | **Total** | **$91,667.00** |
| Ladner, George E. | Available upon request | Former Director | 8/12/2013 | $15,000.00 |
|  |  |  | 8/12/2013 | $15,000.00 |
|  |  |  | **Total** | **$30,000.00** |
| Lafata, Giacomo Jr. | Available upon request | Former Treasurer | 1/15/2013 | $82,750.00 |
| Muho, Gerti | Available upon request | Former Director | 1/15/2013 | $48,167.00 |
|  |  |  | 4/9/2013 | $30,000.00 |
|  |  |  | **Total** | **$78,167.00** |
| Saunders, Floyd | Available upon request | Former Director | 1/15/2013 | $57,750.00 |
|  |  |  | 4/8/2013 | $24,000.00 |
|  |  |  | 8/12/2013 | $15,000.00 |
|  |  |  | 8/12/2013 | $15,000.00 |
|  |  |  | **Total** | **$111,750.00** |
| Soundview Capital Management Limited | c/o Lennox Paton<br>PO Box N-4875, Ft. Nassau Center<br>Marlboroughs, Bahamas | Owner of 100% of Management Shares | 2/14/2013 | $112,448.70 |
| The Law Office of Denis J. Kiely | 1460 Broadway - 2nd Floor<br>New York, NY 10036 | Former Director | 2/5/2013 | $50,000.00 |
| Turner, Stewart A. | Available upon request | Former Director | 7/9/2013 | $20,000.00 |
|  |  |  | 7/17/2013 | $10,000.00 |
|  |  |  | **Total** | **$30,000.00** |
|  |  |  |  |  |
| **Grand Total** |  |  |  | **$606,195.03** |

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 4a

| Caption of Suit and Case No. | Nature of Proceeding | Court | Status or Disposition |
|---|---|---|---|
| Leveraged Hawk, Inc. v. Global Hawk, Ltd., et al., Case No. 13-03469 | Action for Misappropriation of Assets and Funds and Enforcement of a Contract | United States District Court, Northern District of California | The action was dismissed without prejudice on November 26, 2013. |
| Richcourt Allweather Fund Inc., et al. v. Midanek, Case No. 13-04810 | Action for Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, and Conversion | United States District Court, District of New Jersey | On March 19, 2014, all claims by the Soundview Debtors against Deborah Hicks Midanek were voluntarily dismissed. |
| Soundview Elite Ltd., et al. v. Muho, et al., Case No. 13-06895 | Action for Conversion and Unjust Enrichment | United States District Court, Southern District of New York | This action was commenced on September 27, 2013 (3 days after the Petition Date).  On April 4, 2014, a default judgment in the amount of $2,194,185.89 was entered for plaintiffs. |
| Wilmington Trust, National Association v. Soundview Elite Ltd., et al., Case No. N13C-06-156 | Interpleader Action | Superior Court of the State of Delaware, New Castle County | The funds subject to this action that are property of the Debtors were released to the Chapter 11 Trustee pursuant to the Stipulation and Agreed Order by and between the Chapter 11 Trustee and Wilmington Trust, National Association Authorizing the Release of Funds and Related Relief (Docket no. 188).  The interpleader action against the six Debtors remains on the dormant docket. |

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 10a

| Name of Transferee | Address | Relationship to Debtor | Date of Payment | Property Transferred | Value Received |
|---|---|---|---|---|---|
| Fletcher International Inc. | 48 Wall Street, 4th Floor<br>New York NY 10005 | Affiliate | 3/8/2013 | Cash | $4,000,000.00 |
| Leveraged Hawk Inc. | c/o Registered Agent Solutions, Inc.<br>1679 S. Dupont Highway, Suite 100<br>Dover DE 19901 | Related Party (entity of whom a former officer or director of Debtor may be an insider) | 8/8/2013 | Cash | $2,067,377.24 |
| | | | | | |
| | | | | | |
| **TOTAL** | | | | | **$6,067,377.24** |

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 12

| Name | Address | Description of Contents | Date of Transfer or Surrender, if any |
|------|---------|-------------------------|----------------------------------------|
| Citco Global Custody (N.A.) N.V. | De Ruyterkade 62, PO Box 707 Willemstad, Curacao | Cash SAC Capital International Ltd Series D shares SAC Capital International Ltd Series E shares Tudor BVI Global Fund Ltd Legacy Class shares | 5/28/2014 (Cash only) |
| HSBC Private Bank (Monaco) S.A. | 17 Avenue d'Ostende MC 98000 Monaco | Cash SAC Capital International Ltd Series D shares SAC Capital International Ltd Series E shares Tudor BVI Global Fund Ltd Legacy Class shares | n/a |
| M&T Bank | 1007 North Market Street, Suite 12 Wilmington DE 19801 | Cash | n/a |
| Wilmington Trust, N.A. | Rodney Square North 1100 North Market Street Wilmington DE 19890-0001 | Cash | 2/24/2014 2/26/2014 |

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 21b

| Name | Address | Nature of Ownership | Percentage |
|---|---|---|---|
| Soundview Capital Management Limited | c/o Lennox Paton<br>PO Box N-4875, Ft. Nassau Center<br>Marlboroughs, Bahamas | Management Shares | 100.00% |
| Party 61 | Redacted | Participating Shares | 63.18% |
| Party 21 | Redacted | Participating Shares | 11.22% |
| Party 42 | Redacted | Participating Shares | 10.33% |
| Party 22 | Redacted | Participating Shares | 8.28% |

In re: Soundview Elite Ltd.
Case No. 13-13098 (REG)
Attachment 22b

| Name | Address | Title | Date of Termination |
|------|---------|-------|---------------------|
| DMS Corporate Services Ltd. | PO Box 1344, DMS House 20 Genesis Close, George Town Grand Cayman KY1-1108 Cayman Islands | Secretary | 7/16/2013 (upon information and belief) |
| Fletcher, Alphonse Jr. | Available upon request | Director | 9/24/2013 |
| Ladner, George | Available upon request | Director | 9/24/2013 |
| LaFata, Giacomo Jr. | Available upon request | Treasurer | 3/21/2013 |
| Muho, Gerti | Available upon request | Director | 4/3/2013 |
| Saunders, Floyd | Available upon request | Director | 10/5/2012 |
|  |  | Corporate Secretary | 9/24/2013 |
| Solon Group Inc. | Available upon request | Director | 6/19/2013 |