JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Veerle Roovers
Stephen Pearson
Amy Ferber

*Attorneys for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re                                         :   Chapter 11
                                              :   Case No. 13-13098 (REG)
                                              :
SOUNDVIEW ELITE LTD., *et al.*,               :   (Jointly Administered)
                                              :
                        Debtors.              :
                                              :
------------------------------------------------------------X

**LIMITED *EX PARTE* MOTION OF THE TRUSTEE
FOR AN ORDER AUTHORIZING THE TRUSTEE TO
(A) IDENTIFY EACH PARTICIPATING (NON-VOTING) INVESTOR
BY A DESCRIPTIVE IDENTIFIER ONLY AND REDACT THE INVESTOR
ADDRESSES IN THE DEBTORS' LISTS OF EQUITY SECURITY HOLDERS
IN ORDER TO COMPLY WITH CAYMAN ISLANDS PRIVACY LAWS AND
<u>(B) OTHERWISE FILE THE LISTS OF EQUITY SECURITY HOLDERS UNREDACTED</u>**

NYI-524614465v4

# TABLE OF AUTHORITIES

**Page**

**CASES**

In re Borders Grp., Inc.,
    462 B.R. 42 (Bankr. S.D.N.Y. 2011)..................................................................................4

In re Global Crossing, Ltd.,
    295 B.R. 720 (Bankr. S.D.N.Y. 2003)...............................................................................4, 5

**STATUTES**

11 U.S.C. § 105..............................................................................................................................1, 4

11 U.S.C. § 107..............................................................................................................................1, 4, 6

28 U.S.C. § 157..............................................................................................................................2

28 U.S.C. § 1334............................................................................................................................2

28 U.S.C. § 1408............................................................................................................................2

28 U.S.C. § 1409............................................................................................................................2

Cayman Islands Confidential Relationships (Preservation) Law (2009 Revision) .............2, 3, 5, 6

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1007..................................................................................................................1, 2, 5

Fed. R. Bankr. P. 9018..................................................................................................................1, 4, 7

Fed. R. Bankr. P. 9037..................................................................................................................1, 5

Local Bankruptcy Rule 1007-1.....................................................................................................1, 2

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Corinne Ball, not individually but solely in her capacity as chapter 11 trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**") hereby moves this Court pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007, 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") for an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to (i) identify participating (non-voting) investors who have not submitted redemption requests or have submitted partial redemption requests (collectively, the "**Investors**")[1] by a descriptive identifier only (*i.e.*, Party [#]) and redact the Investors' addresses (together with the Investors' identities, the "**Investor Information**") in the lists of equity security holders for each of the Debtors (collectively, the "**Lists of Equity Security Holders**") in order to comply with applicable Cayman Islands privacy law, and (ii) otherwise file the Lists of Equity Security Holders unredacted. The Trustee proposes to identify each Investor on the Lists of Equity Security Holders using the same unique identifier "Party [#]" assigned to such Investor (collectively, the "**Investor Identifiers**") in the Debtors' schedules of assets and liabilities (Docket Nos. 354-359) (the "**Schedules**") and statements of financial affairs (Docket Nos. 360-365) (the "**Statements**"), as applicable.

---

[1] The Trustee is not in the possession of the names and contact information of certain individual investors whose investments are held through a custodian. For the purposes of this Motion, these custodians are considered Investors.

- 1 -

NYI-524614465v4

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**FACTS SUPPORTING THE RELIEF REQUESTED**

2. On February 3, 2014, the Court approved (Docket No. 164) the appointment of the Trustee.

3. Pursuant to Bankruptcy Rule 1007(a)(3), the Debtors were required to file:

> within 14 days after entry of the order for relief a list of the [Debtors'] equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder.

Fed. R. Bankr. P. 1007(a)(3); see also Local Bankruptcy Rule 1007-1. The Trustee has confirmed with counsel previously representing the Debtors in possession that the Debtors did not file Lists of Equity Security Holders listing participating (non-voting) Investors with the Court.

4. The Debtors are registered in the Cayman Islands.

5. Cayman Islands privacy law prevents the Trustee from publicly disclosing the Investor Information. Specifically, Cayman Islands law provides that Investor Information is "confidential information" that the Trustee is not authorized to disclose without the Investors' authorization or approval of the Grand Court of the Cayman Islands. See The Confidential Relationships (Preservation) Law (Consolidated with Laws 26 of 1979 and 22 of 1993), reprinted in Cayman Islands Gazette No. 14, Supp. 5 (2009) (hereinafter "**CRP Law**"), § 2 (defining "confidential information" as "information concerning any property which the recipient thereof is not, otherwise than in the normal course of business, authorised by the principal to divulge"); id.

(defining "property" broadly to include "every present, contingent and future interest or claim direct or indirect, legal or equitable, positive or negative, in any money, moneys worth, realty or personality, movable or immovable, rights and securities thereover and all documents and things evidencing or relating thereto").  The CRP Law "has application to all confidential information with respect to business of a professional nature which arises in or is brought into the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout.  Id., § 3(1).  Anyone disclosing confidential information in violation of the CRP Law would be "guilty of an offence and liable on summary conviction to a fine of at least five thousand dollars and to imprisonment for two years."  Id., § 5(1).  Professional persons violating the CRP Law may be "liable to double the penalty."  Id., § 5(4).

6.    The Trustee is not in the possession of the Investors' consent or the approval of the Cayman Islands court with respect to the disclosure of the Investor Information.

7.    On September 17, 2014, the Trustee sought relief (Docket No. 330) (the "**Limited Motion to Redact the Schedules and Statements**") from this Court to redact the Investor Information in the Debtors' Schedules and Statements.  On September 23, 2014, this Court entered an order (Docket No. 335) (the "**Order Authorizing Limited Redaction**") granting the Limited Motion to Redact the Schedules and Statements, allowing the Trustee to (a) file an unredacted version of the Schedules and Statements for each Debtor under seal and (b) identify Investors by the applicable Investor Identifier and redact their addresses in the publicly available version of the Schedules and Statements.

8.    On September 24, 2014, the Trustee filed the Schedules and Statements in a redacted version as approved by the Order Authorizing Limited Redaction.

**BASIS FOR RELIEF REQUESTED**

9. Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Pursuant to section 107(b) of the Bankruptcy Code, the Court may order "on request of a party in interest … and on the bankruptcy court's own motion" that "commercial information" be filed under seal. 11 U.S.C. § 107(b)(1). "The meaning of 'commercial information' extends beyond the requirement that such information will give an entity's competitors an unfair advantage." In re Borders Grp., Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (citing In re Lomas Fin. Corp., No. 90 Civ. 7827, 1991 U.S. Dist. LEXIS 1589, at *2 (S.D.N.Y. Feb. 11, 1991)). "Rather, the term includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations, ultimately affecting the viability of the debtors.'" Id.

11. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code, with or without notice to other parties. Bankruptcy Rule 9018 provides, in relevant part:

> [o]n motion or on its own initiative, *with or without notice*, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018 (emphasis added). "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—any order which justice requires. The . . . authority goes not just to the protection of confidential documents, but to other confidentiality

Pg 7 of 13

restrictions that are warranted in the interests of justice." In re Global Crossing, Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (internal citations omitted).

12. Bankruptcy Rule 1007(a)(3) provides that a debtor, "*unless the Court orders otherwise*," shall file the Lists of Equity Security Holders within 14 days after entry of the order for relief.  Fed. R. Bankr. P. 1007(a)(3) (emphasis added).  Bankruptcy Rule 1007(j) provides that the Court, on motion of a party in interest and for cause shown, may direct the impounding of the Lists of Equity Security Holders and may refuse to permit inspection by any entity.  Fed. R. Bankr. P. 1007(j).

13. Furthermore, Bankruptcy Rule 9037 sets forth certain privacy protections for filings to be made with the Court.  Bankruptcy Rule 9037(d) provides that, for cause, the Court may by order "require redaction of additional information" in addition to the types of information included in Bankruptcy Rule 9037(a)" (*i.e.*, an individual's social security number, birth date, etc.).  Fed. R. Bankr. P. 9037(d).

14. Here, disclosure of the Investor Information in the Lists of Equity Security Holders would be severely detrimental to the Trustee's attempts to effectively and efficiently administer and liquidate the estates in the best interests of the stakeholders, because the Trustee is prohibited from disclosing the Investor Information by the Cayman Islands CRP Law.  As set forth above, if the Trustee were to disclose the Investor Information without the consent of the Investors or the approval of the Cayman Islands court, the Trustee would be "guilty of an offence and liable on summary conviction to a fine of five thousand dollars and to imprisonment for two years."[2]  CRP Law, § 5(1). Subjecting the Trustee to potential prosecution in the Cayman Islands would have a chilling effect on, and distract the Trustee from, the administration and

---

[2] The Trustee may be subject to "double the penalty" given that the Trustee may qualify as a "professional person" under the CRP Law.  See id. § 5(4); id. § 2 (defining professional person to include "a public or government official . . . an estate agent . . . and every kind of commercial agent and advisor").

- 5 -

liquidation of the estates, and would not be in the best interests of the estates and their stakeholders.

15. The Trustee anticipates filing a motion to obtain a general bar date for parties to file both proofs of claim against and proofs of interest in the Debtors, and no Lists of Equity Security Holders identifying the Investors have been previously filed.  In order to allow each Investor listed in the Lists of Equity Security Holders to identify its holdings based on the books and records in the Trustee's possession, the Trustee will provide, together with any future notice of the bar date for filing proofs of claim against and proofs of interests in the Debtors, (a) notice to each Investor of the unique Investor Identifier by which such Investor is listed on the Lists of Equity Security Holders and (b) a copy of the Lists of Equity Security Holders on which such Investor is listed.  Furthermore, the Trustee will publish a notice of the bar date (the "**Publication Notice**") in the Cayman Islands Gazette and the Wall Street Journal, and will include in such Publication Notice that Investors will receive a copy of the Lists of Equity Security Holders on which they are listed together with their unique Investor Identifier upon request.  Therefore, the Trustee submits that the Investors will not be prejudiced by the relief requested in this Motion.

16. Unredacted versions of the Lists of Equity Security Holders have been provided to the Office of the United States Trustee (the "**U.S. Trustee**").[3]

17. Because the redaction of the Investor Information as set forth herein is necessary and appropriate under the circumstances so that the Trustee can efficiently and

---

[3] The CRP Law has "no application to the seeking, divulging or obtaining of confidential information . . . (c) in accordance with [the CRP Law] or any other law."  CRP Law, § 3(2)(c).  Section 107(c)(3) of the Bankruptcy Code requires that the U.S. Trustee "(A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and (B) shall not disclose information specifically protected by the court under this title."  11 U.S.C. § 107(c).

- 6 -

effectively administer these cases and liquidate the estates while complying with the CRP Law, the Trustee respectfully requests that this Motion be granted.

18. The Court has previously granted similar relief in connection with the Schedules and Statements.

## NOTICE

19. Advance notice of this Motion has not been given. Pursuant to Judge Gerber's Chambers Rules, a motion to seal may be submitted *ex parte*. Due to the nature of the relief requested in this Motion, *ex parte* relief is appropriate. Moreover, as noted above, Bankruptcy Rule 9018 specifically permits the Court to enter orders authorizing the filing of documents under seal "with or without notice."

## PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein; and (ii) grant such other and further relief to the Trustee as the Court may deem proper.

Dated: New York, New York
October 2, 2014

Respectfully submitted,

/s/ Veerle Roovers
Veerle Roovers
Stephen Pearson
Amy Ferber
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for the Chapter 11 Trustee*

## **EXHIBIT A**

NYI-524614465v4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
: Chapter 11
In re : Case No. 13-13098 (REG)
:
SOUNDVIEW ELITE LTD., *et al.*, : (Jointly Administered)
:
:
Debtors. :
:
:
----------------------------------------------------------------X

**ORDER AUTHORIZING THE TRUSTEE TO (A) IDENTIFY
EACH PARTICIPATING (NON-VOTING) INVESTOR BY A
DESCRIPTIVE IDENTIFIER ONLY AND REDACT THE INVESTOR
ADDRESSES IN EACH DEBTOR'S LIST OF EQUITY SECURITY HOLDERS AND
(B) OTHERWISE FILE THE LISTS OF EQUITY SECURITY HOLDERS UNREDACTED**

This matter coming before the Court on the Limited *Ex Parte* Motion of the Trustee for an Order Authorizing the Trustee to (A) Identify Each Participating (Non-Voting) Investor by a Descriptive Identifier Only and Redact the Investor Addresses in the Debtors' Lists of Equity Security Holders in Order to Comply with Cayman Islands Privacy Laws and (B) Otherwise File the Lists of Equity Security Holders Unredacted (the "**Motion**"),[1] filed by the chapter 11 trustee (the "**Trustee**"); the Court having reviewed the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iii) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish grounds for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

NYI-524614465v4

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rules 1007, 9018 and 9037 and Local Bankruptcy Rule 1007-1, the Trustee is authorized to:

(a) file an unredacted version of each Debtor's List of Equity Security Holders under seal; and

(b) identify Investors only by the descriptive identifier "Party [#]" and redact their addresses in the publicly available version of the Lists of Equity Security Holders. To the extent a descriptive identifier "Party [#]" was used for an Investor in the Schedules and Statements, the Trustee will use that same identifier in the Lists of Equity Security Holders.

3. The unredacted Lists of Equity Security Holders shall remain under seal and confidential during these cases and shall not be made available to any party without further order of this Court, after notice and a hearing.

4. The Trustee and the U.S. Trustee shall dispose of the confidential information in the unredacted Lists of Equity Security Holders at the conclusion of these cases.

5. This Order is without prejudice to the rights of any party in interest to seek to unseal the Lists of Equity Security Holders or any part thereof.

6. This Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                   _____
                                   THE HONORABLE ROBERT E. GERBER
                                   UNITED STATES BANKRUPTCY JUDGE