UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re  Soundview Elite Ltd.  
**Debtor**

Case No. 13098 (REG) (Jointly Administered)  
Reporting Period: 08/01/2014 - 08/31/2014  
Federal Tax I.D. # 98-1069469

**CORPORATE MONTHLY OPERATING REPORT**

**File with the Court and submit a copy to the United States Trustee within 20 days after the end of the month and submit a copy of the report to any official committee appointed in the case.**
*(Reports for Rochester and Buffalo Divisions of Western District of New York are due 15 days after the end of the month, as are the reports for Southern District of New York.)*

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | X | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1 (CON'T) | X | |
|    Copies of bank statements | | | X |
|    Cash disbursements journals | | | X |
| Statement of Operations | MOR-2 | X | X |
| Balance Sheet | MOR-3 | X | X |
| Status of Post-petition Taxes | MOR-4 | | X |
|    Copies of IRS Form 6123 or payment receipt | | | |
|    Copies of tax returns filed during reporting period | | | |
| Summary of Unpaid Post-petition Debts | MOR-4 | | X |
|    Listing of Aged Accounts Payable | | | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | | X |
| Taxes Reconciliation and Aging | MOR-5 | | X |
| Payments to Insiders and Professional | MOR-6 | X | X |
| Post Petition Status of Secured Notes, Leases Payable | MOR-6 | | X |
| Debtor Questionnaire | MOR-7 | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

Signature: / s / Corinne Ball        Date  10/21/2014

Corinne Ball, as Chapter 11 Trustee for Debtor Soundview Elite Ltd.

**Notes to August 2014 Monthly Operating Report**

On September 24, 2013 (the "**Petition Date**"), Soundview Elite Ltd. (the "**Debtor**"), Soundview Premium, Ltd., Soundview Star Ltd., Elite Designated, Premium Designated and Star Designated (collectively, the "**Soundview Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

On January 23, 2014, this Court entered a bench decision (Docket No. 156) (the "**Bench Order**") which, among other things, authorized and directed the United States Trustee (the "**U.S. Trustee**") to appoint a chapter 11 trustee. By a notice dated January 31, 2014 (Docket No. 160), the U.S. Trustee appointed Corinne Ball to serve as the trustee in these cases. On February 3, 2014, the Court approved (Docket No. 164) the U.S. Trustee's appointment of Corinne Ball as trustee (the "**Chapter 11 Trustee**").

<u>Disclaimer</u>:

**At the time of the filing of this Monthly Operating Report (the "Report"), the Chapter 11 Trustee is not in possession of certain of the Soundview Debtors' books and records. For example, while the Chapter 11 Trustee has received the majority of the Soundview Debtors' account statements, she is not in the possession of certain account statements from some of the Soundview Debtors' banks. She has become aware that certain parties have not transferred all the Soundview Debtors' books and records in such parties' possession to the Chapter 11 Trustee. This Report has been prepared based upon the information known to the Chapter 11 Trustee as of the date this Report was filed. For the reasons set forth above, each item remains subject to reclassification, re-characterization and/or adjustment, and the Chapter 11 Trustee reserves all rights with respect to the amount, classification, characterization and explanation of each item reported herein. Nothing set forth in this Report shall be deemed a waiver of the Chapter 11 Trustee's right to challenge the amount, characterization and/or classification of any asset, liability or equity interest.**

**MOR-1:**

*Bank Statements*

HSBC Private Bank ("**HSBC**") and M&T Bank ("**M&T**") bank statements have not been received and reviewed since September 30, 2013 and March 31, 2014 respectively.[1] The Debtor has received its bank statements from Wilmington Trust, N.A. ("**Wilmington Trust**") and Citco Banking Corporation N.V. ("**Citco**"). This Monthly Operating Report is also based on the statements of the bank accounts opened by the Chapter 11 Trustee in her capacity as Chapter 11 Trustee for the Debtor (the "**Citibank Accounts**") at Citibank, N.A. ("**Citibank**").

**MOR-2:**

*Unrealized Gain (Loss) on Foreign Currency Translation*

The item captioned as "*Unrealized Gain (Loss) on Foreign Currency Translation*" on the Debtor's statement of operations reflects the unrealized gain or loss from foreign currency translation during the reporting period due to the impact of movements in Euro and Swiss Francs on the value of the US Dollar. The Chapter 11 Trustee is consulting with her advisors regarding foreign currency exposure and expects to implement a plan to address same.

*Allocation Between Soundview Debtors*

Given both the different (a) stakeholder bases (i.e. investors and creditors) and (b) asset sizes of the Soundview Debtors, it was deemed appropriate that administrative expenses which cannot be attributed to a particular Soundview Debtor or Soundview Debtors be allocated based on identifiable available assets on the Petition Date, namely cash and investments in both third party funds and inter-debtor receivables.  Taking these factors in account, and applying certain discounts to non-cash assets, the basis for allocation is as follows:

| | |
|---|---|
| Soundview Elite Ltd. | 34% |
| Soundview Premium, Ltd. | 13% |
| Soundview Star Ltd. | 15% |
| Elite Designated | 15% |
| Premium Designated | 11% |
| Star Designated | 12% |
| Total | 100% |

While there may be some subjectivity to the allocation percentages set forth above, based on certain estimated non-cash assets and the discounts applied thereto, the Chapter 11 Trustee and her advisors believe that this allocation is fair and should not change materially.  However, if it is determined at the conclusion of these chapter 11 cases that the allocation percentages were materially different, based on the value of certain non-cash assets and the discounts applied thereto, and if it be deemed appropriate and cost effective, an adjustment of the allocation percentages can be implemented at that time.

---

[1] The Chapter 11 Trustee has received bank statements from HSBC Bank USA, N.A.

*Allocation Between Soundview Elite Ltd., Soundview Premium, Ltd. and Soundview Star Ltd. (the "**Limited Debtors**")*

Given both the different (a) stakeholder bases (i.e. investors and creditors) and (b) asset sizes of the Limited Debtors, it was deemed appropriate that administrative expenses attributable to the Limited Debtors only but which cannot be attributed to a particular Limited Debtor or Limited Debtors, be allocated based on identifiable available assets on the Petition Date, namely cash and investments in both third party funds and inter-debtor receivables. Taking these factors in account, and applying certain discounts to non-cash assets, the basis for allocation is as follows:

| | |
|---|---|
| Soundview Elite Ltd. | 55% |
| Soundview Premium, Ltd. | 21% |
| Soundview Star Ltd. | <u>24%</u> |
| Total | 100% |

While there may be some subjectivity to the allocation percentages set forth above, based on certain estimated non-cash assets and the discounts applied thereto, the Chapter 11 Trustee and her advisors believe that this allocation is fair and should not change materially. However, if it is determined at the conclusion of these chapter 11 cases that the allocation percentages were materially different, based on the value of certain non-cash assets and the discounts applied thereto, and if it be deemed appropriate and cost effective, an adjustment of the allocation percentages can be implemented at that time.

*Earned Interest Income*

The item captioned as "*Earned Interest Income*" on the Debtor's statement of operations reflects interest earned from the Wilmington Trust bank accounts and Citibank Accounts. The Chapter 11 Trustee is not yet in possession of the Debtor's complete financial books and records to determine whether additional interest income was earned during this reporting period.

<u>**MOR-3:**</u>

**Explanation of Certain Accounts**

*Cash*

As of August 31, 2014, the item captioned as "*Cash*" consists of the cash in the Citibank Accounts, the unused portion of the $65,000 Fee Reserve (as defined below) at Wilmington Trust, and the cash in the Debtor's prepetition accounts at M&T and HSBC to the extent reflected on available prior account statements. The Debtor has received its funds from Citco through transfers to the Citibank Accounts on May 28, 2014.

On June 17, 2013, the Debtor's account at Wilmington Trust was the subject of an Interpleader action brought by Wilmington Trust, and captioned Wilmington Trust, National Association v. Soundview Elite Ltd., et al., Superior Court of Delaware, New Castle County, C.A. No. N13C-06-156-JTV-CCLD (the "**Interpleader Action**"). The Debtor's account at Wilmington Trust was frozen at the time. Pursuant to the *Stipulation and Agreed Order By and Between the Chapter 11 Trustee and Wilmington Trust, National Association Authorizing the Release of Funds and for Related Relief* (Docket No. 188) (the "**Wilmington Trust Consent Order**"), Wilmington Trust transferred all of the funds in the Debtor's account subject to the Interpleader Action to the Chapter 11 Trustee's (on account of the Debtor) checking account at

Citibank, except for (a) $92,963.24 deducted by Wilmington Trust on a pro rata basis from accounts attributable to each of the Soundview Debtors to pay for attorneys' fees, custodian fees and costs associated with the maintenance of the accounts through January 31, 2014 and (b) $65,000 from the account of the Debtor only to be maintained by Wilmington Trust as a reserve (the "**Fee Reserve**") to cover any reasonable attorneys' fees, custodian fees and costs incurred by Wilmington Trust in connection with its former role as custodian. As set forth herein, certain payments have been made from the Fee Reserve to Wilmington Trust's counsel and the Debtor is expected to recover from the other Soundview Debtors their share of such payments in accordance with the allocation percentage between the Soundview Debtors as set forth herein.

### *Richcourt Related Investments*

The item captioned as "*Richcourt Related Investments"* on the Debtor's statement of financial position consists of the Debtor's investments in Soundview Composite Ltd. ("**Composite**") and New Wave Fund SPC. The fair value of the Richcourt Related Investments is based on July 31, 2013 balances from a schedule believed to be provided by the Debtor's former management. No investment information has been provided since then and therefor no updates to the fair value can be recorded. The Richcourt Related Investments include, among other things, a redemption receivable of at least $3.875 million from Composite as well as other amounts recoverable from New Wave Fund SPC. The Chapter 11 Trustee has sought through an adversary proceeding the turnover of at least $3.875 million from Composite together with an accounting and other information.

### *Unaffiliated Investments*

The Debtor maintains an investment portfolio that consists of investments in unaffiliated investment funds. Unaffiliated Investments are reflected as of the date of the most recent statements in the Chapter 11 Trustee's possession. Three investments are being reflected at July 31, 2013 value as stated in a schedule believed to be provided by the Debtor's former management. Three investments are being reported as of August 31, 2013 investment statements. An additional investment was included with August 31, 2013 values; however it should be noted that this investment was not included in the July 31, 2013 balance. These valuations are subject to investigation and review by the Chapter 11 Trustee and her advisors.

### *FAM Related Investments*

The item captioned as "*FAM Related Investments*" includes the following: (1) $4 million (see below); (2) a $0.382 million guarantee from RPGP Limited; and (3) a $0.122 million discounted redemption receivable due from Fletcher Income Arbitrage Fund Ltd. The Chapter 11 Trustee is investigating these amounts. The amount of $4 million is based on former management's records regarding the transfer of such amount, on March 8, 2013, to Fletcher International, Inc. ("**FII**"), of which an amount of $2.2 million was immediately - on the same day – transferred by FII to Fletcher International, Ltd. ("**FILB**"). The Chapter 11 Trustee is further investigating such transfers and the repayment of these amounts to the Debtor, including by the filing of an administrative expense claim against FILB's estate.

### *Redemptions Payable*

The item captioned as *"Redemptions Payable"* on the Debtor's statement of financial position is the result of the investigation of the Chapter 11 Trustee and her financial consultant.

*Pre-Petition Management Fees*

The item captioned as *"Pre-Petition Management Fees"* on the Debtor's statement of financial position represents the Debtor's former management's estimate of pre-petition fees of the Debtor's investment managers.

*Pre-Petition Accrued Expenses*

The item captioned as *"Pre-Petition Accrued Expenses"* on the Debtor's statement of financial position represents the Debtor's former management's estimate of pre-petition accrued professional fees due to third parties and invoices received for pre-petition services rendered to the Debtor.

**MOR-4:**

*Status of Post-Petition Taxes*: Upon information and belief (based on the Debtor's status as a Cayman entity and its prior practice), the Debtor is not generally subject to federal, state or local taxes in the United States. While the Debtor is subject to withholding taxes for dividends paid to it, those taxes are reported and no payment receipts or returns are required to be filed. Upon information and belief, no taxes are to be paid and no tax filings are to be made. The Chapter 11 Trustee is investigating the Debtor's tax obligations and reserves all rights with respect to them.

**MOR-5**:

The Debtor has no identified accounts receivable and upon information and belief (based on the Debtor's status as a Cayman entity and its prior practice), the Debtor has no taxes owed. The Chapter 11 Trustee is investigating the Debtor's tax obligations and reserves all rights with respect to them.

**MOR-6:**

Based on the books and records in her possession, the Chapter 11 Trustee believes that no payments to insiders were made during this reporting period.

| In re Soundview Elite Ltd. | | Case No. 13098 (REG) (Jointly Administered) |
|---|---|---|
| Debtor | | Reporting Period: 08/01/2014 - 08/31/2014 |

### SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

Amounts reported should be from the debtor's books and not the bank statement. The beginning cash should be the ending cash from the prior month or, if this is the first report, the amount should be the balance on the date the petition was filed. The amounts reported in the "CURRENT MONTH - ACTUAL" column must equal the sum of the four bank account columns. Attach copies of the bank statements and the cash disbursements journal. The total disbursements listed in the disbursements journal must equal the total disbursements reported on this page. A bank reconciliation must be attached for each account. [See MOR-1 (CON'T)]

| | BANK ACCOUNTS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NUMBER (LAST 4) | Wilmington Trust[4] (3000) | Citco Banking Corporation N.V.[1] (3200) | Citco Banking Corporation N.V.[1] (3201) | HSBC Private Bank[2] (3996) | M&T Bank[3] (0843) | Citibank, N.A.[5] (7700) | Citibank, N.A.[5] (1217) | Citibank, N.A.[5] (0152) | Citibank, N.A.[5] (8072) | CURRENT MONTH ACTUAL (TOTAL OF ALL ACCOUNTS) |
| CASH BEGINNING OF MONTH | 11,643.08 | (75.00) | (73.54) | 5,601.94 | 728.76 | 10,203.92 | 1,574,176.77 | 1,353,756.18 | 2,574,804.14 | 5,530,766.25 |
| **RECEIPTS** | | | | | | | | | | |
| CASH SALES | | | | | | | | | | - |
| ACCOUNTS RECEIVABLE - PREPETITION | | | | | | | | | | - |
| ACCOUNTS RECEIVABLE - POSTPETITION | | | | | | | | | | - |
| LOANS AND ADVANCES | | | | | | | | | | - |
| SALE OF ASSETS | | | | | | | | | | - |
| OTHER *(ATTACH LIST)* | | | 1.42 | | | 440,187.92 | | | 437.40 | 440,626.74 |
| TRANSFERS *(FROM DEBTOR ACCTS)* | | | | | | | | | | - |
| TOTAL RECEIPTS | - | - | 1.42 | - | - | 440,187.92 | - | - | 437.40 | 440,626.74 |
| **DISBURSEMENTS** | | | | | | | | | | |
| NET PAYROLL | | | | | | | | | | - |
| PAYROLL TAXES | | | | | | | | | | - |
| SALES, USE, & OTHER TAXES | | | | | | | | | | - |
| INVENTORY PURCHASES | | | | | | | | | | - |
| SECURED/ RENTAL/ LEASES | | | | | | | | | | - |
| INSURANCE | | | | | | | | | | - |
| ADMINISTRATIVE | | | | | | (2,707.79) | | | | (2,707.79) |
| SELLING | | | | | | | | | | - |
| OTHER *(ATTACH LIST)* | | (5.00) | (4.90) | | | | (24,705.69) | (9,755.21) | | (34,470.80) |
| OWNER DRAW * | | | | | | | | | | - |
| TRANSFERS *(TO DEBTOR ACCTS)* | | | | | | | | | | - |
| PROFESSIONAL FEES | | | | | | | | | | - |
| U.S. TRUSTEE QUARTERLY FEES | | | | | | (650.00) | | | | (650.00) |
| COURT COSTS | | | | | | | | | | - |
| TOTAL DISBURSEMENTS | - | (5.00) | (4.90) | - | - | (3,357.79) | (24,705.69) | (9,755.21) | - | (37,828.59) |
| | | | | | | | | | | |
| NET CASH FLOW (RECEIPTS LESS DISBURSEMENTS) | - | (5.00) | (3.48) | - | - | 436,830.13 | (24,705.69) | (9,755.21) | 437.40 | 402,798.15 |
| | | | | | | | | | | |
| CASH – END OF MONTH | 11,643.08 | (80.00) | (77.02) | 5,601.94 | 728.76 | 447,034.05 | 1,549,471.08 | 1,344,000.97 | 2,575,241.54 | 5,933,564.40 |

* COMPENSATION TO SOLE PROPRIETORS FOR SERVICES RENDERED TO BANKRUPTCY ESTATE

7

| In re Soundview Elite Ltd. | Case No. 13098 (REG) (Jointly Administered) |
|---|---|
| **Debtor** | **Reporting Period:** 08/01/2014 - 08/31/2014 |

**DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES: (FROM CURRENT MONTH ACTUAL COLUMN)**

| **TOTAL DISBURSEMENTS** | (37,828.59) |
|---|---|
| LESS: TRANSFERS TO OTHER DEBTOR ACCOUNTS | - |
| PLUS: ESTATE DISBURSEMENTS MADE BY OUTSIDE SOURCES (i.e. from escrow accounts) | - |
| **TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES[6]** | (37,828.59) |

[1] Citco actvity is recorded based on the Citco Transaction History Enquiry for the period ended September 3, 2014.

[2] HSBC account balance is as of September 30, 2013. No activity occurring thereafter has been taken into account. As of this time, the Chapter 11 Trustee does not have control over this account or the amounts therein.

[3] M&T account balance is as stated on the M&T bank statements received as of March 31, 2014.

[4] Wilmington Trust account balance is as of August 31, 2014.

[5] Citibank Account balance is as of August 31, 2014. The Citibank Accounts were opened in February and March 2014 by Corinne Ball, in her capacity as Chapter 11 Trustee of Soundview Elite Ltd. The Euro and Swiss Franc denominated funds have been converted to US Dollars as of August 31, 2014 for purposes of this Report.

[6] This amount includes the foreign currency translation, the details of which are set forth below.

| In re | Soundview Elite Ltd. | | **Case No.** | 13098 (REG) (Jointly Administered) |
|---|---|---|---|---|
| | **Debtor** | | **Reporting Period** | 08/01/2014 - 08/31/2014 |

MOR-1 Con. Schedule of Cash Receipts and Disbursements[1]

### Wilmington Trust
Account Ending In XXXX3000

| Date | Description | Activity |
|---|---|---|
| 8/1/2014 | Opening Balance | 11,643.08 |
| 8/31/2014 | Balance | 11,643.08 |

### Citco Banking Corporation N.V.
Account Ending In XXXXXXXXX00

| Date | Description | Activity |
|---|---|---|
| 8/1/2014 | Opening Balance | (75.00) |
| 8/1/2014 | Interest expense | (5.00) |
| 8/31/2014 | Balance | (80.00) |

### Citco Banking Corporation N.V.
Account Ending In XXXXXXXXX01 (EUR)

| Date | Description | Activity |
|---|---|---|
| 8/1/2014 | Opening Balance | (73.54) |
| 8/11/2014 | Interest expense | (4.90) |
| 8/31/2014 | Foreign Currency Translation | 1.42 [2] |
| 8/31/2014 | Balance | (77.02) |

### HSBC Private Bank
Account Ending In XXX96

| Date | Description | Activity |
|---|---|---|
| 8/1/2014 | Opening Balance | 5,601.94 |
| 8/31/2014 | Balance | 5,601.94 |

### M&T Bank
Account Ending In XXXXXXXXX43

| Date | Description | Activity |
|---|---|---|
| 8/1/2014 | Opening Balance | 728.76 |
| 8/31/2014 | Balance | 728.76 |

### Citibank, N.A.
Account Ending In XXXXXXXX00

| Date | Description | Activity |
|---|---|---|
| 8/1/2014 | Opening Balance | 10,203.92 |
| 8/8/2014 | Wire received (Soundview Elite Ltd. et al. v. Muho, et al.) | 440,173.03 [3] |
| 8/27/2014 | Check paid (US Trustee fees) | (650.00) |
| 8/29/2014 | Check paid (Epiq Solutions) | (2,707.79) |
| 8/31/2014 | Interest Earned | 14.89 |
| 8/31/2014 | Balance | 447,034.05 |

|  |  | Citibank, N.A. |  |
|---|---|---|---|
|  | Account Ending In | XXXXXX17 (EUR) |  |
| Date | Description |  | Activity |
| 8/1/2014 |  | Opening Balance | 1,574,176.77 |
| 8/31/2014 | Foreign Currency Translation |  | (24,705.69) [2] |
| 8/31/2014 |  | Balance | 1,549,471.08 |

|  |  | Citibank, N.A. |  |
|---|---|---|---|
|  | Account Ending In | XXXXXX52 (CHF) |  |
| Date | Description |  | Activity |
| 8/1/2014 |  | Opening Balance | 1,353,756.18 |
| 8/31/2014 | Foreign Currency Translation |  | (9,755.21) [2] |
| 8/31/2014 |  | Balance | 1,344,000.97 |

|  |  | Citibank, N.A. |  |
|---|---|---|---|
|  | Account Ending In | XXXXXXXX72 |  |
| Date | Description |  | Activity |
| 8/1/2014 |  | Opening Balance | 2,574,804.14 |
| 8/29/2014 | Interest Earned |  | 437.40 |
| 8/31/2014 |  | Balance | 2,575,241.54 |

[1] Amounts based on last statements received as noted on MOR-1.

[2] Please refer to the foreign exchange translation schedule.

[3] In August 2013, Gerti Muho, a former director of the Soundview Debtors, improperly and without authority from Debtor Soundview Elite appropriated $2.07 million of the Debtor's cash, by transferring these funds to Leveraged Hawk Inc., an entity affiliated with Muho. The Debtor, among others, filed an action for conversion and unjust enrichment against Muho and Leveraged Hawk Inc. before the District Court for the Southern District of New York. On April 4, 2014, a default judgment in the amount of $2,194,185.89 was entered for the plaintiffs. The Chapter 11 Trustee subsequently recovered $440,173.03 on behalf of the Debtor. She expects to recover additional funds in October 2014.

**Foreign Exchange Translation**

**CHF (Citibank)[1]**

|  | 7/31/2014 | 8/31/2014 |
|---|---|---|
| Currency owned | 1,230,970.49 | 1,230,970.49 |
| FX Rates | 1.0997 | 1.0918 |
| USD Amount | 1,353,756.18 | 1,344,000.97 |
| FX Translation Gain/(Loss) |  | (9,755.21) |

**EUR (Citibank)[1]**

|  | 7/31/2014 | 8/31/2014 |
|---|---|---|
| Currency owned | 1,176,427.17 | 1,176,427.17 |
| FX Rates | 1.3381 | 1.3171 |
| USD Amount | 1,574,176.77 | 1,549,471.08 |
| FX Translation Gain/(Loss) |  | (24,705.69) |

**EUR (Citco)[2]**

|  | 7/31/2014 | 8/31/2014 |
|---|---|---|
| Currency owned | (54.92) | (58.65) |
| FX Rates | 1.3390 | 1.3132 |
| USD Amount | (73.54) | (77.02) |
| FX Translation Gain/(Loss) |  | 1.42 |

**TOTAL FX Translation Gain/(Loss)**          **(34,459.48)**

[1] 07/31/2014 and 08/31/2014 FX Rates are taken from Citibank Account statements.
[2] 07/31/2014 and 08/31/2014 FX Rates are taken from Bloomberg.

In re  Soundview Elite Ltd.                                      Case No. 13098 (REG) (Jointly Administered)
**Debtor**                                                       Reporting Period 08/01/2014 - 08/31/2014

# SOUNDVIEW ELITE LTD.

STATEMENT OF OPERATIONS
*(Unaudited)*

|  | For the period August 01, 2014 - August 31, 2014[6] | Cumulative Post-Petition Period[6] |
|---|---:|---:|
| **Income (Loss) from Investing Activities:** | | |
| Net Realized/Unrealized Trading Gains (Loss) | $       - | $       -   [1] |
| Unrealized Gain (Loss) on Foreign Currency Translation | (34,459.48) | (32,190.41) [2] |
| Income (Loss) from Affiliates |  | 74,561.53 [3] |
| Dividend Income, net | - | - |
| Reserves | - | - |
| Other Income | 440,173.03 | 440,173.03 [4] |
| Earned Interest Income | 452.29 | 2,570.58 [5] |
| Total Income (Loss) from Investing Activities | $  406,165.84 | $  485,114.72 |
| **Operating Expenses:** | | |
| Net Interest Expense | - | 9.96 |
| Administrative Expense | 2,707.79 | 61,840.31 |
| Legal Expense | - | - |
| Consulting Expense | - | - |
| Other Expense | 9.90 | 3,743.48 |
| Total Operating Expenses | 2,717.69 | 65,593.75 |
| **Reorganization Items:** | | |
| Professional and Chapter 11 Trustee Fees and Expenses | - | 126,006.92 |
| U.S. Trustee Fees | 650.00 | 2,275.00 |
| Total Reorganization Items | 650.00 | 128,281.92 |
| **Net Income (Loss)** | **$  402,798.15** | **$  291,239.05** |

This Statement should be read in conjunction with the accompanying Notes above.

[1] The net realized/unrealized trading gains (loss) is an estimate based on information in the Chapter 11 Trustee's possession. No underlying investment statements have been received by the Chapter 11 Trustee for the period post August 31, 2013.

[2] Unrealized Gain/(Loss) on Foreign Currency Translation based on the Wilmington Trust bank accounts, Citco bank accounts and Citibank Accounts.

[3] Income from Affiliates includes cash receipts from the underlying investment holdings.

[4] Other Income includes amounts received in connection with the judgment entered in favor of the plaintiffs in Soundview Elite Ltd., et al. v. Muho, et al., Case No. 13-06895.

[5] Interest Income earned from the Wilmington Trust bank account and the Citibank Accounts.

[6] Amounts on the Statement of Operations only include transactions that have occurred to date and are documented by cash receipts rather than those that have been accrued to date but not paid, including those that might be, or are, objected to by the Chapter 11 Trustee. These accrued but unpaid fees and expenses are only shown on the Statement of Financial Position for both the current reporting period and the cumulative post-petition period.

In re  Soundview Elite Ltd.  
**Debtor**

**Case No.** 13098 (REG) (Jointly Administered)  
**Reporting Period** 08/01/2014 - 08/31/2014

**SOUNDVIEW ELITE LTD.**

Statement of Financial Position  
*(Unaudited)*

|  | August 31, 2014 | July 31, 2014 | September 24, 2013 |
|---|---:|---:|---:|
| **Assets:** | | | |
| Cash | $ 5,933,564.40 [1] | $ 5,530,766.25 | $ 5,629,982.52 |
| Richcourt Related Investments | 5,627,239.00 [2] | 5,627,239.00 | 5,627,239.00 |
| Unaffiliated Investments | 1,001,519.63 [3] | 1,001,519.63 | 1,001,519.63 |
| FAM Related Investments | 4,504,969.00 [4] | 4,504,969.00 | 4,504,969.00 |
| Receivable MRCFA | 1,842,068.00 [5] | 1,842,068.00 | 1,842,068.00 |
| Receivables from Other Soundview Debtors | 34,975.02 [6] | 34,975.02 | |
| Accrued Interest Income | | | - |
| **Total Assets** | **18,944,335.05** | **18,541,536.90** | **18,605,778.15** |
| | | | |
| **Liabilities:** | | | |
| Post-Petition Accrued Expenses | 2,413,732.58 [7] | 2,377,647.55 | - |
| Post-Petition Due to Affiliates | - | - | - |
| Reserves | 1,718,498.99 [8] | 1,513,467.88 | - |
| | 4,132,231.57 | 3,891,115.43 | 6,268,271.23 |
| Liabilities Subject to Compromise: [9] | | | |
| Redemptions Payable | 15,886,290.43 [10] | 15,886,290.43 | 8,329,984.00 |
| Pre-Petition Management Fees | 436,790.26 | 436,790.26 | 436,790.26 |
| Pre-Petition Accrued Expenses | 105,964.06 [11] | 105,964.06 | 50,422.43 |
| Total Liabilities Subject to Compromise | 16,429,044.75 | 16,429,044.75 | 8,817,196.69 |
| | | | |
| **Total Liabilities** | **20,561,276.32** | **20,320,160.18** | **8,817,196.69** |
| | | | |
| **Capital** | **(1,616,941.27)** | **(1,778,623.28)** | **9,788,581.47** |

This Statement should be read in conjunction with the accompanying Notes.

[1] HSBC and M&T bank statements have not been received and reviewed since September 30, 2013 and March 31, 2014 respectively. Therefore, the listed cash balance may differ from actual cash balances as of August 31, 2014.

[2] See note regarding Richcourt Related Investments on page 5 of this Monthly Operating Report.

13

| In re | Soundview Elite Ltd. | **Case No.** | 13098 (REG) (Jointly Administered) |
|---|---|---|---|
| | **Debtor** | **Reporting Period** | 08/01/2014 - 08/31/2014 |

[3] See note regarding Unaffiliated Investments on page 5 of this Monthly Operating Report.

[4] See note regarding FAM Related Investments on page 5 of this Monthly Operating Report.

[5] In February 2012, the Debtor, along with the other Soundview Debtors and several entities controlled by the former management of the Soundview Debtors, entered into the Master Recovery Cooperation and Financing Agreement ("**MRCFA**").  The purpose the of MRCFA was to preserve and pursue certain litigation claims in connection with the Chapter 11 bankruptcy case of FILB as well as the Cayman Islands insolvency proceedings of Fletcher Income Arbitrage Fund, Ltd. and FIA Leveraged Fund Ltd.  Pursuant to the MRCFA, the Debtor disbursed cash payments amounting to $1.842M to various legal and professional services firms.

[6] On July 21, 2014, $52,992.45 was deducted from the Fee Reserve at Wilmington Trust to pay Richards, Layton & Finger, P.A. in accordance with the Wilmington Trust Consent Order.  The Debtor has administrative expense claims against the other Soundview Debtors for their share of the amount based on the allocation percentages set forth in the accompanying Notes.

[7] Postpetition Accrued Expenses includes, among other things, (a) allowed professional and Chapter 11 Trustee fees and expenses allocated to the Debtor as set forth in the accompanying Notes and (b) administrative claims filed against the Debtor.  The Chapter 11 Trustee reserves all rights with respect to the responsibility of the Soundview Debtors' estates for these fees and expenses (including the fees of the joint official liquidators, their professionals and experts) and claims, including the right to object to these on any grounds. The Chapter 11 Trustee has objected to the First Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses of CohnReznick.  She might object to other professional fees and expenses in the future.  Administrative claims (other than professional fee claims) in the amount of $95,127.56 have been filed against the Debtor.  The Chapter 11 Trustee has objected to the allowance and payment of these claims as administrative expenses of the Soundview Debtors and reserves all her rights with respect to all such claims. See also footnotes on the Schedule of Payments to Professionals.

[8] Reserves are for the estimated fees and expenses of Jones Day, counsel to the Chapter 11 Trustee, and Kinetic Partners, financial consultant to the Chapter 11 Trustee, through August 31, 2014 as allocated to the Debtor as set forth in the accompanying Notes.

[9] As a result of the Debtor's bankruptcy filing, the Debtor's prepetition indebtedness is subject to compromise. The obligations presently classified as "Liabilities Subject to Compromise" on the Debtor's statement of financial position reflect the Debtor's former management's estimate of known or potential liabilities as of the Petition Date and invoices received for pre-pretition services rendered to the Debtor.

[10] The redemptions payable balance reflects the investigation of the Chapter 11 Trustee and her financial consultant.

[11] The Prepetition Accrued Expenses include professional fees and expenses as well as fees for services rendered by the Debtor's former directors and their affiliates . The Chapter 11 Trustee reserves all rights with respect to such fees and expenses, including the right to object on any grounds.

| **In re** Soundview Elite Ltd. | **Case No.** 13098 (REG) (Jointly Administered) |
|---|---|
| **Debtor** | **Reporting Period:** 08/01/2014 - 08/31/2014 |

## PAYMENTS TO INSIDERS AND PROFESSIONALS

Of the total disbursements shown on the Cash Receipts and Disbursements Report (MOR-1) list the amount paid to insiders (as defined in Section 101(31) (A)-(F) of the U.S. Bankruptcy Code) and to professionals. For payments to insiders, identify the type of compensation paid (e.g. Salary, Bonus, Commissions, Insurance, Housing Allowance, Travel, Car Allowance, Etc.). Attach additional sheets if necessary.

| INSIDERS* | | | | |
|---|---|---|---|---|
| NAME | TYPE OF PAYMENT | AMOUNT PAID | TOTAL PAID TO DATE | TOTAL INCURRED & UNPAID* |
| Floyd E. Saunders | | | | 1,678.44 |
| George E. Ladner | | | | 1,678.44 |
| Stewart A. Turner | | | | 17,322.24 |
| RF Services, LLC | | | | 3,981.00 |
| Soundview Capital Management | | | | 68,789.00 |
| Alphonse Fletcher | | | | 1,678.44 |
| | | | | |
| TOTAL PAYMENTS TO INSIDERS | | | | 95,127.56 |

\* The Chapter 11 Trustee has objected to the allowance and payment of these amounts as administrative expenses of the Soundview Debtors and reserves all her rights with respect hereto.

| PROFESSIONALS* | | | | | |
|---|---|---|---|---|---|
| NAME | DATE OF COURT ORDER AUTHORIZING PAYMENT | AMOUNT APPROVED | AMOUNT PAID | TOTAL PAID TO DATE | TOTAL UNPAID* |
| Loeb, Smith & Brady | 5/30/2014 (Docket No. 282)[1] | 60,520.58 | 60,520.58 | 60,520.58 | - |
| Matthew Wright and Peter Anderson as Cayman Islands Joint Official Liquidators | | | | | 394,745.65 [2] |
| Morrison & Foerster LLP | | | | | 1,075,019.03 [2] |
| Smeets Law | | | | | 172,410.95 [3] |
| Porzio, Bromberg & Newman, P.C. | 9/12/2014 (Docket No. 329)[4] | 484,781.72 | | | 484,781.72 |
| CohnReznick LLP | | | | | 79,674.49 |
| Richards, Layton & Finger P.A. (counsel to Wilmington Trust P.A.) | 2/20/2014 (Docket No. 188)[5] | 12,493.87 | 12,493.87 | 12,493.87 | - |
| | 2/20/2014 (Docket No. 188) | 52,992.45 | 52,992.45 | 52,992.45 | -[6] |
| Campbells | | | | | 7,854.07 [7] |
| HSM Chambers | | | | | 24,506.63 [8] |
| Patterson Belknap Webb & Tyler LLP | | | | | 63,322.22 |
| TOTAL PAYMENTS TO PROFESSIONALS | | 557,796.17 | 73,014.45 | 73,014.45 | 2,302,314.76 |

\* The amounts are allocated between the Soundview Debtors based on the allocation percentages set forth in the accompanying Notes. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Soundview Debtors' estates for these fees, including the fees of the Cayman Islands Joint Official Liquidators, their professionals, and experts, and (b) the amounts and priority thereof. Furthermore, the Chapter 11 Trustee is in the process of confirming that all amounts listed are for services rendered through August 2014 (if applicable).

**In re** Soundview Elite Ltd.  **Case No.** 13098 (REG) (Jointly Administered)
  **Debtor**  **Reporting Period:** 08/01/2014 - 08/31/2014

[1] Pursuant to the Agreed Order dated May 30, 2014 (Docket No. 282), Loeb, Smith & Brady has an allowed administrative expense claim in the amount of $110,037.41. This amount has been allocated between the Debtor, Soundview Premium, Ltd. and Soundview Star Ltd. as set forth in the accompanying note regarding allocation between the Limited Debtors.

[2] Fees and expenses allegedly owed to the Cayman Islands Joint Official Liquidators and Morrison & Foerster LLP are allocated only to the Debtor, Soundview Premium, Ltd. and Soundview Star Ltd. as set forth in the accompanying note regarding allocation between the Limited Debtors. The numbers reported are for the period through August 31, 2014. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Debtor's estate for these fees and (b) the amounts, priority and allocation thereof.

[3] The fees and expenses allegedly owed to Smeets Law by the Debtor are for the period through August 31, 2014, and are reported herein as currently allocated by Smeets Law between the Limited Debtors. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Debtor's estate for these fees and (b) the amounts, priority and allocation thereof.

[4] Pursuant to the Stipulation and Consent Order dated September 12, 2014 (Docket No. 329), Porzio, Bromberg & Newman, P.C. has an allowed administrative expense claim in the amount of $1,425,858.58, of which $484,781.72 is payable by the Debtor in accordance with the consent order and the allocation percentages between the Soundview Debtors set forth in the Notes.

[5] By the Wilmington Trust Consent Order dated February 20, 2014 (Docket No. 188), Wilmington Trust was authorized to deduct $92,963.24 on a pro rata basis from accounts attributable to each of the Soundview Debtors to pay for attorneys' fees, custodian fees and certain costs.

[6] Wilmington Trust established a $65,000 Fee Reserve to pay for attorneys' fees, custodian fees and certain costs related to its former role as custodian to the Soundview Debtors. The amount shown represents the fees and costs incurred through April 2014 and paid from the Fee Reserve. The Debtor has administrative expense claims against the other Soundview Debtors for their share of such amount in accordance with the allocation percentages set forth herein.

[7] Fees and expenses allegedly owed to Campbells are allocated only to the Debtor, Soundview Premium, Ltd. and Soundview Star Ltd. as set forth in the accompanying note regarding allocation between the Limited Debtors. The numbers reported are for the period through August 31, 2014. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Debtor's estate for these fees and (b) the amounts, priority and allocation thereof.

[8] Fees and expenses allegedly owed to HSM Chambers are allocated only to the Debtor, Soundview Premium, Ltd. and Soundview Star Ltd. as set forth in the accompanying note regarding allocation between the Limited Debtors. The numbers reported are for the period through December 31, 2013. The Chapter 11 Trustee reserves all rights with respect to (a) the responsibility of the Debtor's estate for these fees and (b) the amounts, priority and allocation thereof.

In re <u>Soundview Elite Ltd.</u>    Case No. <u>13098 (REG) (Jointly Administered)</u>
    **Debtor**    Reporting Period: <u>08/01/2014 - 08/31/2014</u>

## DEBTOR QUESTIONNAIRE[1]

| | Must be completed each month. If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No |
|---|---|---|---|
| 1 | Have any assets been sold or transferred outside the normal course of business this reporting period? | | x |
| 2 | Have any funds been disbursed from any account other than a debtor account this reporting period? | | x |
| 3 | Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | x |
| 4 | Are workers compensation, general liability or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | x |
| 5 | Is the Debtor delinquent in paying any insurance premium payment? | | x |
| 6 | Have any payments been made on pre-petition liabilities this reporting period? | | x |
| 7 | Are any post petition receivables (accounts, notes or loans) due from related parties? | | x |
| 8 | Are any post petition payroll taxes past due? | | x |
| 9 | Are any post petition State or Federal income taxes past due? | | x |
| 10 | Are any post petition real estate taxes past due? | | x |
| 11 | Are any other post petition taxes past due? | | x |
| 12 | Have any pre-petition taxes been paid during this reporting period? | | x |
| 13 | Are any amounts owed to post petition creditors delinquent? | | x |
| 14 | Are any wage payments past due? | | x |
| 15 | Have any post petition loans been received by the Debtor from any party? | | x |
| 16 | Is the Debtor delinquent in paying any U.S. Trustee fees? | | x |
| 17 | Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | x |
| 18 | Have the owners or shareholders received any compensation outside of the normal course of business? | | x |

[1] The answers to this questionnaire are based on the current results of the Chapter 11 Trustee's investigation and may be revised when more information becomes available.

17