HEARING DATE AND TIME: November 6, 2014 at 11:00 a.m.
OBJECTION DEADLINE: October 30, 2014 at 5:00 p.m.

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
-and-
156 West 56th St.
New York, NY 10019
Warren J. Martin Jr. (admitted *pro hac vice*)
Mark J. Politan

*Counsel to the Debtors Out-of-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
In re:

    Soundview Elite, Ltd., *et al.*,

                             Debtors.[1]

Case No. 13-13098 (REG)
Jointly Administered

------------------------------------------------------------X

**LIMITED OBJECTION OF PORZIO, BROMBERG & NEWMAN, P.C.**
**TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. SECTIONS 105(a)**
**AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS AND REVISED**
**PROPOSED ORDER**

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE:

      Porzio, Bromberg & Newman, P.C., retained counsel to the Debtors herein and itself an administrative creditor and fee applicant ("**Porzio**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits this limited objection (the "**Objection**") to the entry of a Revised Proposed Order (the "**Order**" or "**Proposed Order**"), pursuant to Sections 105(a)

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Soundview Elite, Ltd. (9469); (ii) Soundview Premium, Ltd. (9535); (iii) Soundview Star, Ltd. (0416); (iv) Elite Designated (9735); (v) Star Designated (9713); and (vi) Premium Designated (9730).

2900840

and 331 of the Bankruptcy Code establishing procedures for monthly compensation and reimbursement of professionals (the **Motion**) and respectfully represents as follows:

## PROCEDURAL HISTORY

1. On September 24, 2013 (the "**Petition Date**"), the Debtors each commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

2. On September 27, 2013, the Debtors, through their undersigned counsel, filed the Motion [Docket No. 9], which was adjourned without date.

3. On January 23, 2014, this Court entered an Order directing the Office of the United States Trustee ("**UST**") to appoint a Chapter 11 trustee for each of the Debtors.

4. On February 3, 2014, the Court entered an Order confirming the appointment of Corinne Ball, Esq., as Chapter 11 Trustee (the "**Trustee**") for each of the Debtors.

5. On October 16, 2014, via Docket No. 375, the Trustee seeks the Court's entry of a revised version of the proposed order submitted in connection with the Motion by the Debtors as Docket No. 9.

## LIMITED OBJECTION

6. Porzio has no objection to the establishment of monthly compensation procedures and to the application of those procedures to all months which follow the entry of an order by the Court approving such procedures. However, Porzio objects to that portion of the motion seeking *nunc pro tunc* relief i.e., submission of monthly fee statements for the eight months preceding this application.

7. Filing monthly fee statements in arrears for the months of February, March, April, May, June, July, August and September 2014, and potentially obtaining payment of 80% of those fees on a "monthly" basis, absent consideration of an interim fee application is not supportable

by the rationale typically invoked in connection with granting monthly fee procedures.  <u>See</u>, <u>generally</u>,  <u>In re Haven Eldercare, LLC</u>, 382 B.R. 180, 184-185(D.Conn. 2008) (factors include magnitude of the case and the relative hardship on the professional waiting an extended time for payment); <u>In re Knudsen</u>, 84 B.R. 668, 672-73 (9th Cir. BAP) (same).  These rationales don't apply when the monthly procedure is to be used working backwards rather than forward.

8. Moreover, allowing the fees and expenses to be divided up as eight (8) monthlies and then further dividing the interim fee applications into two 4 month periods, as is suggested in the Proposed Order, is a disservice to those who would review the support for the allowance of compensation.  In this case, it would require parties-in-interest to review ten (10) separate filings as to the Trustee's Professionals' fees rather than a single First Interim Application covering all fees from the Trustee's appointment through September 30, 2014.

9. Other professionals in these cases have followed the established fee guidelines under applicable sections of the Bankruptcy Code and the Local Rules for the Bankruptcy Court for the Southern District of New York and have filed interim fee applications.  As is customary, those interim fee applications were noticed and any objections were filed and resolved before the Court.

10. Thus, the professionals engaged by the Trustee should first file interim fee applications that cover the fee periods through September, 2014 as contemplated in the third ORDERED paragraph of the revised Proposed Order.  Thereafter, Porzio has no objection to the monthly payment procedure.

11. To repeat, Porzio makes no objection to use of the proposed monthly fee statement procedures on a go-forward basis beginning October 1, 2014, but objects to its *nunc pro tunc* application.

3

2900840

12. In the alternative, should the Court find merit in *nunc pro tunc* portions of the application, Porzio requests that the *nunc pro tunc* procedure be applicable to all professionals retained in the case (including Porzio) and not just to the Trustee's Professionals, as the application and the Trustee's proposed order currently provide.

WHEREFORE, Porzio respectfully requests entry of the revised Proposed Order (i) directing professionals of the Trustee to file their First Interim Fee Application for January 31-September 30, 2014 within 25 days of the entry of the revised Proposed Order as set forth in the Third Ordering paragraph of the Proposed Order; but (ii) striking the Second Ordering paragraph of the Trustee's Proposed Order and (iii) granting such and further relief as is just and proper.

Dated: October 30, 2014            **PORZIO, BROMBERG & NEWMAN, P.C.**
*Counsel to the Debtors Out-of-Possession*

By:    /s/ Warren J. Martin, Jr.
       Warren J. Martin Jr.
       (admitted *pro hac vice*)
       Mark J. Politan
       100 Southgate Parkway
       P.O. Box 1997
       Morristown, New Jersey 07962
       (973) 538-4006 Telephone
       (973) 538-5146 Facsimile
       -and-
       156 West 56th St.
       New York, NY 10019