JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Veerle Roovers
Stephen Pearson
Amy Ferber

*Attorneys for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------X
                                              :
  In re                                       :    Chapter 11
                                              :    Case No. 13-13098 (REG)
                                              :
      SOUNDVIEW ELITE LTD., et al.,           :    (Jointly Administered)
                                              :
                                   Debtors.   :
                                              :
------------------------------------------------------------X
```

**REPLY IN SUPPORT OF THE LIMITED *EX PARTE* MOTION OF THE
TRUSTEE FOR AN ORDER AUTHORIZING THE TRUSTEE TO
(A) IDENTIFY EACH PARTICIPATING (NON-VOTING) INVESTOR
BY A DESCRIPTIVE IDENTIFIER ONLY AND REDACT THE INVESTOR
ADDRESSES IN THE DEBTORS' LISTS OF EQUITY SECURITY HOLDERS
IN ORDER TO COMPLY WITH CAYMAN ISLANDS PRIVACY LAWS AND
(B) OTHERWISE FILE THE LISTS OF EQUITY SECURITY HOLDERS UNREDACTED**

## TABLE OF CONTENTS

                                                                                                       **Page**

PRELIMINARY STATEMENT .......................................................................................................... 1

ARGUMENT .................................................................................................................................... 4

I.     The Trustee Is Discharging her Responsibility to Bring these Cases into Compliance with Bankruptcy Rule 1007(a)(3) ................................................................. 4

II.    The Trustee Seeks to Reconcile the Requirements of the Cayman Islands CRP Law and the Bankruptcy Code ............................................................................................ 5

          A.     The Trustee Is Trying to Move these Cases Forward as She Works in Cooperation with the Joint Official Liquidators .................................... 5

          B.     Disclosure of Confidential Investor Information Could Result in Violation of Cayman Islands Law .............................................................. 6

          C.     The Trustee Believes that the Exception Cited by Mr. Ladner Does Not Apply Without Leave from the Cayman Islands Courts ..................... 7

III.   The Redaction of the Investor Information Does Not Prejudice Mr. Ladner ..................... 8

IV.   The Investors Will Receive Adequate Notice of the Bar Date and Lists of Equity Security Holders, and Are Not Prejudiced by the Redaction of Investor Information ........................................................................................................................... 9

V.    The Court Has Discretion to Limit the Information Disclosed in the Lists of Equity Security Holders ................................................................................................... 11

CONCLUSION ................................................................................................................................ 13

NYI-524617707v11

## TABLE OF AUTHORITIES

**Page**

**CASES**

In re Borders Grp., Inc.,
    462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ............................................................................... 12

In re Eagle Bulk Shipping Inc.,
    Case No. 14-12303(SHL) (Bankr. S.D.N.Y. Aug. 7, 2014) (Docket Nos. 13
    and 29) .................................................................................................................................... 11

In re Fletcher Int'l, Ltd.,
    Case No. 12-12796 (REG), Hr'g Tr. 34:2-7, 36:12-24, Apr. 2, 2014 ....................................... 9

In re Global Crossing, Ltd.,
    295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ........................................................................... 12

**STATUTES**

11 U.S.C. § 105 ............................................................................................................................. 12

11 U.S.C. § 107 ............................................................................................................................. 12

Cayman Islands Confidential Relationships (Preservation) Law
(2009 Revision) .................................................................................................. 3, 6, 7, 8, 11, 12

**RULES**

Fed. R. Bankr. P. 1007 ......................................................................................... 4, 5, 7, 8, 9, 11, 12

Fed. R. Bankr. P. 7007.1 ................................................................................................................. 9

Fed. R. Bankr. P. 9018 .................................................................................................................. 12

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Corinne Ball, not individually but solely in her capacity as chapter 11 trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**") respectfully submits this reply (i) in further support of the Limited *Ex Parte* Motion of the Trustee for an Order Authorizing the Trustee to (A) Identify Each Participating (Non-Voting) Investor by a Descriptive Identifier Only and Redact the Investor Addresses in the Debtors' Lists of Equity Security Holders in Order to Comply with Cayman Islands Privacy Laws and (B) Otherwise File the Lists of Equity Security Holders Unredacted (the "**Motion**")[1] and (ii) in opposition to the objection (the "**Objection**") to the Motion filed on October 3, 2014 by George Ladner ("**Mr. Ladner**").

## PRELIMINARY STATEMENT

1.  Since her appointment more than four months after the commencement of these cases, the Trustee has been focused on the investigation,[2] securing the assets and records of these Debtors, and coordination with the joint official liquidators (the "**Joint Official Liquidators**") appointed in the Cayman Island proceedings of Debtors Soundview Elite Ltd. ("**Soundview Elite**"), Soundview Premium, Ltd. and Soundview Star Ltd. (together, the "**Limited Debtors**") to effect a protocol for the reconciliation of the dual proceedings that are pending for the Limited Debtors.  In addition, the Trustee has been working on bringing these cases into compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the rules of this Court and the requirements of the Unites States Trustee while moving the cases forward to a plan and distribution to creditors.  Given (a) the complexities of the connections and

---

[1] All capitalized terms used but not defined herein have the meaning given to such terms in the Motion.

[2] The Trustee has, among other things, "responsibilities for U.S. investigation, issuance of U.S. subpoenas and U.S. document demands; any U.S. litigation that turns out to be warranted, and any acts that otherwise need to be accomplished within the U.S." See Bench Decision on Motions to Dismiss, for Relief from Stay, for Appointment of Trustee, and on Sanctions for Contempt (Docket No. 156) (the "**Bench Order**"), at 38.

the relationships among the Debtors, Fletcher International Ltd., Soundview Composite Ltd. ("**Soundview Composite**"), Soundview Capital Management, FIA Leveraged Fund, Ltd., Fletcher Income Arbitrage Fund, Ltd., Richcourt USA, Richcourt Euro Strategies Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather Fund Inc., America Alternative Investments Ltd., Richcourt Composite Inc., Richcourt Allweather B Inc., Alphonse Fletcher ("**Mr. Fletcher**"), The Citco Group Limited[3] and all of their current and former insiders, managers, subsidiaries and affiliates in these Debtors' operations and governance prior to Mr. Fletcher's acquisition of a controlling interest in the management of these Debtors and thereafter, (b) the resources and costs expended in these cases prior to the Trustee's appointment and (c) the continuing litigation by Mr. Fletcher, companies controlled by him and their current and former insiders, the protocol has been a continuing, but as yet not completed, task.  In many respects, the resolution of these issues, or at least an agreed approach to the resolution of these issues, has been a predicate for completion of the protocol.  Discussions between the Joint Official Liquidators and the Trustee have been ongoing and the Trustee expects to present the protocol to this Court in the near future.

2. In the interim, however, to move these cases forward as efficiently as possible, the Trustee filed the Motion, the redacted Schedules and Statements (as previously authorized by the Court) as well as a motion seeking to set a bar date for filing proofs of claim against the Debtors (Docket No. 372) (the "**Bar Date Motion**").

3. The Trustee is not attempting to "conceal" any information as Mr. Ladner[4] alleges in the Objection.  As Mr. Ladner should know given his former role as a director of the

---

[3] See Trustee's Report and Disclosure Statement at 294, In re Fletcher Int'l Ltd., Case No. 12-12796 (REG) (Bankr. S.D.N.Y. Jan. 24, 2014) (Docket No. 393), at 246.

[4] Mr. Ladner, as one of only two directors of the Debtors on September 24, 2013 (the "**Petition Date**") and having responsibility for "managing the business and affairs of the Debtors, including supervision of the activities of the administrator and . . . the maintenance of corporate records," should have assured that the

Debtors and his similar position in Soundview Capital Management,[5] the former manager of the Debtors, public disclosure of the Investor Information in the Lists of Equity Security Holders would violate the Cayman Islands CRP Law.[6]  Out of an abundance of caution, even though this matter is pending in the United States Bankruptcy Court, the Trustee wishes to reconcile the provisions and requirements of the CRP Law with chapter 11.  The Motion and the Bar Date Motion are seeking relief to achieve this objective.

4. Mr. Ladner is not prejudiced by the redaction of the Investor Information. Mr. Ladner is scheduled as a creditor with a disputed claim in the Debtors' Schedules. Mr. Ladner, among other insiders, has also filed a motion for allowance and payment of an administrative expense claim that the Court denied without prejudice.  Presumably, Mr. Ladner also is involved in Soundview Capital Management and its litigious actions including directing Soundview Composite to oppose the Trustee's efforts to recover Debtor Soundview Elite's investments in Soundview Composite.  The availability, or unavailability, of the Investor Information will not impact the recovery, if any, to which Mr. Ladner believes he may be entitled.  Furthermore, it is surprising that Mr. Ladner, given his former role as the Debtors' director with responsibility for maintaining corporate records, would seek public disclosure of legally protected, confidential information that for years was entirely within his reach.

5. The Investors themselves will not be prejudiced by the relief requested in the Motion.  The Bar Date Motion and the proposed order approving the Bar Date Motion

---

(continued…)

Debtors timely complied with Bankruptcy Rule 1007(a)(3) and filed their Lists of Equity Security Holders within 14 days after the Petition Date.  However, that did not happen.  Instead, the Debtors, while in possession, failed to comply with the disclosure requirement of Bankruptcy Rule 1007(a)(3).

[5] See Ball, as Ch. 11 Trustee v. Soundview Composite (In re Soundview Elite Ltd., et al.), Adv. P. No. 14-01923 (S.D.N.Y.) (REG), Docket No. 19, at ¶ 22.

[6] "**CRP Law**" is defined in the Motion as the Confidential Relationships (Preservation) Law (Consolidated with Laws 26 of 1979 and 22 of 1993), reprinted in Cayman Islands Gazette No. 14, Supp. 5 (2009).

-3-

provide ample notice of the bar date to Investors. Indeed, the Investors will be served with a notice of the bar date, together with the actual Lists of Equity Security Holders, Schedules and Statements and their unique Investor Identifier.[7] Notice by publication in the United States, the Cayman Islands and the British Virgin Islands will also be provided, as well as notice through the applicable custodians for those Investors whose investments are held through custodians.

6. Pursuant to the Bankruptcy Rules, the Court has discretion to grant the relief requested, and has already granted similar limited relief with respect to the Debtors' Schedules and Statements.[8] No other party has objected to the relief requested in the Motion. For all these reasons, the Trustee respectfully submits that the Motion should be granted and the Objection overruled.

## ARGUMENT

**I. The Trustee Is Discharging her Responsibility to Bring these Cases into Compliance with Bankruptcy Rule 1007(a)(3)**

7. The Debtors should have complied with Bankruptcy Rule 1007(a)(3), i.e. have filed a "list of the [Debtors'] equity security holders" "within 14 days after entry of the order for relief." Fed. R. Bankr. P. 1007(a)(3). However, no Lists of Equity Security Holders were filed by the Debtors at that, or any later, time. The Trustee is now seeking to remediate this default while also complying with the Cayman Islands privacy laws.

8. Mr. Ladner was one of only two directors of the Debtors at the time these bankruptcy cases were filed. According to Mr. Fletcher, and as later repeated by counsel to the Debtors-in-possession, Mr. Ladner's "experience/responsibilities" included:

---

[7] To the extent applicable, the Trustee will identify each Investor on the Lists of Equity Security Holders using the same unique Investor Identifier "Party [#]" assigned to such Investor in the Debtors' Schedules and Statements.

[8] See Order Authorizing the Trustee to (A) Identify Each Investor by a Descriptive Identifier Only and Redact the Investor Addresses in the Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Otherwise File the Schedules and Statements Unredacted (Docket No. 335).

>     managing the business and affairs of the Debtors, including supervision of the activities of the administrator and the subadministrator and the maintenance of corporate records. Establish and maintain the Fund's bank, custodial and other accounts.

See Declaration of Alphonse Fletcher, Jr., Pursuant to Local Rule 1007-2 (Docket No. 2), at 19; Motion of Debtors out-of-Possession Pursuant to Sections 105(a) and 503(b)(1) of the Bankruptcy Code for an Order (A) Allowing Certain Administrative Expense Claims, (B) Authorizing Payment of Such Claims and (C) Granting Certain Related Relief (Docket No. 192) ("**Administrative Expense Motion**"), at 4.[9] As such, Mr. Ladner should have assured that the Debtors timely complied with Bankruptcy Rule 1007(a)(3).

## II. The Trustee Seeks to Reconcile the Requirements of the Cayman Islands CRP Law and the Bankruptcy Code

### A. The Trustee Is Trying to Move these Cases Forward as She Works in Cooperation with the Joint Official Liquidators

9.  The Trustee and the Joint Official Liquidators for the three Limited Debtors have been working out a protocol reconciling the dual proceedings, as requested by the Court in the Bench Order. The parties have had multiple communications about such protocol, and drafts have been exchanged.

10. To discharge her responsibilities, the Trustee requested the Court's approval to file Schedules and Statements in which investors and Redemption Creditors[10] were identified by a unique Investor Identifier. See Docket No. 330. After the Court granted the relief

---

[9] Ladner "served as [one of two] captains of the ship during the four-month period" after the Petition Date. "This included frequent and continual participation in lengthy daily conference calls with the Debtors' counsel and financial advisors, making determinations as to the direction of the case, directing the Debtors' counsel and financial advisors and addressing all of the day-to-day problems that arose during the case. . . . Ladner . . . also spent inordinate amounts of time retrieving emails and other documents and otherwise assisting around-the-clock in response to the Debtors' adversaries' discovery requests and assisting in the Debtors' trial preparation." Administrative Expense Motion, at 4.

[10] "**Redemption Creditors**" are holders of non-voting equity interests in the Debtors (including any custodian holding such interests on account of individual investors) who have submitted requests to redeem their equity interests.

requested,[11] the Trustee filed the Schedules and Statements with the limited redactions approved by the Court. The Trustee subsequently filed the Motion as well as the Bar Date Motion. In sum, the Trustee is working to discharge her responsibilities under the Bankruptcy Code as well as effecting a protocol.

**B.    Disclosure of Confidential Investor Information Could Result in Violation of Cayman Islands Law**

11.    As explained in the Motion, the Trustee's public disclosure of the Investor Information would violate the CRP Law. Given the litigious experience in these chapter 11 cases as well as in the chapter 11 case of Fletcher International Ltd., and the multiples roles of current and former insiders, managers and affiliates in all these cases, the Trustee believes reconciliation of her duties under the Bankruptcy Code with certain provisions of Cayman Islands law will clearly prove to be the most efficient and fair means of going forward. If the Trustee were to disclose the Investor Information in violation of Cayman Islands privacy law, the technical consequences of such violation include not only a fine but also imprisonment for up to four years.[12] Additionally, the consequences of a violation of the CRP Law by the Trustee could lead to additional litigation and asserted defenses, especially by entities that remain targets of the Trustee's investigation. Thus, a violation of Cayman Islands law by the Trustee could impair the Trustee's ability to effectively administer and liquidate the estates, to the detriment of the

---

[11]    See Order Authorizing the Trustee to (A) Identify Each Investor by a Descriptive Identifier Only and Redact the Investor Addresses in the Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Otherwise File the Schedules and Statements Unredacted (Docket No. 335).

[12]    The fine for a violation is at least $5,000 and the term of imprisonment is two years. See CRP Law, § 5(1). "Professional persons" are "liable to double the penalty" and

> include[] a public or government official, a bank, trust company, an attorney-at-law, an accountant, an estate agent, an insurer, a broker and every kind of commercial agent and adviser whether or not answering to the above descriptions and whether or not licensed or authorised to act in that capacity and every person subordinate to or in the employ or control of such person for the purpose of his professional activities.

Id., §§ 2 and 5(4).

stakeholders, including the Investors.  Therefore, out of an abundance of caution, while recognizing that this matter is pending before this Court and while the Joint Official Liquidators and the Trustee continue to work on a protocol, the Trustee has requested the limited relief set forth in the Motion.

### C. The Trustee Believes that the Exception Cited by Mr. Ladner Does Not Apply Without Leave from the Cayman Islands Courts

12. Mr. Ladner refers to an exception in the CRP Law that would allegedly allow the Trustee to publicly disclose the Investor Information, i.e. CRP Law section 3(2)(c). See Objection, at 4.  Section 3(2)(c) of the CRP Law provides that:

> [t]his law has no application to the seeking, divulging or obtaining of confidential information . . . in accordance with this or any other law.

CRP Law, § 3(2)(c).[13]  However, section 4(1) of the CRP Law provides that

> [w]henever a person intends *or is required to give* in evidence in, or *in connection with, any proceeding* being tried, inquired into or determined *by any court, tribunal or other authority (whether within or without the Islands) any confidential information within the meaning of this Law*, he shall before so doing apply for directions and any adjournment necessary for that purpose may be granted.

Id., § 4(1) (emphasis added).  A "proceeding" is "any court proceeding, civil or criminal."  Id., § 4(7).  Obtaining such relief is a topic of the ongoing protocol discussions but may not ultimately be included as privacy may be preserved in the Cayman Islands proceedings.

13. Therefore, the Trustee believes that the plain language of section 4 of the CRP Law applies to any disclosure of the Investor Information by the Trustee in any publicly filed and widely accessible Lists of Equity Security Holders.  In other words, the Trustee's compliance with the terms of Bankruptcy Rule 1007(a)(3) without redaction of the Investor

---

[13] Based on CRP Law section 3(2)(c), the Trustee has disclosed the unredacted Lists of Equity Security Holders solely to the United States Trustee in compliance with section 107(c) of the Bankruptcy Code.  See Motion, at 6 n.3.

Information would result in broad public disclosure of the very information that the CRP Law seeks to protect without an order of the Cayman Islands Court approving such disclosure. To avoid violating the CRP Law and provide additional grounds for litigation in these cases, the Trustee has sought the limited relief requested in the Motion, i.e. to identify Investors by unique descriptive identifiers only while redacting their addresses. This will permit the Trustee to avoid violating the CRP Law while otherwise complying with the requirements of Bankruptcy Rule 1007(a)(3). Given the lack of prejudice to Mr. Ladner and the Investors, as well as the Court's discretion to impose appropriate limitations with respect to lists of equity security holders or waive compliance with Bankruptcy Rule 1007(a)(3) altogether (described below), the Trustee submits that the relief requested is appropriate.

**III.    The Redaction of the Investor Information Does Not Prejudice Mr. Ladner**

14.    Mr. Ladner, formerly an insider of the Debtors and currently an insider of entities resisting the Trustee's efforts to marshal the assets of these estates and complete her investigation, is the only party who has objected to the Motion. Mr. Ladner is not prejudiced by the redaction of the Investor Information because the disclosure of the Investor Information has no impact on any recovery or actions to which Mr. Ladner might be entitled in these cases. The Trustee disputes Mr. Ladner's claim. Mr. Ladner has a disputed scheduled claim for director fees against each of the Debtors, each such claim in the amount of $2,402.78. See Schedules (Docket Nos. 354-359), Schedules F. Mr. Ladner also filed an administrative expense claim in the amount of $10,070.65 against Debtor Soundview Elite Ltd. that the debtors-out-of-possession requested be allowed and paid. See Claim No. 4 Filed Against Soundview Elite Ltd.; see also Administrative Expense Motion. The Trustee objected to that motion. See Docket No. 224. The

Court subsequently denied the Administrative Expense Motion without prejudice.  See Hr'g Tr. 31:9, Mar. 19, 2014.  Mr. Ladner is also a named party in the Trustee's contempt motion.[14]

15.    Ironically, given his prior responsibilities, Mr. Ladner makes vague and unsupported assertions that he "believe[s] that ownership interests may have been transferred during the past two years" and "the number and percentage of US investors" is unknown.  See Objection, at 4.  Assuming, arguendo, that Mr. Ladner, given his prior role, knows this information, he has not specified why its public disclosure is relevant to him.

16.    Finally, Mr. Ladner refers to the April 2, 2014 transcript in the chapter 11 case of Fletcher International, Ltd. (Case No. 12-12796 (REG)) that is pending before this Court.  See Objection, at 4-5.  However, that reference deals with the requirement, for a foreign representative filing a petition for recognition under chapter 15, to file a corporate ownership statement pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1.[15]  In re Fletcher International, Ltd., Case No. 12-12796 (REG), Hr'g Tr. 34:2-7, 36:12-24, Apr. 2, 2014.  Therefore, the reference is not relevant here.

**IV.    The Investors Will Receive Adequate Notice of the Bar Date and Lists of Equity Security Holders, and Are Not Prejudiced by the Redaction of Investor Information**

17.    The Trustee submits that the Investors in the Debtors are not prejudiced by the relief requested in the Motion.  In the Bar Date Motion, the Trustee has proposed robust and tailored procedures to ensure that Investors have (a) sufficient information to identify their holdings of participating shares based on the books and records in the Trustee's possession and

---

[14] Ball, as Ch. 11 Trustee v. Soundview Composite (In re Soundview Elite Ltd., et al.), Adv. P. No. 14-01923 (S.D.N.Y.) (REG), Docket No. 47.

[15] Bankruptcy Rule 1007(a)(4) does not include, with respect to the information at issue, the language "unless the court orders otherwise."  See Fed. R. Bankr. P. 1007(a)(4) (providing that "a foreign representative filing a petition for recognition under chapter 15 shall file with the petition :  (A) a corporate ownership statement containing the information described in Rule 7007.1 . . . ").  Rule 7007.1 requires certain parties that are corporations to, among other things, file two copies of a statement that identifies any corporation . . . that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under the subdivision."  Fed. R. Bankr. P. 7007.1.

(b) adequate notice of the bar date for filing proofs of claim against and proofs of interests in the Debtors.  As described in the Bar Date Motion, the Trustee will provide each Investor with (a) a bar date notice substantially in the form attached to the Bar Date Motion, (b) a proof of interest form (together with the bar date notice, the "**Bar Date Notice Package**"), (c) notice of the unique Investor Identifier and (d) a copy of the Lists of Equity Security Holders on which such Investor is listed.  See Bar Date Motion, ¶¶ 12, 13.

18.     Additionally, to provide due and proper notice of the bar date to Investors whose investments are held through a custodian,[16] the Trustee intends to mail sufficient copies of (a) the Bar Date Notice Package, (b) the Schedules and Statements, (c) any Lists of Equity Security Holders filed with the Court and (d) customized, separate notices of the unique Investor Identifiers by which the custodian (on behalf of each beneficial owner) is listed on the Schedules, Statements and Lists of Equity Security Holders (collectively, the "**Beneficial Owner Package**") to the applicable custodian, directing that custodian to distribute the applicable Beneficial Owner Package to each and every Investor for which such custodian acts as custodian.  Id., ¶ 15.  The Trustee has also requested in the Bar Date Motion that the Court order such custodian(s) to distribute the applicable Beneficial Owner Package to each Investor by first class United States mail, postage prepaid (or equivalent service) as soon as reasonably practicable, and in no event later than five business days after receipt of the Beneficial Owner Packages.  Id.[17]  In addition to the direct notice procedures described above, the Trustee will also provide notice of the bar date by publication in three newspapers in three countries:  (a) the national edition of *The Wall Street Journal*; (b) *The Cayman Islands Gazette*; and (c) *The Virgin Islands Official Gazette*.  Id., ¶ 17.  The publication notice will provide that Investors will receive, upon simple request to the

---

[16]     Such custodians are also considered Investors.

[17]     Similar procedures will be followed to provide notice to Redemption Creditors.

-10-

Trustee, a copy of the Schedules, Statements and Lists of Equity Security Holders on which they are listed together with their unique Investor Identifier. Id.

## V. The Court Has Discretion to Limit the Information Disclosed in the Lists of Equity Security Holders

19. Bankruptcy Rules 1007(a)(3) and 1007(j) make clear that a debtor is not required to file a list of equity security holders in all circumstances and that the Court has discretion to impose appropriate limitations with respect to any list of equity security holders filed. Indeed, Bankruptcy Rule 1007(a)(3) explicitly provides that a debtor must file a list of equity security holders "*unless the Court orders otherwise.*" Fed. R. Bankr. P. 1007(a)(3) (emphasis added). Thus, the Court has discretion to authorize the limited relief requested by the Trustee in the Motion. Courts in this District have waived compliance with Bankruptcy Rule 1007(a)(3). See, e.g., In re Eagle Bulk Shipping Inc., Case No. 14-12303(SHL) (Bankr. S.D.N.Y. Aug. 7, 2014) (Docket Nos. 13 and 29) (Bankruptcy Rule 1007(a)(3) waived for public company that provided notice of bankruptcy to equity security holders, including through filing an 8-K and posting a notice on the debtor's website).

20. Further, Bankruptcy Rule 1007(j) provides that the Court may, on motion of a party in interest and for cause shown, direct the impounding of the equity security holders list and refuse to permit inspection by any entity, making clear that, in appropriate circumstances, the Court has discretion to prevent public disclosure of lists of equity security holders in their entirety. Fed. R. Bankr. P. 1007(j). Here, the Trustee does not seek to impound the Lists of Equity Security Holders in their entirety but instead seeks limited, tailored relief in order to avoid violating the CRP Law and potentially introduce more complexity and litigation into these cases.

-11-

21.     The Trustee also submits that the Investor Information, in the context of this case, constitutes "commercial information" subject to protection pursuant to section 107(b) of the Bankruptcy Code because disclosure of the information would adversely impact the Trustee's attempts to administer and liquidate the estates for the benefit of the stakeholders.  See 11 U.S.C. § 107(b)(1) (providing that "the bankruptcy court shall . . . protect an entity with respect to . . . commercial information"); In re Borders Grp., Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (holding, in the context of a request to redact certain information – including the identities of key employees, vendors and confidential financial information of the purchaser and acquired entity – from a share purchase agreement filed with a motion to sell the debtors' equity interest in an entity in connection with the debtors' liquidation, that the term "commercial information" "extends beyond the requirement that such information will give an entity's competitors an unfair advantage" and "includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of the debtors" (internal quotes removed)).  When section 107(b) applies, Bankruptcy Rule 9018 provides the court with broad discretion to issue "any order which justice requires."  Fed. R. Bankr. P. 9018; see also In re Global Crossing, Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—any order which justice requires." (internal citations omitted)).

22.     Thus, pursuant to Bankruptcy Rules 1007(a)(3), 1007(j) and 9018 and sections 105(a) and 107(b) of the Bankruptcy Code, and the prejudice to the Trustee and the estates that could result from disclosure of the Investor Information in violation of the CRP Law, balanced against the lack of prejudice to the Investors and Mr. Ladner, it is both necessary and

appropriate for the Court to permit the Trustee to redact the Investor Information as requested in the Motion.

## **CONCLUSION**

23.     For the reasons set forth herein and in the Motion, the Trustee respectfully requests that the Court overrule the Objection, grant the Motion and enter an order authorizing the Trustee to (a) identify Investors by a unique descriptive identifier only (*i.e.*, Party [#]) and redact the Investors' addresses in the Lists of Equity Security Holders in order to comply with applicable Cayman Islands privacy law, and (b) otherwise file the Lists of Equity Security Holders unredacted.

Dated: New York, New York
         October 30, 2014

Respectfully submitted,

/s/  Veerle Roovers
Veerle Roovers
Stephen Pearson
Amy Ferber
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for the Chapter 11 Trustee*

-13-

NYI-524617707v11