Presentment Date and Time: **November 17, 2014 at 12:00 noon E.T.**
Objection Deadline: **November 17, 2014 at 11:30 a.m. E.T.**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Veerle Roovers
Stephen Pearson
Amy Edgy Ferber

*Attorneys for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re:                                         :    Chapter 11
                                               :
SOUNDVIEW ELITE LTD., *et al.*,                :    Case No. 13-13098 (REG)
                                               :
                   Debtors.                    :    (Jointly Administered)
                                               :
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT**
**OF PROPOSED STIPULATION AND ORDER**
**BY AND BETWEEN THE TRUSTEE AND STEWART TURNER**
**WITHDRAWING PROOF OF CLAIM FILED BY STEWART TURNER**

**PLEASE TAKE NOTICE OF THE FOLLOWING**

1.      Corinne Ball, not individually but solely in her capacity as chapter 11 trustee in the above-captioned chapter 11 cases (the "**Trustee**") will present the Stipulation and Order Withdrawing Proof of Claim Filed by Stewart Turner (the "**Stipulation and Agreed Order**") annexed hereto as <u>Exhibit A</u> to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **November 17, 2014 at 12:00 noon (Eastern Time)**.

2.      Objections, if any, to the proposed Stipulation and Agreed Order must be in writing, comply with the Case Management Order #1 (Docket No. 19) (the "**Case Management Order**") and be received in Judge Gerber's Chambers, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York New York 10004,

no later than **11:30 a.m. (Eastern Time) on November 17, 2014** (the "**Objection Deadline**"). Unless objections are received by that time, the Stipulation and Agreed Order may be signed.

    3. Furthermore, any objection to the proposed Stipulation and Agreed Order must be filed in accordance with the Court's General Order M-399 and served so that it is received on or before the Objection Deadline by: (a) the Trustee, 222 East 41st Street, New York, New York 10017 (Attn: Corinne Ball, Esq.); (b) Jones Day, counsel to the Trustee, 222 East 41st Street, New York, New York 10017 (Attn: Veerle Roovers, Esq. and William J. Hine, Esq.); (c) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq.); (d) Stewart Turner, 200 East 71st Street, Apt. 5A, New York, NY 10021-0462, and (e) all parties requesting notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

    4. If an objection to the entry of the proposed Stipulation and Agreed Order is properly filed and served before the Objection Deadline, a hearing will be scheduled to consider the proposed Stipulation and Agreed Order and the objection(s) at a time and date to be set by the Court.

    5. A copy of the Case Management Order may be obtained from the Court's website at https://ecf.nysb.uscourts.gov.

| | |
|---|---|
| Dated: November 11, 2014<br>      New York, New York | <u>/s/ Veerle Roovers</u><br>Veerle Roovers<br>Stephen Pearson<br>Amy Edgy Ferber<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017<br>Telephone:  (212) 326-3939<br>Facsimile:  (212) 755-7306<br><br>*Attorneys for the Chapter 11 Trustee* |

# EXHIBIT A

## TO NOTICE OF PRESENTMENT

Presentment Date and Time:  November 17, 2014 at 12:00 noon E.T.
Objection Deadline:  November 17, 2014 at 11:30 a.m. E.T.

William J. Hine
Veerle Roovers
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306

*Attorneys for Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
: 
In re: : Chapter 11
: 
SOUNDVIEW ELITE LTD., *et al.,* : Case No. 13-13098 (REG)
: 
Debtors. : (Jointly Administered)
: 
----------------------------------------------------------------X

**STIPULATION AND ORDER WITHDRAWING
PROOF OF CLAIM FILED BY STEWART TURNER**

This Stipulation and Order is entered into between Corinne Ball, not individually but solely in her capacity as chapter 11 trustee (the "**Trustee**") for the debtors (each a "**Debtor**," and collectively the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"); and (ii) Stewart Turner ("**Claimant**" and together with the Trustee, the "**Parties**").

**RECITALS**

**WHEREAS**, on February 13, 2014, Claimant filed Proof of Claim No. 5, asserting an administrative claim in the amount of $49,492.10 (the "**Proof of Claim**");

**WHEREAS**, the Trustee disputes that the Debtors are liable for the amounts sought in the Proof of Claim and believes that the Debtors have other claims against the Claimant; and

NYI- 524621246v1                                                                 1

**WHEREAS**, the Parties have reached a settlement with respect to the Proof of Claim and any claims the Debtor has against the Claimant.

### IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. The Proof of Claim submitted by Claimant is hereby withdrawn with prejudice;

2. The Clerk of this Court is authorized to update the official claims register accordingly.

Dated: New York, New York
       November 4, 2014

JONES DAY

By: _____
William J. Hine
Veerle Roovers
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for the Chapter 11 Trustee*

Dated: New York, New York
       November 4, 2014

_____
Stewart Turner
200 East 71st Street, Apt. 5A
New York, New York 10021

*Claimant, pro se*

Dated: New York, New York
       November __, 2014

SO ORDERED: _____
            HONORABLE ROBERT E. GERBER
            UNITED STATES BANKRUPTCY JUDGE

2

# FORM 10. PROOF OF CLAIM

| United States Bankruptcy Court<br>Southern District of New York | ADMINISTRATIVE<br>PROOF OF CLAIM |
|---|---|
| In re<br>    **Soundview Elite, Ltd.,** *et al.,* | Chapter 11<br>Bankr. Case No. 13-13098 (REG)<br>(Jointly Administered) |
| Claim is being filed against:<br>Soundview Elite, Ltd.<br>Soundview Premium, Ltd.<br>Soundview Star, Ltd.<br>Elite Designated<br>Star Designated<br>Premium Designated | Bankr. Case No. 13-13098 (REG)<br>(Jointly Administered) |

NOTE: This form is being used to make a claim for an administrative expense arising after the commencement of the case.

| Name of Creditor<br>*(The person or entity to whom the debtor owed money or property.)*<br><br>Stewart A. Turner<br><br>Name and Addresses Where Notices Should Be Sent:<br><br>Stewart A. Turner<br>200 East 71st Street, Apt 5A<br>New York, NY 10021 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☒ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim    ☐ replaces a previously filed claim,<br>                                                 ☐ amends dated: |
|---|---|

**1. BASIS FOR CLAIM**

☐    Goods Sold
☒    Services performed Pursuant to Consulting Agreement
☐    Money loaned
☐    Personal injury/wrongful death
☐    Taxes
☐    Other (Describe briefly)

☐    Retiree benefits as defined in 11 U.S.C. §114(a)
☐    Wages, salaries and compensations (Fill out below)
      Your social security number _____
   Unpaid compensation for services performed from
(date) _____ to _____ (date).

| 2. DATE DEBT WAS INCURRED<br><br>See Exhibits A and B attached. | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

2659971

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest

☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $_____

☐ UNSECURED NONPRIORITY CLAIM _____

A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☒ ADMINISTRATIVE PRIORITY CLAIM **$49,492.10**

☐ Wages, salaries or commissions (up to $4,000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(3)

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4)

☐ Up to $1,800* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(6)

☐ Taxes or penalties of governmental units - 11 U.S.C. §507(a)(7)

☒ Other - 11 U.S.C. §§ 502, 503

* Amounts are subject to adjustment on 4/11/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. TOTAL AMOUNT OF CLAIM

$_____ + $_____ + **$49,402.10** = **$ 49,492.10**
(Unsecured)   (Secured)   (Administrative Priority)   (Total)

☐ Check this box if claim includes pre-petition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purposes of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes debtor.

7. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach summary. See Exhibits A and B

8. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FEB 13 2014

Date: January 31, 2014

Sign and print below the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).

*Stewart A. Turner* (signature)

Stewart A. Turner

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2659971

## Exhibit A

## Calculation

| Type | Administrative Priority |
|---|---|
| Consulting Fees | Amount |
| Sept. 24-30, 2013 | $2,905.00  (7/30) |
| October 2013 | $12,450.00 |
| November 2013 | $12,450.00 |
| December 2013 | $12,450.00 |
| January 1-24, 2014 | $9,237.10  (23/31) |
| **Total** | **$49,492.10** |

The total amount due for post-petition services pursuant to Claimant's Consulting Agreement with the Richcourt Funds is approximately four months at $15,000 per month.

The fees are split among the six (6) Debtors and nine 9 non-debtors. However, the Debtors account for 83% of the assets under management, as opposed to 17% of assets under management with the non-debtor funds. As such, the Debtors are responsible for 83% of the total, or $49,492.10 as detailed above and the non-debtors are responsible for the remaining 17%.

Among the Debtors, the fees are apportioned as follows:

| Soundview Elite | Soundview Premium | Soundview Star | Elite Designated | Premium Designated | Star Designated |
|---|---|---|---|---|---|
| 35% | 3% | 4% | 23% | 17% | 18% |

## Exhibit "B"

Consulting Agreement between Claimant and The Richcourt Funds, dated September 18, 2013, as modified.

2659971

# EXHIBIT B

**RICHCOURT FUNDS**
c/o Fletcher Asset Management, Inc.
48 Wall Street, Fourth Floor
New York, NY 10005

September 18, 2013

Stewart Turner
200 East 71" Street
Apartment 5A
New York, NY 10021

Dear Mr. Turner:

We are pleased to offer you a consulting agreement with the Richcourt Funds ("the Funds") affiliated with Fletcher Asset Management, Inc. ("FAM") beginning as of September 1, 2013. Although the scope of your responsibilities may vary in the future, we anticipate that you will support Mr. Floyd Saunders, Counsel and Corporate Secretary, in managing various litigation relating to among other things recovery of value for the funds from assets involved in insolvency proceedings.

The Funds will make their best effort to pay most of these amounts by October 1, 2013 and full payment by November 1, 2013. The Funds will pay you $15,000 per month paid monthly in arrears and make its best efforts to deliver payment and all approved and documented expense reimbursements by the 5th of the following month. This consultant agreement may be terminated by the Funds with 30 days notice for any reason with or without cause. You may terminate this consultant agreement with 90 days notice. The Funds and their affiliates may provide additional compensation at their discretion in amounts and terms to be determined. The Funds acknowledge that, subject to documentation and final approval (with which no problems are anticipated), you are currently owed approximately $45,730 consisting of approximately:

- $24,650 for consulting services from June 1, 2013 through August 31, 2013
- $5,000 for recent out-of-pocket legal expenses
- $10,000 for current unbilled legal expenses and required retainer
- $6,080 for past travel expenses related to supporting the Funds' interests

You will have access to confidential and privileged information relating to ongoing and anticipated litigation with parties adverse to one or more of the Funds and their affiliates including Firefighters' Retirement System, Municipal Employees' Retirement System, New Orleans Firefighters' Pension and Relief Fund, Quinn Emanuel Urquhart & Sullivan, LLP (counsel to Dakota Inc.), Joseph Hage Aaronson LLC (formerly Gregory P. Joseph Law Offices LLC, counsel to each of the four preceding parties), the Dakota Inc., the parties listed in Annex A, or to any director, officer, member, partner, associate, employee or any other affiliate or person related to such entities (each an "Adverse Party" and, "collectively, the "Adverse Parties"). You represent that you have not had any discussions with, been offered any inducement by, or been threatened or coerced by any Adverse Party other than what you disclose upon your execution of this agreement. If you are contacted by any Adverse Party, you agree to make your best efforts to report that contact immediately to Richcourt and to FAM.

By accepting this consulting agreement, you represent that, other than your obligations to Richcourt affiliates you are not subject to any consulting or employment contract, express or implied, or any other restriction that would prevent you from serving as a consultant to the Funds on the terms and conditions of this agreement. To accept this consulting agreement, you must sign, date and return this letter. This letter and the Confidentiality and Arbitration Agreements previously executed by you set forth all understandings and agreements between you and the Richcourt funds regarding your consultancy and supersede any prior or contemporaneous agreements or negotiations regarding the subject matter contained therein. The Richcourt funds retain the right to require you, as a condition of your consultant role and continued consultancy, to agree to any other written policies or procedures as a condition to your agreement. The terms of this letter shall be governed by the laws of the State of New York, without regard to New York's choice of law rules. No provisions of this letter shall be waived or amended except in a writing signed by the Richcourt funds and you.

If at any time you have any questions regarding this letter, the enclosed documents, or any other matters relating to your consultancy with the Richcourt funds, please feel free to speak with me.

Very truly yours,                              Agreed and Accepted:


_____                        _____
Floyd E. Saunders                              Stewart A. Turner
Corporate Secretary

## Annex A

Angelo, Gordon & Co.

Balfour Investors, Inc.

Christofferson Robb

Leveraged Hawk, Inc.

Deborah Hicks Midanek

Gerti E. Muho

Solon Group Inc.,

Balber Pickard

Hutlin & Metz Co.

Investigative Management Group (a unit of Strang Hayes Holding Corp)

Kostelanetz & Fink, LLP

Any representative of record for the Dakota co-op board in the litigation titled <u>Alphonse Fletcher Jr. and Fletcher Asset Management Inc. v. The Dakota Inc. et. al.</u>, filed in the Supreme Court of the State of New York,

**RICHCOURT FUNDS**
c/o Fletcher Asset Management, Inc.
48 Wall Street, Fourth Floor
New York, NY 10005

September 18, 2013

Stewart Turner
200 East 71st Street
Apartment 5A
New York, NY 10021

Dear Mr. Turner:

We are pleased to offer you a consulting agreement with the Richcourt Funds ("the Funds") affiliated with Fletcher Asset Management, Inc. ("FAM") beginning as of September 1, 2013. Although the scope of your responsibilities may vary in the future, we anticipate that you will support Mr. Floyd Saunders, Counsel and Corporate Secretary, in managing various litigation relating to among other things recovery of value for the funds from assets involved in insolvency proceedings.

[margin annotations: "similarly", "outstanding", "listed below"]

The Funds will make their best effort to pay most of these amounts by October 1, 2013 and full payment by November 1, 2013. The Funds will also pay you $15,000 per month paid monthly in arrears and make its best efforts to deliver payment and all approved and documented expense reimbursements by the 5th of the following month. This consultant agreement may be terminated by the Funds with 30 days notice for any reason with or without cause. You may terminate this consultant agreement with 90 days notice. The Funds and their affiliates may provide additional compensation at their discretion in amounts and terms to be determined. The Funds acknowledge that, subject to documentation and final approval (with which no problems are anticipated), you are currently owed approximately $45,730 consisting of approximately:

- $24,650 for consulting services from June 1, 2013 through August 31, 2013
- $5,000 for recent out-of-pocket legal expenses
- $10,000 for current unbilled legal expenses and required retainer
- $6,080 for past travel expenses related to supporting the Funds' Interests

[margin: "documented"]

You will have access to confidential and privileged information relating to ongoing and anticipated litigation with parties adverse to one or more of the Funds and their affiliates including Firefighters' Retirement System, Municipal Employees' Retirement System, New Orleans Firefighters' Pension and Relief Fund, Quinn Emanuel Urquhart & Sullivan, LLP (counsel to Dakota Inc.), Joseph Hage Aaronson LLC (formerly Gregory P. Joseph Law Offices LLC, counsel to each of the four preceding parties), the Dakota Inc., the parties listed in Annex A, or to any director, officer, member, partner, associate, employee or any other affiliate or person related to such entities (each an "Adverse Party" and, "collectively", the "Adverse Parties"). You represent that you have not had any discussions with, been offered any inducement by, or been threatened or coerced by any Adverse Party other than what you disclose upon your execution of this agreement. If you are contacted by any Adverse Party, you agree to make your best efforts to report that contact immediately to Richcourt and to FAM.

By accepting this consulting agreement, you represent that, other than your obligations to Richcourt affiliates you are not subject to any consulting or employment contract, express or implied, or any other restriction that would prevent you from serving as a consultant to the Funds on the terms and conditions of this agreement. To accept this consulting agreement, you must sign, date and return this letter. This letter and the Confidentiality and Arbitration Agreements previously executed by you set forth all understandings and agreements between you and the Richcourt funds regarding your consultancy and supersede any prior or contemporaneous agreements or negotiations regarding the subject matter contained therein. The Richcourt funds retain the right to require you, as a condition of your consultant role and continued consultancy, to agree to any other written policies or procedures as a condition to your agreement. The terms of this letter shall be governed by the laws of the State of New York, without regard to New York's choice of law rules. No provisions of this letter shall be waived or amended except in a writing signed by the Richcourt funds and you.

If at any time you have any questions regarding this letter, the enclosed documents, or any other matters relating to your consultancy with the Richcourt funds, please feel free to speak with me.

Very truly yours,                                    Agreed and Accepted:

_____                          _____
Floyd E. Saunders                                  Stewart A. Turner
Corporate Secretary

[margin annotations:
"to the best of your knowledge"
"that may be developed and applied on a forward-going basis."
"and your current relationship with Fletcher International Partners, Ltd.;"]

Disclosure to the September 18, 2013 agreement between Richcourt Funds and Stewart Turner:

I hereby represent that, to the best of my knowledge, I have not had any discussions with, been offered any inducement by, or been threatened or coerced by any Adverse Party other than the following:

- I have not communicated or spoken with Deborah Midanek (Solon Group) for over three months. I believe that my last contact with her was an email that I sent on June 12, 2013.
- I have not met with or spoken to Gerti Muho since having lunch with him on July 30, 2013, which I summarized that day in an email that day. The last contact that I had with him was receiving an email from him on August 1, 2013.

As part of my role at Fletcher International Partners, Ltd., I may need to contact them in the future.

*[signature]*

Stewart Turner

# Freedman, Terri J.

| | |
|---|---|
| From: | Alphonse Fletcher [af@fam91.com] |
| Sent: | Thursday, January 09, 2014 5:19 PM |
| To: | STurner {STurner} |
| Cc: | Freedman, Terri J.; Martin Jr., Warren J.; SMacGregor {SMacGregor}; FSaunders {FSaunders} |
| Subject: | Fwd: Information needed |
| Attachments: | SAT RF September 2013.pdf; ATT5874216.htm; Changes and disclosure.pdf; ATT5874217.htm |
| Follow Up Flag: | Follow up |
| Flag Status: | Completed |

Thanks. Stewart, I confirm that you we have an agreement in which you are compensated by the Soundview/Richcourt funds for your services and that the attached agreements were intended to describe that relationship. I can also confirm that your proposed changes appear consistent with the parties' intentions. I believe that the portion of your compensation related to the Soundview Debtors should be included in the application subject to Warren's and Terri's review.


Begin forwarded message:

**From:** "SAT {STurner}" <sturner@fletcher.com>
**Subject: RE: Information needed**
**Date:** January 9, 2014 1:42:47 PM PST
**To:** "AF {AFletcher}" <afletcher@fletcher.com>
**Cc:** "FES {FSaunders}" <fsaunders@fletcher.com>


Hi Buddy,

As we just discussed, I am attaching a copy of the contract that RF had proposed back on September 18 and the changes I had proposed back on the night of September 19. Of course, with the Chapter 11 filing on September 24, the written contract was not finalized, although we have had an oral understanding that I was working on behalf of the Richcourt Funds (including Soundview) as outlined in the first paragraph related to "among other things recovery of value for the funds from assets in insolvency proceedings".

Can we please implement my proposed changes and confirm that we are in complete agreement so that this can be forwarded to Terri Freedman at Porzio? I also discussed this earlier today with Warren along with the proposed strategy for Tuesday and looking to get MBTARF to object to the Plan proposed by the Trustee.

Thanks,
Stewart

**From:** AF {AFletcher} [mailto:afletcher@fletcher.com]
**Sent:** Wednesday, January 08, 2014 5:03 PM
**To:** Terri J. Freedman
**Cc:** SDM {SMacGregor}; SMacGregor {SMacGregor}; Martin Jr., Warren J.; FSaunders {FSaunders}; GLadner GLadner; SAT {STurner}
**Subject:** Re: Information needed

1